**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| H. JONATHAN FRANK, MORGAN FRANK, and FRANK FAMILY 1996 TRUST, | : : : | DOCKET NO.: 3:03CV01014(JBA) |
| Plaintiffs, | : : | |
| v. | : : |  |
| ARTHUR LOVETERE, CECIL URSPRUNG. LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND, PETER EIO (individually and in their capacity as members of the Board of Directors of Reflexite Corporation) and REFLEXITE CORPORATION, | : : : : : : : : | |
| Defendants. | : : | October 28, 2003 |

**REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER STAYING INTERIM DISCOVERY PENDING DETERMINATION OF PLAINTIFFS' STANDING**

Defendants Arthur LoVetere, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay and Peter Eio (the "Outside Directors") hereby file this Reply in response to the Opposition to Defendants' Motion for Protective Order Staying Interim Discovery Pending Motion to Dismiss filed by the plaintiffs on October 22, 2003. The defendants have consistently asserted that discovery should be stayed until after the Court has considered motions to dismiss.[1] The defendants' Motion for Protective Order should be granted.

---

[1] See 26(f) Report at V.F.2.

the Special Litigation Committee determined in good faith after conducting a reasonable inquiry that it would not be in the best interest of the Corporation to pursue the claim, and the derivative claim therefore must be dismissed pursuant to Conn. Gen. Stat. § 33-724(a).[3]

The Outside Directors will move to dismiss count two, labeled in the complaint as a direct breach of fiduciary duty claim, on the following grounds: (1) it is barred, in whole or in part, by the applicable statute of limitations; (2) some or all of the named plaintiffs lack standing to bring a fiduciary duty claim; (3) the complaint fails to set forth any legal basis for an award of injunctive relief; (4) the complaint fails to allege a claim of breach of fiduciary duty upon which relief may be granted because there is no right to "equal opportunity for liquidity" and the Outside Directors' actions were protected by the business judgment rule. To the extent that count two sets forth a derivative claim, the Outside Directors will move to dismiss that claim on the same grounds applied to count one.

The Outside Directors will move to dismiss count four, the tortious interference with contractual relations claim, on the

---

[3] "A derivative proceeding shall be dismissed by the court on motion by the corporation if [an appropriate committee] has determined in good faith after conducting a reasonable inquiry upon which its conclusions are based that the maintenance of the derivative proceeding is not in the best interests of the corporation." Conn. Gen. Stat. § 33-724(a) (2003) (emphasis added).

-3-

ground that it is barred, in whole or in part, by the applicable statute of limitations.

The Outside Directors will move to dismiss count five, the demand for accounting, on the ground that no assets of Reflexite were wrongfully diverted or misused, and accordingly there is no basis for an accounting to be ordered.[4]

## II. The Plaintiffs Are Not Entitled to Discovery at This Stage on the Derivative Claim, or on the Other Claims in the Complaint.

The complaint is completely devoid of merit, and the court should not permit the plaintiffs to use this frivolous suit to put the defendants to the expense and inconvenience of discovery even before the complaint has been tested by a motion to dismiss. As noted above, the Outside Directors plan to move to dismiss all of the claims that are directed against them.

The Second Circuit has held that in a securities fraud case, it is appropriate for the court to resolve questions concerning the statute of limitations at the motion to dismiss stage - as a matter of law, based solely on the pleadings, and with no need for discovery or fact-finding. See Dodds v. Cigna Securities, Inc., 12 F.3d 346, 352 n.3 (2d Cir. 1993). Likewise, standing is a threshold matter to be addressed at the earliest possible stage

---

[4] The Outside Directors are not named as defendants to count three, the breach of contract claim, and so will not file a motion to dismiss that claim. However, it is counsel's understanding that defendant Rowland, who is the only party named in that count, will move to dismiss count three.

-4-

of litigation. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 803 (1985) ("As a threshold matter we must determine whether petitioner has standing[.]"); Valley Forge Christian College v. Americans Utd. for Separation of Church and State, Inc., 454 U.S. 464, 490 (1982) (Brennan, J., dissenting) ("A plaintiff's standing is a jurisdictional matter for Art. III courts, and thus a threshold question to be resolved before turning attention to more substantive issues.").

Resolution of the standing and statute of limitations issues will dispose of most of the claims in the complaint. The remaining claims are insufficient as a matter of law; no discovery is required. The plaintiffs - two of whom are not even alleged to own stock in Reflexite - should not be permitted to put the defendants to the expense, burden and inconvenience of discovery on claims that are time-barred and frivolous.

**III. The Defendants' Motions To Dismiss Are Likely To Succeed.**

As the defendants will argue in their motion to dismiss, the complaint should be dismissed, in its entirety, as against the Outside Directors.

The complaint makes many allegations, but it is clear that the focus of the Franks' ire is a transaction that took place in 1998 - the buyback of a substantial number of shares from the Rowland family. All of the claims made against the Outside Directors are subject to a three-year statute of limitations.

-5-

all other holders of shares of the same class").

The plaintiffs' conclusory allegations are insufficient to withstand a 12(b) motion. "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citations omitted).

For the reasons set forth above, this court should grant the defendants' Motion for Protective Order, and postpone discovery until after the motions to dismiss are decided.

        DEFENDANTS
        ARTHUR LOVETERE, LOUIS J. BACCEI,
        WORTH LOOMIS, THEODORE PATLOVICH,
        STEPHEN J. RAFFAY and PETER EIO

By: _____
    James T. Cowdery (ct05103)
    Cowdery, Ecker & Murphy, L.L.C.
    750 Main Street
    Hartford, CT   06103
    Tele.: (860) 278-5555
    Fax.:  (860) 249-0012
    E-mail: jcowdery@cemlaw.com

## CERTIFICATION

    THIS IS TO CERTIFY that a copy of the foregoing Reply was sent on October 28, 2003, via U.S. Mail, first-class, postage pre-paid and by facsimile to all counsel of record as follows:

Michael Considine, Esq.
Patricia M. Canavan, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT   06901

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter, LLP
599 Lexington Avenue
New York, NY   10022

Edward F. Spinella, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT   06103

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT   06601-7006

Craig A. Raabe, Esq.
Jason M. Kuselias, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT   06103-3597

                                          James T. Cowdery