

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JONATHAN FRANK, MORGAN FRANK AND FRANK FAMILY 1996 TRUST (on behalf of themselves and REFLEXITE CORPORATION) | CASE NUMBER: 3:03CV1014 (JBA) |
| Plaintiffs | |
| V. | |
| ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND, PETER EIO (individually and in their capacity as members of the Board of Directors of Reflexite Corporation) and REFLEXITE CORPORATION | |
| Defendants | OCTOBER 28, 2003 |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFEND ITS
MOTION FOR PROTECTIVE ORDER STAYING INTERIM
DISCOVERY PENDING MOTION TO DISMISS**

Defendant William P. Rowland has reviewed defendants Arthur Lovetere, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, and Peter Eio's Reply to Opposition to Motion for Protective Order Staying Interim Discovery Pending Determination

of Plaintiffs' Standing and respectfully joins in same.[1] As set forth in said reply, the combined motions to dismiss filed by all defendants will address all claims raised in the complaint. In addition to the reasons set forth by the other defendants for challenging Counts One and Two of the Complaint, Defendant Rowland will challenge Count Two and Count Five of the Complaint on the grounds that said counts are nothing more than Plaintiffs' derivative claim labeled as a direct action. Specifically, Count One of the Complaint purports to assert a derivative claim on behalf of Reflexite Corporation alleging that defendants breached the fiduciary duties owed to *all* shareholders by virtue of certain alleged wrongful conduct, causing harm to *all* shareholders. If successful, Reflexite as a corporation will benefit by recovering the requested compensatory damages. (Compl. at ¶ 71.) Count Two of the Complaint, labeled "Direct Claim," incorporates the same wrongful conduct alleged in Count One on behalf of Reflexite, and then asserts that "in addition to the fiduciary duties owed to Reflexite, the Defendants also owed fiduciary duties to the Franks who are, and at all relevant times, have been shareholders of Reflexite." (Compl. at ¶ 74.) Thus, the same wrongful conduct alleged in Count One is also alleged in Count Two to be "designed to benefit members of the board and other employees at the expense of outside shareholders,

---

[1] The Court has scheduled a telephonic prefiling conference for October 30, 2003 at 3:00 p.m. to address the filing of Defendants' anticipated motions to dismiss.

2

such as the Franks." (Compl. at ¶ 75.) The only purported difference is that the Franks seek damages *for the corporation* in Count One (Compl. at ¶¶ 68, 71), but *individual damages* in Count Two. (Compl. at ¶ 80.)

As will be more fully set forth in the anticipated motions to dismiss, a derivative proceeding is an action brought by a shareholder on behalf of the corporation to redress harm to the corporation. The corporation is the real party in interest with a stockholder as a nominal plaintiff representing the corporation. Barrett v. S. Conn. Gas Co., 172 Conn. 362, 370 (1977). As such, a shareholder may only bring an action in his individual capacity against a corporation if the loss complained of is "separate and distinct from that of the corporation or from that of other shareholders." Yanow v. Teal Industries, 178 Conn. 262, 282 (1979). If a plaintiff does not qualify as a fair and adequate representative of the remaining shareholders who are similarly situated, the plaintiff lacks standing and the case must be dismissed. Barrett, 172 Conn. at 372-73; Fed. R. Civ. P. 23.1. As set forth in Reflexite's motion for a protective order, the Plaintiffs do not claim that they are unique or special duties are owed to them as shareholders (that was not owed to all shareholders) resulting in a harm which is different to that owed to the corporation. Without such allegations, Count Two amounts to nothing more than a derivative claim subject to the same basis for dismissal as in Count One.

3

Similarly, the accounting claim in Count Five also relies on the same "wrongful conduct" and alleges that defendants "wrongfully diverted and misused corporate assets and resources utilized in furtherance of the actions described." Thus, although labeled as a separate cause of action for an accounting, this count also is a purported derivative claim and similarly cannot be maintained as a separate count. For reasons that will more fully be addressed in the motions to dismiss, Plaintiffs are not fair and adequate representatives of the corporation shareholders and, therefore, do not have standing to bring the derivative action.

Defendant Rowland will also challenge Plaintiffs breach of contract claim against him individually as set forth in Count Three. The breach of contract claim is premised on a January 5, 1979 agreement and a subsequent shareholders agreement, both of which are referred to in the complaint and to which reference may be made for purposes of Fed. R. Civ. P. 12(b)(6). Defendant Rowland will argue that no breach occurred under the respective agreements based on the allegations set forth in the Complaint.

Jeffrey Simes, Esq.
Goodwin Proctor
599 Lexington Avenue
New York, NY 10022

_____
James T. Shearin, Esq.
Sheila A. Denton, Esq.

BPRT/68721.1/SXD/496007v1

7