65.     For example, on April 24, 2003, the SLC spent approximately thirty minutes speaking with Jon Frank, of which only about twenty minutes pertained to the allegations of wrongdoing in the Demand Letter and other materials the Franks provided to the SLC.

66.     Upon information and belief, the SLC failed to or refused to interview other individuals with relevant knowledge of the matters raised in the Demand Letter. For example, upon information and belief, the SLC failed to interview Dave MacDonald and Peter Smith, even though Jon Frank identified them as potentially having knowledge about improper transactions by the Board.

67.     The SLC also improperly truncated its review and failed to focus on all of the issues pertaining to the wrongdoing of the Board. For example, during the April 24, 2003 telephonic interview with Jon Frank, Mr. Frank stated that he believed that other sales of shares by insiders had been occurring but that Reflexite refused to provide him information about it.

68.     Upon information and belief, the SLC was not independent. For example, during the SLC interview with Mr. Frank, Defendant Baccei was present on the telephone call. Mr. Baccei is alleged to have been involved in the Board's actions described above and therefore is not independent.

69.     Because the Defendants have wrongfully refused to produce the report of the SLC or provide any information concerning its membership or processes, Plaintiffs have been denied the opportunity to fully analyze the make-up and organization of the SLC.

70.     Upon information and belief, the SLC did not perform a careful review, but acted under the foregone conclusion that it would bless the conduct of Reflexite and its Board regardless of what information it uncovered. On information and belief, the SLC was not independent, disinterested or diligent in its investigation.

71. Thus, as set forth above, the Board has effectively ignored and/or sidestepped the Demand Letter and its duties to respond to such a demand.

## FIRST CAUSE OF ACTION
(Breach of Fiduciary Duties – Derivative Claim)
(Against the Individual Defendants)

72. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

73. Individual Defendants Arthur LoVetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio owed and continue to owe Reflexite a duty of undivided loyalty and a duty of reasonable care.

74. Individual Defendants Arthur LoVetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio have breached their fiduciary duties to Reflexite by, among other things, pursuing practices and policies of:

   a) engaging in, permitting or authorizing a continuing course of self-interested transactions in which the Individual Defendants sold significant quantities of shares at Reflexite's expense;

   b) causing Reflexite to incur debt and other financial risk to benefit the Individual Directors and to finance their sale of shares;

   c) failing to provide adequate disclosures to shareholders concerning the true extent of the Individual Defendants' self-interested transactions and the cost of such transactions to Reflexite;

   d) failing to inform or include all shareholders in repurchases of Reflexite stock;

   e) failing to inform shareholders of policies concerning Individual Defendants' trades in Reflexite stock, including a policy by which the Individual Defendants received put options on their grants of Reflexite stock, permitting them to require Reflexite to buy such shares from them;

   f) failing to provide information requested by shareholders concerning Reflexite and its financial condition;

-17-

g) arranging for the purchase of shares of Reflexite stock by certain Individual Defendants at discounted prices at the expense of Reflexite and without adequate disclosures to shareholders;

h) engaging in waste by diverting company resources to the personal benefit of certain Individual Defendants with no legitimate business justification;

i) assisting other Individual Defendants engage in self-interested transactions by helping to obtain the necessary consents and other actions;

j) shifting the risk of share ownership onto shareholders other than the Individual Defendants and thus improperly reducing the incentive of the Individual Defendants to act in the interests of shareholders; and,

k) failing to make an adequate and disinterested investigation of the wrongdoing discussed in the Demand Letter.

75. The actions of the Individual Defendants discussed above were performed not in the best interest of Reflexite and its shareholders, but rather to further the personal agendas and interests of the members of the Board.

76. The Franks made a formal demand on the Board and Reflexite that these breaches be investigated and cured, in a letter dated February 10, 2003. In the alternative, the Franks allege that demand was futile because Reflexite and the Board were controlled by self-interested members of the Board of Directors.

77. The Board and Reflexite purported to form a Special Litigation Committee to investigate the allegations of the Demand Letter, but, on information and belief, the Special Litigation Committee did not act in an independent, disinterested and diligent manner.

78. Reflexite has been irreparably harmed and continues to be irreparably harmed by the Board's self-interested transaction and diversion of Reflexite's assets and resources to benefit themselves and other insiders.

79. All assets and corporate resources diverted directly or indirectly to the Individual Defendants' own account are the exclusive property of Reflexite. Upon information and belief, Individual Defendants Arthur LoVetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio have wrongfully diverted and/or retained such property. The Individual Defendants do not have any right to the continued possession, control, or use of such property.

80. In reviewing and approving the challenged transactions described herein, the Individual Defendants, acting in concert, violated their fiduciary duties of loyalty and care to Reflexite and to the shareholders and put their personal interests and those of other Board members above the interests of Reflexite's shareholders.

