UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JONATHAN FRANK, and FRANK FAMILY 1996 TRUST (on behalf of themselves and REFLEXITE CORPORATION) | CIVIL ACTION NO.: 3:03cv1014 (JBA) |
| Plaintiffs | |
| V. | |
| ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND, PETER EIO (individually and in their capacity as members of the Board of Directors of Reflexite Corporation) and REFLEXITE CORPORATION | |
| Defendants | NOVEMBER 26, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF
REFLEXITE'S MOTION TO DISMISS**

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 10, 2003 the Frank Family 1996 Trust and H. Jonathan Frank (collectively, the "Franks" or "Plaintiffs")[1] issued a demand pursuant to Conn. Gen. Stat. § 33-722 ("Demand"), alleging that the Reflexite Corporation ("Reflexite" or the "Corporation") had engaged in self-dealing transactions in redeeming shares of its directors and other insiders while unlawfully denying the Franks similar opportunities to obtain liquidity for their shares. In

---

[1] As set forth herein, Reflexite challenges the standing of H. Jonathan Frank to maintain any cause of action against the Corporation as he is not a shareholder. However, for the overall purposes of this motion to dismiss and the additional grounds upon which it is based, the collective use of the "Franks" or "Plaintiffs" is employed for simplicity.

response to the Demand, the Corporation formed a special litigation committee ("SLC") that retained well-respected, independent, outside counsel to advise it concerning its responsibilities and assist it in carrying out its duties with respect to the Demand. Following a detailed and expensive investigation in accordance with Connecticut statutes, the SLC recommended, and the Board of Directors of the Corporation subsequently resolved, that the Demand should be rejected and that litigation was not in the best interest of the Corporation. Dissatisfied with the decision, Plaintiffs brought the instant derivative action and related claims against eight individual board members and the Corporation, purportedly on behalf of the Corporation.

The Corporation requested permission to file a motion to dismiss. Following a pre-filing conference with the Court, on or about November 7, 2003, the Frank's filed an amended complaint (hereinafter "Amended Complaint"). The Amended Complaint sets forth a detailed history of H. Jonathan Frank's involvement with Reflexite and his claims of unfair treatment. The Amended Complaint contains the following six counts: Count One, which is brought as a derivative action on behalf of Reflexite, alleging that the defendants breached their fiduciary duties to Plaintiffs and to Reflexite; Count Two, styled as a "direct action," alleging, like Count One, that the defendants breached their fiduciary duties to Plaintiffs; Count Three, alleging that defendant William P. Rowland breached a contract with Plaintiffs; Count Four, claiming promissory estoppel against defendant Rowland; Count Five alleging that the defendants tortiously interfered with Plaintiffs' contractual expectations; and Count Six, demanding, as purported shareholders, an accounting of Reflexite assets. The Amended Complaint seeks compensatory and punitive damages for and from Reflexite, as well as injunctive relief.

## II. SUMMARY OF GROUNDS FOR DISMISSAL

Pursuant to the scheduling order of the court, Reflexite now moves that the causes of action asserted against it by the Franks be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and under applicable statutes of limitations.[2]

All counts on behalf of H. Jonathan Frank should be dismissed under Rule 12(b)(1). Mr. Frank is not a Reflexite shareholder and thus, lacks standing to assert any of the claims in the Amended Complaint.

Count One, alleging a derivative claim, should be dismissed under Rule 12(b)(1) because the Franks are not proper derivative plaintiffs and, therefore, lack standing to maintain the derivative action. The Franks claims stem from a personal dispute with Reflexite's Board of Directors. Because of their personalized motives and interests, under well-established case law, they are not proper derivative plaintiffs.

Count Two should also be dismissed under Rule 12(b)(1) because, although labeled a "direct claim," it is nothing more than the same derivative claim as in Count One and thus, should be dismissed on the same grounds, namely, that the Franks are not proper derivative plaintiffs. Count Two can alternatively be dismissed pursuant to 12(b)(6) because the factual allegations do not support a cognizable cause of action for breach of fiduciary duty. Contrary to the Plaintiffs' claims, Reflexite was not required to provide all shareholders with an equal opportunity for liquidity and Reflexite's conduct is protected by the business judgment rule.

