the future. This allegation is insufficient. The Amended Complaint fails to allege the "actual and imminent" irreparable harm required for issuance of a permanent injunction. See Id.; see also Scinto v. Sosin, 51 Conn. App. 222, 245 (1998) (citations omitted).

The claim for injunctive relief must fail for an additional reason: the speculative harm that is alleged in the Amended Complaint is not irreparable, but mere "monetary loss" in the form of potentially lower values of the Trust's stock in Reflexite or the Trust's inability to liquidate that stock. Where a plaintiff would have "an adequate remedy at law for money damages should [the defendant commit another wrong] in the future . . . injunctive relief is inappropriate." Charter Comms. Entmt. I, LLC v. Shaw, 163 F. Supp. 2d 121, 126 (D. Conn. 2001). Accordingly, the allegations in Count Two are insufficient to state a claim for injunctive relief against the defendants, and the claim for injunctive relief in Count Two should be dismissed.

### E.     Count Five: Tortious Interference With Contract, Should Be Dismissed.

Count Five of the Amended Complaint alleges that the defendants "intentionally acted [s]o as to deprive the Franks of their contractual benefits and to induce the breach of the January 5, 1979 Agreement, the Shareholders Agreement and other contractual relationships between the Franks and William Rowland and others." Am. Compl. ¶ 110. Under Connecticut law,

> [a] claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct. Unlike other torts in which liability gives rise to actual damages even in the absence of proof of actual loss, it is an essential element of the tort of unlawful interference . . . that the plaintiff suffers actual loss.

Appleton v. Bd. of Educ., 757 A.2d 1059, 1063 (Conn. 2000) (internal quotation marks and citations omitted). "The Connecticut Supreme Court has noted that 'not every act that disturbs a contract . . . is actionable.'" Brown v. Northeast Nuclear Energy Co., 118 F. Supp. 2d 217, 221 (D. Conn. 2000) (quoting Robert S. Weiss & Assocs., Inc. v. Wiederlight, 546 A.2d 216 (Conn. 1988)).

### 1. "Other Contractual Relationships"

The Amended Complaint alleges that the defendants interfered with "other contractual relationships between the Franks and William Rowland and others." (Am. Compl. ¶ 110.) However, the Amended Complaint alleges only that the defendants were aware of a 1979 Agreement and a Stockholders' Agreement; it does not allege that the defendants were aware of any "other contractual relationships." Accordingly, the Amended Complaint fails to state a claim as to the defendants' alleged interference with "other contractual relationships." See Rumbin v. Baez, 727 A.2d 744, 747 (Conn. App. 1999) (affirming dismissal of complaint for tortious interference where complaint failed to allege, inter alia, that defendants knew of the contractual relationship alleged); see also Fed. R. Civ. P. 8 (setting forth notice that must be given in a pleading).

### 2. The 1979 Agreement

To the extent that the claims in Count Five are based upon the 1979 Agreement, this Count should be dismissed to the extent that it is brought by the Trust. Only H. Jonathan Frank is a party to the 1979 Agreement; the Trust was not even created until 17 years after the Agreement was signed. (Copy of 1979 Agreement attached hereto as Exhibit C.) Accordingly, the Court should dismiss this Count as to the Trust.

The 1979 Agreement is a one page, two paragraph, untitled letter to H. Jonathan Frank signed only by William Rowland, Hugh Rowland and Frederick W. Haffenreffer. (Copy attached hereto as Exhibit D.) The Agreement provides:

> In connection with your proposed purchase of Reflexite Corporation stock, we agree to keep you informed about any possible future sale of stock in the company.
>
> Before actually selling stock now owned by us that would result in a transfer of voting control to a third party, we will use all efforts that are reasonable to assure you the opportunity of selling your shares at the same price per share being offered to us.

The only promises contained in the 1979 Agreement relate to the sale or planned sale of stock by William Rowland, Hugh Rowland, or Frederick W. Haffenreffer.

