# EXHIBIT B

REFLEXITE CORPORATION

STOCKHOLDERS' AGREEMENT

Amended and Restated
as of January 1, 1986

THIS AGREEMENT is an Amendment and Restatement, as of January 1, 1986, of a Stockholders' Agreement dated July 25, 1978, among Reflexite Corporation, a Connecticut corporation (the "Corporation"), and all the then stockholders of the Corporation, as subsequently ratified by an addendum dated May 18, 1984, and amended by a First Amendment dated June 25, 1985 and by a Second Amendment dated December 9, 1985. The undersigned are the Corporation and all the stockholders of the Corporation (each hereinafter sometimes called a "Stockholder" or collectively the "Stockholders"), who now wish to amend and restate said Stockholders' Agreement as hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual promises and undertakings herein contained, it is mutually agreed by and among the parties hereto as follows:

1. Restrictions on Transfer of Shares; Exceptions.

None of the Stockholders shall sell, assign, transfer, pledge, encumber or otherwise dispose of all or any shares of stock of the Corporation, except in the case of a transfer

of such shares to the Corporation itself, without first obtaining the prior written consent of each of the other Stockholders then owning, or having options to acquire, at least five percent (5%) of the outstanding shares of stock of the Corporation (provided such optionee then owns stock in the Corporation), or in accordance with the provisions hereof; except that the foregoing restrictions on transfer shall not apply to:

(a) in the case of an individual Stockholder, a transfer by will duly admitted to probate or by the laws of descent and distribution;

(b) any transfer by a Stockholder of any such shares to a retirement trust established by the Corporation for the benefit of its employees;

(c) any transfer by a Stockholder of any such shares to any person (i) who is then an employee of the Corporation with at least six (6) months service and (ii) who does not own shares, and/or options to acquire shares, equal to five percent (5%) or more of the outstanding shares of stock of the Corporation; or

(d) any transfer by certain of the Stockholders of shares to Cecil Ursprung, James R. Seely, Charles E. Woodard, and John T. Burke pursuant to option agreements heretofore entered into with each of the foregoing persons; provided that in the case of transfers described in (a),

(c) and (d) above, any such transferee agrees to be bound by the terms of this Agreement in accordance with Paragraph 10 hereof.

 2. <u>Offer of Shares for Sale to the Corporation</u>.

If a Stockholder desires to sell or otherwise dispose of all or any portion of his shares in the Corporation and shall have received a bona fide written offer to purchase all such shares which such Stockholder is willing to accept, then such Stockholder shall thereupon offer in writing for sale to the Corporation all such shares at the same price and upon the same terms and conditions as are contained in such bona fide offer, copies of which shall be given to the Corporation and to the other Stockholders. If within ten (10) days after the receipt of such written offer it shall not have been accepted in writing in full by the Corporation, each of the other Stockholders then owning, or having options to acquire, at least five percent (5%) of the outstanding shares of stock of the Corporation shall then be offered in writing the right to purchase his proportionate share, based on the number of shares then owned by each such Stockholder, of the remaining offered shares (including shares of any such Stockholder declining to purchase his proportionate share) on the same terms and conditions. If within ten (10) days after the receipt of such written notice, such other Stockholders shall not have accepted in writing such offer to purchase the remaining offered

shares in accordance with the provisions hereof, the Stockholder desiring to sell or otherwise dispose of all or such portion of his or its shares as shall have been offered to the Corporation and to such other Stockholders hereunder, shall thereafter be free for a period of thirty (30) days to do so without regard to the acceptance of an offer hereunder to purchase a part of such shares provided, however, that no such sale or disposition shall be made at a price less than that or on the terms more favorable than those at which such shares were offered to the Corporation and to the other Stockholders in accordance with the provisions hereof.

3. <u>Closing of Sale</u>.

In the event of the purchase by the Corporation or any of the Stockholders of shares of stock in the Corporation pursuant to the provisions of this agreement the following provisions shall apply:

(a) The purchaser or purchasers shall have the right to specify the time and place of closing by written notice to the selling Stockholder provided, however, that the closing shall be with respect to all the shares being purchased by the Corporation or the Stockholders, and shall be held at the office of the Corporation on a date not more than

-4-

thirty (30) days subsequent to the acceptance in writing of the offer to sell the shares of stock in the Corporation in accordance with the provisions hereof.

(b) At the closing the certificates representing the shares being sold shall be delivered to the purchaser or purchasers, duly endorsed in blank or accompanied by an appropriate transfer instrument endorsed in blank and with all necessary stock transfer tax stamps affixed. In the case of a sale by the estate of a deceased Stockholder there shall also be delivered at the closing a certificate evidencing the appointment of the legal representative of the estate together with an appropriate estate tax waiver.

(c) There shall be delivered to the Corporation at the closing the resignation as director of the Corporation of each director who is a Stockholder of the Corporation and all of whose stock is being sold hereunder.

4. <u>Payment of Purchase Price.</u>

The purchase price for all shares of stock of a Stockholder purchased and sold hereunder shall be paid in full at the closing provided, however, that, if in accordance with the terms and conditions of the bona fide third party offer to purchase all such shares (on which offer the price and terms and conditions of the sale hereunder is based) some or all of such purchase price would have been payable on

a deferred basis, then the total purchase price payable hereunder shall as nearly as practicable be paid in the similar manner to that set forth in such offer.

