UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

H. JONATHAN FRANK, and FRANK FAMILY
1996 TRUST (on behalf of themselves and
REFLEXITE CORPORATION)            CIVIL ACTION NO.: 3:03cv1014 (JBA)

Plaintiffs

V.

ARTHUR LOVETERE, CECIL URSPRUNG,
LOUIS J. BACCEI, WORTH LOOMIS,
THEODORE PATLOVICH, STEPHEN J.
RAFFAY, WILLIAM P. ROWLAND, PETER EIO
(individually and in their capacity as members of
the Board of Directors of Reflexite Corporation)
and REFLEXITE CORPORATION

Defendants            DECEMBER 31, 2003

**REPLY BRIEF IN FURTHER SUPPORT OF
REFLEXITE'S MOTION TO DISMISS**

Pursuant to L. R. Civ. P. 9(g), the defendant, Reflexite Corporation ("Reflexite"), hereby files this reply brief in further support of its motion to dismiss Counts One, Two, Five and Six of the plaintiffs', H. Jonathan Frank, and Frank Family 1996 Trust ("Plaintiffs"), amended complaint dated November 7, 2003 ("Amended Complaint"). Reflexite also adopts the arguments that are set forth in the other defendants' reply briefs as if fully set forth herein.

Plaintiffs have attempted to overcome obvious deficiencies in their Amended Complaint by re-labeling the headings used in the Amended Complaint and modifying their factual assertions. (Opposition hereinafter "Opp." at pp. 3-7.) The alterations are obvious attempts to

HART1-1149049-1

refrain from revealing the uniqueness of the Plaintiffs' situation in order to avoid dismissal. In their Opposition, Plaintiffs have painted a picture that the Board members of Reflexite engaged in self-dealing and then allegedly mistreated the Franks after they challenged the Board on behalf of the company. (Opp. at p. 5.) This is inconsistent with the allegations in the Amended Complaint which claims a long history of personal dealings with Reflexite by H. Jonathan Frank and the personal mistreatment he allegedly suffered. Subsequent to those events, the Demand was sent in February, 2003. Regardless of the continuing modification of the series of events and continued attempts to inject issues to muddy the waters,[1] it is clear that Plaintiffs are inappropriate derivative plaintiffs and thus, dismissal is warranted.

## I.     Plaintiffs Are Not Proper Derivative Plaintiffs.

It has not been disputed that with respect to the issue of adequate representation by a shareholder in a derivative "[t]he standard is one of potential abuse . . .", that is, "the nominal plaintiff must be free of any interest which holds the potential of influencing his conduct of the litigation in a manner inconsistent with the interests of [the] []shareholders." Barrett v. S. Conn. Gas Co., 172 Conn. 362, 377 (1977) (internal quotation marks and citation omitted). It is clear from the allegations in the Amended Complaint that there are personal interests and agendas which are actual impediments for a proper derivative suit and, at a very minimum, hold the "potential" for influencing conduct inconsistent with the interests of the shareholders.

---

1     The Franks have tried to attack the validity and findings of the Special Litigation Committee, even though it has been ordered by the Court that this issue will be taken up, if necessary, in later briefs. (Opp. at p. 6-7.) Further, the reference to the lack of discovery taken completely ignores the very limited discovery order issued by the Court. (Opp. at p. 7.) In addition, the Franks omit the fact their attorneys were provided numerous documents related to the SLC report prior to the commencement of the litigation and were also provided documents by William Rowland during this litigation.

Plaintiffs cite <u>Fink v. Golenbock</u>, 238 Conn. 183, 205 (1996) for their general claim that derivative and direct claims can be brought together. However, the <u>Fink</u> court did not hold that such claims can be always be brought, but instead cited <u>Barrett</u> and only stated that the holding did not mean that individual claims and those against the corporation could *nev*er be brought. <u>Id</u>. Unlike in <u>Barrett</u>, the <u>Fink</u> Court did not have to address the issue of individual claims in the context of their analysis as the plaintiff in <u>Fink</u> did not bring any such individual claims. <u>Id</u>. at 206. Thus, <u>Fink</u> merely established eight factors to consider, but did not have to directly take on the issue of the inappropriateness of mixing claims. <u>Barrett</u> is still applicable, and as established in Reflexite's motion to dismiss, and herein, the <u>Fink</u> factors demonstrate at least the "potential" for abuse and thus weigh in favor of dismissal.

