## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ———————————————————— : | |
| H. JONATHAN FRANK and FRANK FAMILY 1996 TRUST, : : | Docket No. 3:03CV01014(JBA) |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND, PETER EIO (individually and in their capacity as members of the Board of Directors of Reflexite Corporation) and REFLEXITE CORPORATION, : : : : : : : : : : | |
| : | |
| Defendants. : | |
| ———————————————————— : | December 30, 2003 |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF
## MOTION TO DISMISS AMENDED COMPLAINT

Defendants Arthur LoVetere, Louis Baccei, Worth Loomis, Theodore Patlovich, Stephen Raffay and Peter Eio (collectively, the "Outside Directors") hereby file this reply to the Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss [Doc. # 51]. The Outside Directors adopt, as if fully set forth herein, the arguments set forth in the reply memoranda filed by defendants Reflexite Corporation ("Reflexite") and William P. Rowland ("Rowland").

**I.      The Plaintiffs Have Conceded that H. Jonathan Frank Is Not a Plaintiff in His Individual Capacity.**

The defendants argued in their motions to dismiss that H. Jonathan Frank is not a

proper plaintiff to assert direct or derivative fiduciary duty claims because he is not a shareholder in Reflexite.  The plaintiffs' opposition brief states that H. Jonathan Frank "properly brings all claims asserted in the Amended Complaint on behalf of the Frank Family Trust[.]" (Opp. Br. at 18.)  The brief further asserts that "[t]he party-in-interest of the shares . . . is the Trust."  (Opp. Br. at 30.)  In light of these statements, it is apparent that there is only one plaintiff in this case: the Frank Family 1996 Trust.  The Trust has brought this action both in its own name and in the name of its alleged Trustee, H. Jonathan Frank.  H. Jonathan Frank is not, according to the opposition brief, a party in his individual capacity.

However, the opposition brief continues to treat H. Jonathan Frank and the Trust collectively, referring dozens of times to "the Franks."  This is improper.  "It is axiomatic that a party does not have standing to raise the rights of another."  Frillici v. Town of Westport, 264 Conn. 266, 281 (2003).  Related entities do not have standing to sue on behalf of one another.  See Cardi Materials Corp. v. Conn. Landscaping Bruzzi Corp., 77 Conn. App. 578, 581-82 (2003).  Only the Trust has standing to bring any claims as a shareholder in Reflexite. Any claims H. Jonathan Frank may have had before he transferred his shares in 1997 cannot be merged with any claims the Trust may now have simply because H. Jonathan Frank is the Trustee of the Trust.  They are separate entities.

**II.    Count Two Should Be Dismissed.**

Count Two should be dismissed in its entirety as against the Outside Directors.

**A.    The Motion to Dismiss the Claims for Injunctive Relief Should Be Granted Absent Objection.**

The defendants argued in the motions to dismiss that the demand for injunctive relief

under Count Two should be dismissed. The plaintiffs' opposition brief does not contest this assertion. Accordingly, the defendants' motion to dismiss the demand for injunctive relief should be granted absent objection. See, e.g., Gorman v. Hughes Danbury Optical Sys., 908 F. Supp. 107, 115 (D. Conn. 1995) ("[T]he plaintiff has not responded to the defendant's arguments with respect to the ADA claim. Accordingly, the defendant's motion to dismiss the plaintiff's ADA claim is granted absent objection."); Massey v. Town of Windsor, -- F. Supp. 2d --, 2003 WL 22439872 at *5 n.4 (D. Conn., Oct. 20, 2003) ("As Plaintiff failed to respond to Defendants' governmental immunity argument with respect to the Town of Windsor, the claim against the Town is dismissed[.]").