81. As a direct and proximate result of such wrongful conduct, Reflexite has suffered injury to an extent that any remedy at law for damages it may have would be inadequate.

82. Reflexite is thus entitled to injunctive relief requiring that Individual Defendants Arthur LoVetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio:

   a) reimburse Reflexite for all sums expended in furtherance of the personal interests of Board members and other insiders and/or disgorge any profits from self-interested transactions; and

   b) refrain from engaging in such conduct or diverting the resources of Reflexite in such a manner in the future.

83. In the alternative, as a direct and proximate result of the breaches by Individual Defendants Arthur LoVetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio of their respective fiduciary duties to Reflexite, Reflexite has suffered damages.

84. Reflexite is thus entitled to recover compensatory damages in an amount to be determined at the trial of this action and is also entitled to recover punitive damages by reason of the willful and intentional conduct engaged in by Individual Defendants Arthur LoVetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio as alleged herein.

### SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties – Direct Claim)
(Against All Defendants)

85. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

86. In addition to the fiduciary duties owed to Reflexite, the Defendants also owed fiduciary duties to the Franks, who are, and at all relevant times have been, shareholders of Reflexite.

87. The Defendants' actions set forth above were performed in violation of the Defendants' fiduciary duties to the Franks.

88. The Defendants have acted oppressively and with malice towards the Franks, as evidenced, for example, by Defendants Ursprung's actions towards the Franks and his statements that he would never permit the Franks to sell their shares.

89. The actions of the Defendants, as described herein, constitute acts of misconduct of the Board of Directors vis-à-vis the Franks, designed to oppress the Franks and deny them their rights as shareholders. These acts include, *inter alia*

 a)   establishing improper and unfair double standards by which the Individual Defendants were permitted to sell shares of Reflexite stock and realize the economic benefits of share ownership while denying comparable opportunities to the Franks;

b) acting with malice and oppression towards the Franks in refusing to provide them with information and refusing to treat them in a fair manner;

c) unjustifiably interfering with the rights of the Franks as shareholders by singling them out to be denied information about and opportunities to participate in liquidity events that were made available to other shareholders;

d) denying the Franks access to information concerning their shareholdings in Reflexite and their concerns about the self-interested transactions discussed herein;

e) denying the Franks access to the books and records of Reflexite;

f) assisting other Individual Defendants to engage in oppression of the Franks; and,

g) refusing or failing to perform an adequate investigation of the wrongdoing alleged by the Franks.

90. The Franks have been irreparably harmed and continue to be irreparably harmed by the Defendants' mistreatment and oppression of the Franks.

91. As a direct and proximate result of such wrongful conduct, the Franks have suffered injury to an extent that any remedy at law for damages they may have would be inadequate.

92. The Franks are thus entitled to injunctive relief requiring that Defendants refrain from engaging in such conduct and/or injuring or restricting the rights of the Franks as shareholders or the value of the Franks' shareholdings of Reflexite stock in such a manner in the future.

93. In the alternative, as a direct and proximate result of the breaches by Defendants of their respective fiduciary duties the Franks, the Franks have suffered damages.

94. The Franks are thus entitled to recover compensatory damages in an amount to be determined at the trial of this action and are also entitled to recover punitive damages by reason of the willful and intentional conduct engaged in by Defendants as alleged herein.

### **THIRD CAUSE OF ACTION**
(Breach of Contract)
(Against Defendant William Rowland)

95. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

96. Jon Frank's initial investment in Reflexite was induced by, among other things, an agreement by William Rowland and others to make "all efforts that are reasonable" to permit the Franks to sell their shares should Rowland sell his. This agreement was memorialized in the January 5, 1979 Agreement and the Shareholders Agreement, which are valid contracts supported by adequate consideration.

97. Jon Frank and the Franks performed their obligations under the January 5, 1979 Agreement and the Shareholders Agreement by, among other things, investing in Reflexite and purchasing shares of Reflexite stock.

98. Upon information and belief, William Rowland breached the January 5, 1979 Agreement and the Shareholders Agreement by failing to make all reasonable efforts to obtain comparable opportunities for Jon Frank and the Franks to sell their shares of Reflexite stock.

99. William Rowland's failure to perform under the January 5, 1979 Agreement and the Shareholders Agreement was without justification.

100. As a direct and proximate result of the breaches by William Rowland of the January 5, 1979 Agreement and the Shareholders Agreement, the Franks have suffered damages.

101. The Franks are thus entitled to recover compensatory damages in an amount to be determined at the trial of this action.

## FOURTH CAUSE OF ACTION
(Promissory Estoppel)
(Against Defendant William Rowland)

102. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

103. Jon Frank's initial investment in Reflexite was induced by, among other things, the assurances of William Rowland and others that they would take appropriate steps to permit the Franks to sell their shares should Rowland sell his.