---

[2] During a telephonic conference on October 30, 2003, the court bifurcated the issues that the defendants raised in support of dismissal. As set forth in the Court's subsequent order, the issues of statue of limitations, 12(b)(1) and 12(b)(6) as grounds for dismissal are addressed in this motion and memorandum. As further set forth in the Court's order, the grounds for dismissal under Connecticut General Statutes will be addressed, if necessary, at a hearing following limited discovery concerning the SLC.

Finally, Count Two should be dismissed to the extent that it demands injunctive relief because Plaintiffs have an adequate remedy at law.

Count Five, asserting a cause of action for tortious interference with contract, is barred by the applicable statutes of limitations and should be dismissed.

Count Six, seeking an accounting from Reflexite, should be dismissed because the Franks lack standing and thus, have no right to such information. Further, there is not a sufficient claim alleged which warrants such relief.

### III.  ARGUMENT

#### A.  Legal Standard.

The standard for dismissal of a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6) is well established.[3] The Court must, of course, "accept as true all factual allegations in the complaint[.]" Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (internal quotation marks and citations omitted). The complaint must give the defendant "fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citations omitted).

---

[3] "[T]he standards for dismissal under 12(b)(6) and 12(b)(1) are substantively identical." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003).

In the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case, and thus, a dismissal of the action under Rule 12(b)(1) is appropriate. See Sadloski v. Manchester, 235 Conn. 637, 650 (1995). Moreover, where a complaint is "devoid of any specific facts or circumstances supporting [an] assertion," the complaint should be dismissed for failure to state a claim because "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996) (internal quotation marks and citation omitted) (emphasis in original).

As set forth herein, the Plaintiffs lack standing to maintain the action and thus, dismissal under Rule 12(b)(1) is appropriate. Furthermore, the allegations do not support a cause of action and thus, dismissal is also proper under Rule 12(b)(6).

**B.    All Counts On Behalf Of H. Jonathan Frank Should Be Dismissed Because He Is Not A Shareholder And Thus Lacks Standing.**

Plaintiff H. Jonathan Frank is not a proper party to this action and thus, all of the claims should be dismissed. The Amended Complaint does not allege that he is a shareholder in Reflexite, and, accordingly, the defendants do not owe him any fiduciary duty.[4]

Connecticut looks to decisions of the Delaware courts when considering questions of

---

[4] To the extent that the Amended Complaint purports to state a claim for damages suffered by H. Jonathan Frank when he was a shareholder, the statute of limitations bars such claims. Under Connecticut law, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Conn. Gen. Stat. § 52-577 (2003). "All common law tort claims, including claims for . . . breach of fiduciary duty, are subject to a three-year statute of limitations, which runs from the date of the act or omission complained of." In re Colonial Ltd. P'ship Litig., 854 F. Supp. 64, 90 (D. Conn. 1994). See also Levine v. Advest, Inc., 714 A.2d 649, 653, 655 n.9 (Conn. 1998) (noting that the "three year time limitation [of § 52-577] governs" the plaintiff's breach of fiduciary duty claim). H. Jonathan Frank is not alleged to have been a shareholder in Reflexite at any time after 1997, well beyond the three-year limitations period.

corporate law. See, e.g., Ostrowski v. Avery, 243 Conn. 355, 365 (1997); Katz Corp. v. T. H. Canty & Co., Inc., 168 Conn. 201, 208-210 (1974). It is well established under Delaware law that:

> only persons who were stockholders <u>at the time of an alleged wrongdoing</u> have standing to sue corporate directors for breach of fiduciary duty. Indeed, under established Delaware law, a breach of fiduciary duty claim must be based on an <u>actual, existing fiduciary relationship</u> between the plaintiff and the defendants at the time of the alleged breach.