In addition to the fact that the trust did not have standing to bring these claims, these claims of tortious interference with the 1979 Agreement are time-barred. A claim for tortious interference with contract is governed by the three-year statute of limitations set forth in Conn. Gen. Stat. § 52-577. See Collum v. Chapin, 671 A.2d 1329, 1332 (Conn. App. 1996). The original complaint was filed in June, 2003; accordingly, any claims pertaining to events occurring prior to June, 2000, are time-barred.

The Amended Complaint does not allege that any of these men sold or planned to sell stock after June, 2000. The Amended Complaint does not allege any actions by the defendants during the limitations period relating to the sale or planned sale of stock by these men. Indeed, it appears that the only allegations in the Amended Complaint relating to the 1979 Agreement concern events that occurred in 1998. (See Am. Compl. ¶¶ 42, 45.) Specifically, the only sale of shares by any party to the 1979 Agreement alleged in the Amended Complaint is the transaction

that forms the central focus of the Amended Complaint – the alleged $8.1 million buyback by Reflexite of shares owned by William Rowland and his family – which is alleged to have occurred in January 1998, approximately five-and-a-half years before the original complaint was filed and well outside the limitations period. (Am. Compl. ¶ 42.) Any tort claim based upon this transaction is time-barred.

### 3. The Stockholders' Agreement

The allegations that defendants induced a breach of the Shareholders' Agreement are time-barred because the Amended Complaint does not allege that the defendants took any actions after June, 2000 to breach the Stockholders' Agreement. None of the factual allegations in the Amended Complaint relating to events within the limitations period makes any mention of the defendants or any attempt by them to improperly influence the Corporation. (See Am. Compl. ¶¶ 53-55, 45-49.)

In addition, the Amended Complaint does not allege which provisions of the Shareholders' Agreement the defendants interfered with, nor what loss Plaintiffs suffered as a result of interference with the Stockholders' Agreement. The Amended Complaint merely asserts that "[u]pon information and belief the Defendants intentionally acted to deprive the Franks of their contractual benefits and to induce the breach of the [] Shareholders Agreement . . ." (Am. Compl. ¶ 110.) As such, the Amended Complaint fails to provide the defendants with "fair notice of . . . the grounds upon which [this claim] rests," Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8, and must be dismissed.

For the reasons set forth above, all claims in Count Five of the Amended Complaint, alleging Tortious Interference with Contractual Relations, should be dismissed.

### F. Count Six: Demand For Accounting, Is Improper.

Count Six of the Amended Complaint alleges that Plaintiffs "are entitled to an accounting from the Defendants concerning all wrongfully diverted and misused corporate assets and resources utilized in furtherance of the actions described herein." (Am. Compl. ¶ 115.) Reflexite contends that this count should be dismissed for lack of standing as to H. Jonathan Frank, in his individual capacity, because he is not shareholder and is not entitled to any such information from the Corporation. Further as set forth above, the Franks are not proper derivative plaintiffs and thus have no right to an accounting.

Finally, as set forth above, the Amended Complaint fails to state a claim that there has been any wrongful conduct, any "wrongfully diverted or misused corporate assets" or breach of any duty owed to Plaintiffs. For these, reasons, Count Six should be dismissed.

## IV. CONCLUSION

Plaintiffs clearly lack standing and are not proper parties to maintain the derivative claims. Further, the allegations do not support any cause of action against the Corporation. Accordingly, dismissal of Counts One, Two, Five and Six of the Amended Complaint is warranted under 12(b)(1), 12(b)(6) and the applicable statutes of limitations cited infra.

DEFENDANT
REFLEXITE CORPORATION


By_____
Craig A. Raabe – ct 04116
Jason M. Kuselias – ct20293
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
email: jkuselias@rc.com
email: craabe@rc.com
tel. no. (860) 275-8200
fax no. (860) 275-8299

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was sent via facsimile and via first class mail, postage prepaid, on the 26th day of November, 2003, to:

Michael Considine, Esq.
Patricia M. Canavan, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

Richard M. Stassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Edward F. Spinella, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

James T. Cowdery, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703

Jason M. Kusellas