5. <u>Termination of Agreement</u>. This agreement shall terminate on the occurrence of any of the following events:

(a) The bankruptcy or dissolution of the Corporation.

(b) The voluntary agreement of Stockholders who then own at least ninety-five percent (95%) of the outstanding shares of stock of the Corporation.

6. <u>Legend on Stock Certificates</u>.

All certificates representing shares of stock of the Corporation now held or hereafter issued shall be stamped with the following legend:

> "The shares of stock represented by this certificate are subject to the provisions of a certain Stockholders' Agreement, amended and restated as of January 1, 1986, among the Stockholders of the Corporation and the Corporation, a copy of which agreement is on file with the Secretary of the Corporation."

7. <u>Equitable Relief</u>.

The parties understand and agree that the remedy at law for any breach by any of them of the terms and provisions hereof will be inadequate and accordingly, the other parties hereto shall be entitled to specific performance or injunctive or other equitable relief without the posting of any bond in addition to and not exclusive of any other remedies which may be available.

8. <u>Arbitration of Disputes</u>.

The parties agree that in any dispute or controversy arising out of, in connection with, or relating to this agreement, or the breach thereof, which dispute or controversy cannot be resolved by mutual consent, they shall submit the same to arbitration before a single arbitrator agreeable to such parties. If such parties cannot agree on such a single arbitrator within five (5) days after arbitration has been requested in writing, the arbitration shall proceed in the City of Hartford under rules then obtaining of the American Arbitration Association. The award shall be rendered in such form that judgment may be entered thereon in the highest court of any forum, state or federal, having jurisdiction.

9. <u>Notices</u>.

All offers, acceptances, notices and demands hereunder shall be in writing and shall be made or given by mailing the same by registered or certified mail addressed to the party for whom or for which the same are intended at such party's address as shown on the records of the Corporation. All such offers, acceptances, notices and demands shall be deemed to have been received on the fifth day after such mailing.

10. <u>Binding Effect of Agreement</u>.

This agreement shall be binding upon the inure to the benefit of each of the Stockholders, and his respective heirs, legatees, personal representatives, successors and assigns, and upon the Corporation, its successors and assigns, and shall be further

-7-

binding upon each and every person or other entity to whom any shares of stock in the Corporation is transferred pursuant to, or in violation of, any of the provisions of this agreement, and upon the heirs, legatees, personal representatives, successors and assigns of any such person or other entity. The foregoing notwithstanding, this agreement shall not be binding upon any retirement trust established by the Corporation for the benefit of its employees, or upon the successors or assigns of such trust.

11. <u>Entire Understanding</u>.

This agreement contains the entire understanding and agreement among the parties with respect to the subject matter hereof. There are no representations, warranties, promises, covenants or understandings other than those herein expressly set forth.

12. <u>Severability</u>.

The invalidity, unenforceability or statutory or other limitation as to duration of any particular provision of this agreement shall not affect the other provisions hereof and this agreement shall be construed in all respects as if such invalid, unenforceable or otherwise limited provisions were omitted.

13. <u>Waivers</u>.

No waiver or modification of any of the terms of this agreement shall be valid unless in writing. No waiver of a breach of any provision hereof or a default under any provision hereof shall be deemed a waiver of such provision or of any subsequent breach or default of any kind or nature.

14. **Governing Law.**

This agreement shall be interpreted and construed in accordance with the laws of the State of Connecticut.

15. **Counterparts.**

This agreement may be executed in any number of counterparts, all of which together shall constitute one original agreement.

16. **Headings.**

The headings contained herein are for reference purposes only and shall not affect the meaning or interpretation of this agreement.

17. **Gender.** Neither the gender nor the number (singular or plural) of any word shall be construed to exclude another gender or number when a different gender or number would be appropriate.

IN WITNESS WHEREOF, the parties hereto have executed this agreement on the day and year first above written.

(Corporate Seal)                                REFLEXITE CORPORATION

                                                By: _____
                                                          President

_____                       _____
Jerrold Robinson                                Theodore Shaker

_____                       _____
Jeanne B. Robinson                              Myron Plotinsky

_____                       _____
Alexander Rotherbase                            Earl Wolf

_____                       _____
Ralph De Occasions                              Frederick W. Haffenreffer

-9-

14. <u>Governing Law</u>.

This agreement shall be interpreted and construed in accordance with the laws of the State of Connecticut.

15. <u>Counterparts</u>.

This agreement may be executed in any number of counterparts, all of which together shall constitute one original agreement.

16. <u>Headings</u>.

The headings contained herein are for reference purposes only and shall not affect the meaning or interpretation of this agreement.

17. <u>Gender</u>.  Neither the gender nor the number (singular or plural) of any word shall be construed to exclude another gender or number when a different gender or number would be appropriate.

IN WITNESS WHEREOF, the parties hereto have executed this agreement on the day and year first above written.

(Corporate Seal)                REFLEXITE CORPORATION

                                By: _____
                                    President

                                    *Earl Wolf* (signature)

_____          _____

_____          _____

_____     _____
Cecil [signature]                    [signature] Rowland

_____     _____
James R. Seely                       Charles E. Worden 2/5/86

_____     _____
William P. Rowland                   J.T. Burke

_____     _____
[signature]                          [signature] 2/27/86