    **1.**    **The Franks Seek Individual Remedies Inconsistent With The Derivative Action.**

Plaintiffs get caught up on their general assertion that individual claims and derivative claims can be maintained in the same action. (Opp. at 12-14.) Plaintiffs gloss over the real issue which is the inconsistency of the remedies sought in the context of the same claim. As stated in the motion to dismiss, the Franks have asserted a derivative claim in Count One and have merely re-alleged each and ever paragraph and incorporated them into Count Two as their "direct claim." In Count One, the Franks seek the recovery of compensatory and punitive damages <u>for</u> Reflexite and in Counts Two they seek compensatory and punitive damages <u>from</u> Reflexite. In Count Five, they also assert tortious interference with a personal contract by Reflexite and seek individual compensatory and punitive damages <u>from</u> Reflexite. In Count Six the Plaintiffs also seek an accounting <u>from</u> the corporation. In the prayer for relief, Plaintiffs also seek pre-

judgment interest, attorneys' fees and costs from Reflexite. The type of relief sought by Plaintiffs is clearly at odds with the interests of the company.

Plaintiffs' reference four of the seven subparagraphs of paragraph 74 of the Amended Complaint to try to demonstrate that they have the overall interests of the Corporation in mind. (Opp. at ¶ 13.) However, as pointed out in Reflexite's motion to dismiss, each those derivative claims are also set forth in the purported direct claim. (Compare Am. Compl. at ¶¶ 74 (a), (b), (g) with ¶89 (a) (self-interested transactions not provided to other shareholders); Compare ¶¶ 74(c), (d), (e) and (g) with ¶89(d), (b) and (c) (failing to disclose information concerning self-interested transactions); Compare ¶¶ 74 (e) and (f) with ¶89 (b) and (c) (general denial of access to books and records); Compare ¶¶ 74 (g) and (j) with ¶89 (c) and (f) (shifting risk of ownership and crediting less liquidity for the Franks); Compare ¶¶ 74 (k) with ¶89 (g) (failing to perform an adequate inventory).)

The coupling of personal claims for relief with the derivative claims for relief is the type of inconsistency that disqualifies a plaintiff from proceeding as a derivative plaintiff, because their true interests are for their own recovery, not that of the other shareholders. Barrett, 172 Conn. 362; Goodrich v. Libero, No. 325566, 1997 WL 297128, at * 3 (Conn. Super. Ct., May 27, 1997) (copies of electronic cases attached as Exhibit A to Motion To Dismiss); Lavieri v. Aterling Eng. Corp., No. CV 94 065514, 1994 WL 478629 (Conn. Super. Ct., Aug. 25 1994). Thus, the sixth Fink factor weighs in favor of dismissal. Fink, at 205.

### 2. Plaintiffs Have Avoided The Fact That There Is No Support From Any Other Shareholders.

Plaintiffs have not stated any reason, other than a reference to the general allegation of

failure to provide information, why the fourth Fink factor could possibly be satisfied. (Opp. at 16.) The Franks are the only named plaintiffs of the approximate 220 shareholders. They have not alleged any support from those shareholders, and in fact have sought remedies that would not be in the interest of other shareholders. (Am Compl. ¶ 46.) Plaintiffs' clearly have their own agenda which does not involve any other shareholder. Thus, under the fourth Fink factor, there is no factual basis to assume that the other shareholders support this action. Fink, at 205.