   **B.    Count Two Should Be Dismissed Because it Fails To State a Claim Under Either Theory Asserted**.

       1.    "Comparable Opportunities" Claim

The opposition brief asserts that Count Two "is not about an 'equal opportunity for liquidity.'" (Opp. Br. at 26.) However, the amended complaint summarizes the claims in Count Two as follows: "While other insider shareholders . . . have been permitted to sell shares back to Reflexite, the Individual Defendants acted with malice in refusing to permit the Franks to enjoy comparable opportunities." (Am. Compl. ¶ 3.) See also Am. Compl. ¶ 89(a) ("[T]he Individual Defendants were permitted to sell shares of Reflexite stock and realize the economic benefits of share ownership while denying comparable opportunities to the Franks."). Counsel for the plaintiffs has repeatedly described the claim in Count Two as being that the plaintiffs were denied the same opportunity to sell their shares as was provided to "insiders." See Oct. 30, 2003, Tel. Conf., Tr. at 14 (statement by plaintiff's counsel that

defendants acted "to deny the non-inside shareholders the liquidity that they deserve"); Oct.
30, 2003, Tel. Conf., Tr. at 16 (statement by plaintiff's counsel that harm alleged in Count
Two is that plaintiffs "were forced to hold their shares while the insiders got out").  This is the
claim set forth in the operative complaint.  The plaintiffs cannot now, in response to the
motions to dismiss clearly demonstrating that their claim is not cognizable, assert that they
meant something else.[1]

      The defendants have no fiduciary duty to provide all shareholders with "comparable
opportunities" to sell their stock.  "It is well established . . . that stockholders need not always
be treated equally for all purposes."  Nixon v. Blackwell, 626 A.2d 1366, 1376 (Del. 1993)
(en banc).  The "comparable opportunity" rule that is urged by the plaintiffs "has been rather
soundly rejected" by courts all over the country.  Clagett v. Hutchison, 583 F.2d 1259, 1264
(4th Cir. 1978).  See, e.g., Toner v. Baltimore Envelope Co., 498 A.2d 642, 646 (Md. 1985)
("The mere fact that a Maryland corporation seeks to purchase some of its own stock does not
automatically create a duty to extend the offer to all other holders of shares of the same
class."); Delahoussaye v. Newhard, 785 S.W.2d 609, 611 (Mo. Ct. App. 1990) (A corporation
"and its directors have no legal duty to ratably redeem shares.").  In Connecticut, "[a]
corporation may acquire its own shares[.]"  Conn. Gen. Stat. § 33-684 (2003).  A
corporation's selective repurchase of its own shares "is protected by the business judgment

---

[1] The plaintiffs have already had an opportunity to amend the complaint once, after
learning what arguments would be raised by the defendants in the motions to dismiss, and after
the Court made it clear in a telephonic conference that it understood Count Two to be alleging a
claim for "equal liquidity" or "equal amounts of liquidation."  Oct. 30, 2003, Tr. at 8, 21.  If the
plaintiffs did not intend to assert a claim for equal opportunity for liquidity, they should have
made that known to the Court during the conference, or amended their complaint to assert a
clearly different claim.  They did neither.

rule, unless it involves fraud or unfairness, or its primary or sole purpose is to entrench the directors in office." Grobow v. Perot, 526 A.2d 914, 927 (Del. Ch. 1987). "And that would be so even if the directors' judgment turned out to be wrong." Id. The lack of a ready market for shares "is merely one of the risks of ownership of stock in a close corporation." Goode v. Ryan, 489 N.E. 2d 1001, 1005 (Mass. 1986).[2]

The opposition brief suggests that the amended complaint intended to bring a general claim that the defendants "acted unfairly and with malice toward the Franks." (Opp. Br. at 23.) Even if this reformulation of the "equal opportunity" claim were permissible at this late date, it would not save the claim. As noted above, only the Trust is a plaintiff in this action; accordingly, this claim must be limited only to allegations of unfair and malicious actions directed at the Trust.[3] There are no such allegations in the amended complaint. Furthermore,

_____

[2] The opposition brief cites Metro. Life Ins. Co. v. Aramark Corp., Civ. A. No. 16142, 16170 & 16171, 1998 Del. Ch. LEXIS 70 (Feb. 5, 1998), asserting that the court in that decision held that "the directors' fiduciary duties required them to treat shareholders fairly, and that the preferential treatment of one class of shareholders was a breach of those duties." (Opp. Br. at 24.) The opposition brief misrepresents the holding of Metro. Life. Metro. Life is actually the transcript of an oral ruling by the court on an application for a preliminary injunction, in which the court held that "there was a clear error in the methodology for determining the fair price" of shares being "cashed out" by the defendant corporation. Id. at *8. The court did not hold that there had been any breach of fiduciary duties by the defendant directors, only that an injunction was warranted to protect the rights of the shareholders while a fair price could be determined. Furthermore, the court cited Nixon with approval more than once for the rule that it is not impermissible to treat shareholders differently, and stated that "the duty is to treat the shareholders fairly, not necessarily equally." Id. at *4.