104. Jon Frank relied on these promises by Defendant Rowland in purchasing shares of Reflexite stock.

105. Mr. Frank's reliance was to his detriment, as Defendant Rowland failed to make good on his promises to make efforts to obtain comparable opportunities for Jon Frank and the Franks to sell their shares of Reflexite stock.

106. As a direct and proximate result of William Rowland's conduct, the Franks have suffered damages.

107. The Franks are thus entitled to recover compensatory damages in an amount to be determined at the trial of this action.

## FIFTH CAUSE OF ACTION
(Tortious Interference with Contractual Relations)
(Against All Defendants except William Rowland)

108. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

109. Upon information and belief, the other Defendants were aware of the contractual relationship between Defendant William Rowland (and others) and the Plaintiffs, including in the January 5, 1979 Agreement and the Shareholders Agreement.

110. Upon information and belief, the Defendants intentionally acted to as to deprive the Franks of their contractual benefits and to induce the breach of the January 5, 1979 Agreement, the Shareholders Agreement and other contractual relationships between the Franks and William Rowland and others.

111. Upon information and belief, the Defendants acted with malice and without justification in interfering with the Franks' contractual rights.

112. As a direct and proximate result of the tortious interference of the Defendants with the Franks' contractual relationships, the Franks have suffered damages.

113. The Franks are thus entitled to recover compensatory damages in an amount to be determined at the trial of this action and are also entitled to recover punitive damages by reason of the willful and intentional conduct engaged in by Defendants as alleged herein.

## **SIXTH CAUSE OF ACTION**
(Accounting)
(Against All Defendants)

114. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs with the same force and effect as if hereinafter fully set forth at length.

115. Plaintiffs are entitled to an accounting from the Defendants concerning all wrongfully diverted and misused corporate assets and resources utilized in furtherance of the actions described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs, and against the Defendants, on each of the Counts herein as follows:

a) finding that Individual Defendants Arthur LoVetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio breached their fiduciary duties to Reflexite;

b) finding that Defendants breached their fiduciary duties to the Franks;

c) finding that Defendant William Rowland breached his contractual obligations under the January 5, 1979 Agreement and Shareholder Agreement with the Franks and/or that the doctrine of promissory estoppel applies;

d) finding that Defendants (other than William Rowland) tortiously interfered with the Franks' contractual relations with William Rowland and other shareholders;

e) granting injunctive relief requiring that the Individual Defendants return Reflexite's diverted and misused property and resources, disgorge any benefits received thereby, and refrain from engaging in further acts intended to injure the value of the Franks' shareholdings in Reflexite or using Reflexite's assets or resources;

f) awarding compensatory and punitive damages against Defendants in amounts to be determined at the trial of this action;

g) requiring the Individual Defendants to reimburse Reflexite for all sums expended by Reflexite as a result of their wrongful conduct;

h) requiring the Defendants to account to the Franks and Reflexite concerning all wrongfully diverted and misused corporate assets and resources;

i) granting pre-judgment interest from the date of the wrongs to the date of the judgment herein;

j) awarding Plaintiffs' attorneys' fees and costs; and

m) granting such other and further relief as this Court deems just and proper.

        PLAINTIFFS H. JONATHAN FRANK and
        FRANK FAMILY 1996 TRUST (on behalf of
        themselves and REFLEXITE CORPORATION)


By:_____
   Richard A. Strassberg (ct24905)
   Jeffrey A. Simes (ct24906)
   GOODWIN PROCTER LLP
   599 Lexington Avenue
   New York, New York 10022
   (212) 813-8800 (phone)
   (212) 355-3333 (fax)

   -and-

   Michael G. Considine (ct16023)
   Terence J. Gallagher (ct22415)
   DAY, BERRY & HOWARD LLP
   One Canterbury Green
   Stamford, CT  06901
   (203) 977-7300 (phone)
   (203) 977-7301 (fax)

   Their Attorneys

# **CERTIFICATION**

      This is to certify that a copy of the foregoing was sent via overnight courier, postage prepaid, this 7th day of November, 2003, to:

      James T. Cowdery, Esq.
      Cowdery, Ecker & Murphy, L.L.C.
      750 Main Street
      Hartford, CT 06103-2703
      (860) 278-5555

      Edward F. Spinella, Esq.
      Reid and Riege, P.C.
      One Financial Plaza
      Hartford, CT 06103
      (860) 240-1045

      James T. Shearin, Esq.
      Pullman & Comley, LLC
      850 Main Street, P.O. Box 7006
      Bridgeport, CT 06601-7006
      Phone:  (203) 330-2000

      Craig A. Raabe, Esq.
      Jason M. Kuselias, Esq.
      Robinson & Cole LLP
      280 Trumbull Street
      Hartford, CT 06103-3597
      (860) 275-8299

      _____
      Terence J. Gallagher