Omnicare, Inc. v. NCS Healthcare, Inc., 809 A.2d 1163, 1169 (Del. Ch. 2002) (emphasis added). "An officer and director occupies a fiduciary relationship to the corporation and its stockholders." Katz Corp., 362 A.2d at 979. A director does not owe a fiduciary duty to a former stockholder or to any other individual who does not actually own stock in the corporation. See id.

Although the Amended Complaint alleges in general terms that "the Franks" are shareholders in Reflexite, "[g]eneral, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint." Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995). The Amended Complaint specifically alleges that H. Jonathan Frank "is a substantial shareholder of the company <u>through a family trust</u>." (Am. Compl. ¶ 1 (emphasis added).) The Amended Complaint further states that in 1997 "Mr. [H. Jonathan] Frank transferred his shareholdings to the Frank Family 1996 Trust." (Am. Compl. ¶ 44.) The Amended Complaint does not allege that H. Jonathan Frank is now, or was at any time after 1997, personally a shareholder in Reflexite.

The Amended Complaint apparently seeks to treat H. Jonathan Frank and the Trust as interchangeable for purposes of standing, alleging that "the Defendants . . . owed fiduciary duties

to the Franks, who are, and at all relevant times have been, shareholders of Reflexite." (Am. Compl. ¶ 86.) Such "collective" treatment is impermissible. "It is axiomatic that a party does not have standing to raise the rights of another." Frillici v. Town of Westport, 823 A.2d 1172, 1182 (Conn. 2003). Instead, in order to have standing, each plaintiff must suffer a cognizable injury "in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 n.1 (1992). Even related persons or entities do not have standing to sue on behalf of one another. See Cardi Materials Corp. v. Conn. Landscaping Bruzzi Corp., 823 A.2d 1271, 1274 (Conn. App. 2003). Thus, each plaintiff has standing to pursue a remedy only for those harms personally suffered.

As a matter of law, H. Jonathan Frank may only pursue fiduciary duty claims against the defendants in his capacity as Trustee, and not on his own behalf. Accordingly, because H. Jonathan Frank has not personally owned Reflexite stock within the three-year limitations period, See Conn. Gen. Stat. § 52-277; In re Colonial Ltd. P'ship., 854 F. Supp. at 90, all counts on his personal behalf should be dismissed. See, e.g., Int'l Rys. of Cent. America v. Utd. Fruit Co., 373 F.2d 408 (2d Cir. 1967) (affirming dismissal of claims to the extent they arose prior to the limitations period); Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

**C.   Count One Should Be Dismissed Because Plaintiffs Lack Standing To Maintain A Derivative Claim.**

Plaintiffs do not have standing to pursue a derivative claim. Plaintiffs are in a personal dispute with Reflexite's board of directors and therefore, under established case-law, they are not

proper derivative plaintiffs to act on behalf of other Reflexite shareholders. Accordingly, Count One should be dismissed.

A shareholder's derivative suit "is an equitable action by the corporation as the real party in interest with a stockholder as a nominal plaintiff representing the corporation." Barrett v. S. Conn. Gas Co., 172 Conn. 362, 370 (1977). The corporation is named as a defendant, and it also has the right to object to and question the capacity of a minority shareholder to bring suit on its behalf. Id. at 370-371. Therefore, in order to have standing to maintain a derivative proceeding under Conn. Gen. Stat. § 33-721, a shareholder must fairly and adequately represent the interests of the corporation. See also Conn. Gen. Stat. § 52-572j. If a plaintiff does not qualify as a fair and adequate representative of the remaining shareholders who are similarly situated, the plaintiff lacks standing and the case must be dismissed. Barrett, 172 Conn. at 372-73; Fed. R. Civ. P. 23.1. "The standard is one of potential abuse . . .", that is, "the nominal plaintiff must be free of any interest which holds the potential of influencing his conduct of the litigation in a manner inconsistent with the interests of [the] []shareholders." Id. at 377 (internal quotation marks and citation omitted).