3. **Plaintiffs' Personal Interests Outweigh Their Interests In The Derivative Action.**

Plaintiffs addressed the seventh Fink factor, the relative magnitude of the Plaintiffs' personal interests as compared to their interest in the derivative action itself, in the same fashion as the sixth factor, the inconsistency of the claims. (Opp. at p. 12-14.) As set forth in the motion to dismiss and in section 1 above, Plaintiffs are clearly seeking personal redress which outweighs their interest in the derivative action. Barrett, 172 Conn. 362; Goodrich, 1997 WL 297128; Lavieri, 1994 WL 478629. Accordingly, they are inappropriate derivative plaintiffs.

4. **The Franks Clearly Have Animosity Toward The Directors.**

Plaintiffs attempt to argue that there is hostility apparent in the Amended Complaint which is directed solely toward them but not by them. (Opp. at p. 15.) This is a semantic argument that does not comport with the clear allegations of the Amended Complaint or with basic principals of common sense.

The Amended Complaint alleges that H. Jonathan Frank was terminated, without notice or explanation and forced to sign consents because his termination benefits were "held hostage." (Am. Compl. at ¶¶ 33-34.) Plaintiffs claim that they "were understandably upset" that Reflexite

did not offer them liquidity equal to that offered to Rowland. (Id. at ¶ 50.) There are a myriad of allegations alleging "mistreatment", "oppression" and "malice." The fact that Plaintiffs have not specifically alleged that they are "vindictive" or "hostile" does not mean that it is not evident from the style of the pleadings and the claims made. The allegations are clearly beyond what may be present in a typical derivative suit and surely demonstrate Plaintiffs' vindictiveness toward the shareholders/directors. Thus, the eighth Fink factor weighs in favor of dismissal. Goodrich, 1997 WL 297128, at * 3.

### 5. The Named Plaintiff, The Frank Family 1996 Trust, Is Not The Real Party In Interest.

Reflexite pointed out in its Motion that The Frank Family 1996 Trust is the only current shareholder who is named as a plaintiff,[2] however, H. Jonathan Frank alone claims a history of personal dealings and problems with Reflexite. Plaintiffs do not dispute this, but rather continue to refer to the "Franks", which includes H. Jonathan Frank, as shareholders. (Opp. at p. 10.) As H. Jonathan Frank is clearly not a shareholder, his personal dealings and alleged problems make it clear that he alone is driving the litigation for personal reasons. Under the first Fink factor, Plaintiffs should not be allowed to proceed with the derivative claims. Fink, at 205.

### 6. There Is No Indication That Plaintiffs Have A Personal Commitment to the Derivative Action.

Plaintiffs' assert that they are committed to the derivative action because they have pressed personal issues. (Opp. at pp. 10-12.) Despite Plaintiffs' contention, their personal commitment to their own self interest does not translate into a commitment to the rights of the

---

2   Plaintiffs assert that the "Franks" own 256,411 shares of Reflexite representing approximately 11% of the outstanding shares of the Corporation. It should be noted that The Frank Family 1996 Trust recently participated in the last stock redemption program.

other shareholders. H. Jonathan Frank's alleged history of problems with the Board, the personal relief sought and the other Fink factors, demonstrate that Plaintiffs are not committed to the derivative action and the interests of the other shareholders. There is absolutely no indication that the rights of the other shareholders are the basis of this action and thus, no indication that Plaintiffs are properly committed to the derivative action as opposed to pursuing their personal disputes with the shareholders/directors. Accordingly, under the fifth Fink factor, dismissal of the derivative action is proper. Fink, at 205.

### 7. Plaintiffs Are Not Familiar With The Litigation And Have Not Demonstrated A Willingness To Learn About The Suit.

Plaintiffs' also assert that they are familiar with the litigation because they have pressed personal issues. (Opp. at pp. 10-12.) Plaintiffs' alleged familiarity with the issues that H. Jonathan Frank has with the shareholders/directors do not make Plaintiffs knowledgeable about the derivative claims. Plaintiffs have tried to gloss over their lack of knowledge by claiming the lack of details of misconduct is due to a failure to disclose. (Opp. at p. 11 n. 5.) However, the baseless claim of nondisclosure does not cure the fact that Plaintiffs do not have sufficient knowledge about the derivative claims. Thus, under the second Fink factor, there is no indication that Plaintiffs have any real knowledge of the derivative claims that they are purporting to assert. Fink, at 205.