[3] Even if H. Jonathan Frank could make out a claim that the defendants acted unfairly and maliciously toward him, personally, after he transferred his stock in 1997, that claim would not be cognizable as a breach of fiduciary duty claim because "only persons who were stockholders at the time of an alleged wrongdoing have standing to sue corporate directors for breach of fiduciary duty." Omnicare, Inc. v. NCS Healthcare, Inc., 809 A.2d 1163, 1169 (Del. Ch. 2002) (emphasis added). Any alleged wrongdoing by the defendants after 1997, when H. Jonathan Frank ceased to be a shareholder, is not actionable as a breach of fiduciary duty.

if general "unfairness" and "malice" – and <u>not</u> a refusal to repurchase stock – are the basis of the fiduciary duty claim, then the plaintiffs have failed to allege any actual injury that could be attributed to the alleged actions of the defendants.  Proof of actual damages is an essential element of a claim for breach of fiduciary duty.  <u>See</u> <u>Lux v. Environmental Warranty, Inc.</u>, 59 Conn. App. 26, 41-42 (2000).  Thus, the breach of fiduciary duty claim must be dismissed.

2.     <u>Denial of Information Claim</u>

The defendants moved to dismiss the "denial of information" claim on the ground that the plaintiffs did not allege that they had a legal right to the information they sought.  In response, the opposition brief contains only a conclusory assertion that "the Franks were denied information."  (Opp. Br. at 22.)  However, the brief does not address the defendants' arguments that the amended complaint lacks the following essential allegations: (1) the information sought by the plaintiffs was the sort of information that a corporation is required to maintain under Conn. Gen. Stat. § 33-945; (2) the plaintiffs satisfied the good faith, particularity, and direct connection requirements of Conn. Gen. Stat. § 33-946(c); and (3) the plaintiffs were harmed in some quantifiable way by the defendants' alleged refusal to provide information.  Accordingly, the denial of information claim should be dismissed absent objection.  <u>See</u> <u>Gorman</u>, 908 F. Supp. at 115; <u>Massey</u>, -- F. Supp. 2d at --, 2003 WL 22439872 at *5 n.4.

**III.   The Tortious Interference Claim Should Be Dismissed.**

The opposition brief limits the claims in Count Five to two contracts: the 1979 Agreement and the Shareholders' Agreement.  The plaintiffs have thus abandoned any claim they had made arising out of "other agreements."  (Opp. Br. at 32.)

-6-

As to the Shareholders' Agreement, the defendants made three arguments why this claim should be dismissed: (1) it fails to provide "fair notice of . . . the grounds upon which [this claim] rests," Conley v. Gibson, 355 U.S. 41, 47 (1957); (2) it does not allege any actual damages arising out of a breach or intended breach of the Shareholders' Agreement; and (3) it is time-barred. Of these arguments, the opposition brief addresses only the third. Thus, the tortious interference claim should be dismissed absent objection on the first and second grounds argued in the motion to dismiss.[4] See Gorman, 908 F. Supp. at 115; Massey, -- F. Supp. 2d at --, 2003 WL 22439872 at *5 n.4.

As to the 1979 Agreement, the opposition brief states that the defendants "continue to this day to interfere with Mr. Frank's contractual rights[.]" (Opp. Br. at 34 (emphasis added).) That is precisely the problem with this claim. Only H. Jonathan Frank is a party to the 1979 Agreement; the Trust was not even created until 17 years after the Agreement was signed. The plaintiffs have now conceded that H. Jonathan Frank is a plaintiff only in his capacity as Trustee, and not as an individual. Accordingly, this Count must be dismissed.[5]

The plaintiffs' argument that this claim is not time-barred is disingenuous. The plain language of the 1979 Agreement makes clear that Rowland's only duty to "make efforts on

---

[4] "A claim for tortious interference . . . requires the plaintiff to establish . . . a loss suffered by the plaintiff that was caused by the defendants' tortious conduct. . . . [I]t is an essential element of the tort . . . that the plaintiff suffers actual loss." Appleton v. Bd. of Educ., 254 Conn. 205, 212-13 (2000) (internal quotation marks and citations omitted).