In Barrett, 172 Conn. 362, the Connecticut Supreme upheld the dismissal of a derivative action on the basis that the individual plaintiff was pursuing a separate claim against the corporation based upon the same issues involved in the derivative action. Id. at 380. The court found it compelling that the plaintiff was purporting to act on behalf of the corporation and its shareholders and at the same time seeking individual damages from the corporation. Id. at 379. "[I]t is clear that the damages [plaintiff] seeks in his individual action will adversely affect the equity interest of the same [] shareholders he purports to represent in this action." Id. The

Barrett court also cited and discussed at length G.A. Enters., Inc. v. Leisure Living Comtys., Inc., 517 F.2d 24 (1st Cir. 1975) (derivative suit may not be part of the arsenal a party may level against the corporation or its directors to satisfy his own personal interests), in support of the rule of law that a court may take into account outside entanglements that might affect the ability of a plaintiff to fairly and adequately represent the other stockholders and the interests of the company. Id. at 375-376. The coupling of individual and derivative claims act as an inherent conflict that prevents a plaintiff from proceeding as a derivative plaintiff. Id.; see also Lavieri v. Aterling Eng. Corp., No. CV 94 065514, 1994 WL 478629 (Conn. Super. Ct., Aug. 25 1994) (holding that plaintiff's individual claims of breach of employment contract coupled with derivative claims presented same inherent conflict as in Barrett) (electronic cases attached hereto as Exhibit A).

In Fink v. Golenbock, 238 Conn. 183, 205 (1996), the Connecticut Supreme Court set forth various factors to consider when interpreting the appropriateness of a plaintiff under Rule 23.1.[5] Id. (citing Larson v. Dumke, 900 F.2d 1363, 1367 (9th Cir.), cert. denied, 498 U.S. 1012 (1990). The eight factors set forth by the court are:

    (1) whether the named plaintiff is the real party in interest;
    (2) the plaintiff's familiarity with the litigation and the willingness to learn about the suit;
    (3) the degree of control exercised by attorneys over the litigation;
    (4) the degree of support given to the plaintiff by the other shareholders;
    (5) the plaintiff's personal commitment to the action;
    (6) the remedies sought by the plaintiff;
    (7) the relative magnitude of the plaintiff's personal interests as compared to the

---

[5] Fed. R. Civ. P. 23.1 provides in pertinent part "[t]he derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." This is the same standard set forth in Barrett and in Conn. Gen. Stat. § 52-572j.

>    plaintiff's interest in the derivative action itself; and
>    (8) the plaintiff's vindictiveness toward the other shareholders.

Id.; see also Goodrich v. Libero, No. 325566, 1997 WL 297128, at * 3 (Conn. Super. Ct., May 27, 1997) (copy attached in Exhibit A). After setting forth the factors, the court noted that they are "nonexclusive and interrelated." Fink, at 205-206. The court also pointed out that "[n]ot all factors will come into play in all cases, and in some cases there may be additional factors for the court to consider." Id. at 206.

In Goodrich, the plaintiff Goodrich, a co-founder of the corporation who served in various capacities including chief operating officer and secretary, alleged that the defendant directors tried to force him out and breached their fiduciary duties by adopting an unsuccessful financial plan for the corporation. Id. at * 1-2. Among the remedies Goodrich sought were repayment to the corporation, invalidation of the financial plan, reinstatement to his former position and enforcement of a personal contract. Id. at * 2.

The defendant moved to dismiss the derivative action on the grounds that Goodrich lacked standing.[6] The court examined the issue of standing in light of the Fink factors. The court noted that while certain of the Fink factors could weigh in favor of allowing Goodrich to represent the corporation, such as familiarity with the suit and personal commitment to the action, others weighed against him, such as the personal nature of the remedies he sought and his apparent hostility toward the defendants. Id. at * 5. The court ultimately held that Goodrich lacked standing to fairly and adequately represent the other shareholders and thus, the court

---

[6] The other plaintiff shareholder, Parker, was the subject of a different motion to dismiss on the grounds that he had served as the attorney for the corporation and was thus not an appropriate plaintiff. As this has no bearing on the issues in this case, the discussion will be limited to the motion to dismiss filed with respect to Goodrich.