### 8. There Is No Indication That The Attorneys Have Control Over The Litigation.

Plaintiffs point to the length of the Amended Complaint as proof that their attorneys have control over the litigation. (Opp. at p. 17.) However, the alleged history of the Franks with the Company and the claims of unfair treatment directed toward the Franks demonstrate that H.

Jonathan Frank is driving this litigation. He is only concerned with the alleged actions of the Corporation that may affect him, and the relief to which he feels he is personally entitled. His individual agenda is what is controlling, without any indication that anyone's interests other than his will be taken into account. That is not how a derivative claim is supposed to be handled which is why the third Fink factor weighs in favor of dismissal. Fink, at 205.

All of the Fink factors clearly demonstrate that Plaintiffs are not fair and adequate representatives of the Corporation's interest and shareholders. They have interests that, at a minimum, hold the "potential" of influencing their conduct in a manner inconsistent with the interests of the shareholders. Barrett, 172 Conn. at 377. Therefore, the Franks do not have standing as derivative plaintiffs, and this Court is without subject matter jurisdiction to hear their derivative claims. Barrett, 172 Conn. at 375.

## II.     Plaintiffs Direct Claims Are the Same As the Derivative Claims.

Plaintiffs do not address the standards relating to direct and derivative claims cited by Reflexite in support of dismissal of Count Two. See e.g. Yanow v. Teal Indus., Inc., 178 Conn. 262, 281 (1979) (citation omitted). Thus, those standards defining derivative and direct claims are fully applicable.

With these governing principles in mind, it is clear that Plaintiffs' Count Two is simply a disguised derivative claim subject to the same grounds for dismissal as Count One. A simple comparison of the two claims reveals Plaintiffs' efforts to escape the limits of the derivative statutes must fail. They claim the same fiduciary breaches in both counts. (Compare Am. Compl. at ¶¶ 74 (a), (b), (g) with ¶89 (a) (self-interested transactions not provided to other shareholders); Compare ¶¶ 74(c), (d), (e) and (g) with ¶89(d), (b) and (c) (failing to disclose

information concerning self-interested transactions); Compare ¶¶ 74 (e) and (f) with ¶89 (b) and (c) (general denial of access to books and records); Compare ¶¶ 74 (g) and (j) with ¶89 (c) and (f) (shifting risk of ownership and crediting less liquidity for the Franks); Compare ¶¶ 74 (k) with ¶89 (g) (failing to perform an adequate inventory).) In both counts, the Franks argue that irreparable harm has been done. (Compare ¶78 with ¶90.) In both counts, Plaintiffs claim injunctive relief. (Compare ¶82 with ¶92.) In both counts, Plaintiffs claim damages. (Compare ¶81 with ¶93.) In both counts they claim compensatory and punitive damages. (Compare ¶84 with ¶94.)

The First and Second Counts of the Amended Complaint are clearly the same allegations which Plaintiffs attempt, unsuccessfully, to differentiate. Count Two should therefore be dismissed in the same fashion as Count One.

DEFENDANT
REFLEXITE CORPORATION

By_____
Craig A. Raabe – ct 04116
Jason M. Kuselias – ct20293
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
email: jkuselias@rc.com
email: craabe@rc.com
tel. no. (860) 275-8200
fax no. (860) 275-8299

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via facsimile and via first class mail, postage prepaid, on the 31st day of December, 2003, to:

Michael Considine, Esq.
Patricia M. Canavan, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

Richard M. Stassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Edward F. Spinella, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

James T. Cowdery, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703

Jason M. Kuselias