[5] The plaintiffs' contention that the 1979 Agreement was somehow intended to apply to "the holder of the shares," (Opp. Br. at 30), whoever that may be at any point in the future, as opposed to H. Jonathan Frank personally, is absurd. The 1979 Agreement reads: "Dear Jon: In connection with your proposed purchase of Reflexite Corporation stock, we agree to keep you informed [and] . . . use all efforts that are reasonable to assure you the opportunity of selling your shares[.]" (Opp. Br. at 28 (emphasis added).)

behalf of" H. Jonathan Frank (Opp. Br. at 32) was <u>prior to</u> any sale of stock, not after it.  The

Agreement states: "we agree to keep you informed about any possible <u>future</u> sale of our stock"

and "[b]efore actually selling stock . . . we will use all efforts that are reasonable[.]" (Opp. Br.

at 28 (emphasis added).)  The 1979 Agreement contains no promises regarding actions to be

taken after the sale of stock by the parties. Once Rowland sold his stock, allegedly without

fulfilling his duties under the contract, the alleged injury to H. Jonathan Frank was complete

and the limitations period began to run.  The plaintiffs concede that the applicable statute of

limitations is three years.  (Opp. Br. at 33.)  It is undisputed that Rowland sold his stock in

1998, more than five years before the complaint in this case was filed.  Accordingly, this

claim is time-barred and must be dismissed.[6]

## IV.    Count Six Should Be Dismissed Absent Objection.

The defendants moved to dismiss Count Six in its entirety.  The opposition brief does

not address Count Six at all.  Accordingly, this claim should be dismissed absent objection.

<u>See</u> <u>Gorman</u>, 908 F. Supp. at 115; <u>Massey</u>, -- F. Supp. 2d at --, 2003 WL 22439872 at *5 n.4.

## V.    The Outside Directors' Motion To Dismiss Should Be Granted in its Entirety.

For the reasons set forth above, and for the reasons set forth in the motions to dismiss

and associated memoranda filed by defendants Reflexite Corporation and Rowland, the

amended complaint fails to state a claim and should be dismissed in its entirety.  Furthermore,

---

[6] In addition, this claim should be dismissed because there was no breach of the 1979 Agreement, and thus, the Outside Directors cannot be liable for <u>causing</u> a breach by their alleged "interference."  <u>See</u> <u>Biro v. Hirsch</u>, 62 Conn. App. 11, 22 (2001) (noting that a tortious interference claim requires a showing that the defendant "interfered with an enforceable or unenforceable promise").  The Outside Directors adopt in full the arguments made by defendant Rowland in his motion to dismiss and associated memoranda regarding the plaintiffs' breach of contract claim.

the plaintiffs have failed to respond to a number of arguments raised by the defendants in the

motions to dismiss and, as to each of these arguments, the complaint should be dismissed

absent objection.


DEFENDANTS,
ARTHUR LOVETERE, LOUIS J. BACCEI,
WORTH LOOMIS, THEODORE PATLOVICH,
STEPHEN J. RAFFAY and PETER EIO


By:_____
    James T. Cowdery (ct05103)
    Sarah A. L. Merriam (ct25379)
    Cowdery, Ecker & Murphy, L.L.C.
    750 Main Street
    Hartford, CT   06103
    Tele.: (860) 278-5555
    Fax.:  (860) 249-0012
    E-mail: jcowdery@cemlaw.com
    E-mail: smerriam@cemlaw.com

## <u>CERTIFICATION</u>

THIS IS TO CERTIFY that a copy of the foregoing Reply Memorandum in Further Support of Motion to Dismiss Amended Complaint was sent on December 30, 2003, via U.S. Mail, first-class, postage pre-paid to all counsel of record as follows:

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter, LLP
599 Lexington Avenue
New York, NY 10022

Michael Considine, Esq.
Patricia M. Canavan, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901

Craig A. Raabe, Esq.
Jason M. Kuselias, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Edward F. Spinella, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT   06601-7006


_____
Sarah A. L. Merriam

-10-