

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JONATHAN FRANK, AND THE FRANK FAMILY 1996 TRUST (on behalf of themselves and REFLEXITE CORPORATION) | CASE NUMBER: 3:03CV1014 (JBA) |
| Plaintiffs | |
| V. | |
| ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND, PETER EIO (individually and in their capacity as members of the Board of Directors of Reflexite Corporation) and REFLEXITE CORPORATION | |
| Defendants | December 31, 2003 |

### DEFENDANT ROWLAND'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendant, William P. Rowland ("Rowland") submits this reply memorandum in further support of his Motion to Dismiss Plaintiff's Amended Complaint and specifically in response to the arguments raised in Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss (the "Opposition")[1].

Plaintiffs' Opposition is nothing more than Plaintiffs' continued attempts to find wrongdoing where none exists, filled with both novel facts not alleged in the Amended

---

[1] Rowland again adopts the arguments raised by his codefendants in their reply to Plaintiffs' Opposition, and has focused this reply on the counts directed against him individually.

Complaint, and reformulated theories made to try and overcome legal deficiencies. One issue remains clear – Plaintiffs simply do not have standing to bring the claims asserted, and Plaintiffs have failed to plead facts that would warrant relief under Connecticut law.

I.   **Counts One, Two and Six: Derivative, Direct and Demand for Accounting Claims.**

Faced with the arguments raised in the Motions to Dismiss and the inherent conflicts present by the simultaneous assertion of derivative and direct claims based on the same set of alleged facts, Plaintiffs' Opposition creatively tries to ignore basic principles of law.

First, Plaintiffs argue that their collective standing is appropriate because H. Jonathan Frank "properly brings all claims asserted in the Amended Complaint on behalf of the Frank Family Trust". (Opposition at page 18). However, only persons who are shareholders at the time of an alleged wrongdoing have standing to sue corporate directors for breach of fiduciary duty. See Fink v. Golenbock, 238 Conn. 183 (1996). Clearly, a nonshareholder could not bring such an action. No matter how creative Plaintiffs are in expanding shareholder status or continuing to use "the Franks" interchangeably, they cannot get around the fact that H. Jonathan Frank simply is not a shareholder and cannot sue in his individual capacity. A party simply does not have standing to enforce the rights of another. Frillici v. Town of Westport, 264 Conn. 281 (2003).

Second, Plaintiffs continue to recast the same facts relied upon as the basis for derivative relief in Count One as somehow allowing relief as a direct claim in Count Two. The tension between these two counts is not a difficult one to unwind. A shareholder may only assert claims

2

against a company in his derivative capacity because the corporation's response to that claim necessarily effects *all* the shareholders. For that reason, the shareholder must fairly and honestly represent the interest of *all* the shareholders. The facts alleged in the instant case make clear that the Franks fail in this regard. That fact, however, does not mean they therefore have direct claims. To so hold would vitiate the derivative statute and subject corporations to random suits by each of its shareholders. Rather, all it means is that the Franks are not the appropriate plaintiffs to represent *all* of the shareholders. To be sure, courts have allowed direct claims by a shareholder but only when that shareholder occupies a special status, uniquely distinct from the other shareholders. Yanow v. Teal Industries, Inc, 178 Conn. 262, 281 (1979). The Franks not only do not argue that they occupy that status, they cannot - given their statement in Count One that they represent the interests of *all* the shareholders.

## II.    Count Three: Breach of Contract Claim.

Plaintiffs' Opposition to the arguments raised by Rowland warrants little response.

Plaintiffs continue to treat Frank and the Trust interchangeably for purposes of standing in relation to the 1979 Agreement. This they cannot do. Indeed, their willingness to suspend standing principles is particularly interesting given that the collective "Franks" admit that a necessary element for a breach of contract claim is "performance by one party "and" breach of the agreement by the other party," (Opposition at page 29), and that the Trust was not a party to the 1979 Agreement. (Opposition at page 30). Since a nonparty to an agreement simply does not have standing to sue for a breach of that agreement, the Trust has no business making this

3

claim. See Cardi Materials Corp. v. Con Landscaping Bruzzi Corp., 77 Conn. App. 578, 582 (2003).

To circumvent this obvious flaw, Plaintiffs argue that the transfer of shares from Jon Frank to the Trust was a "nominal change" only, with control remaining in Jon Frank. (Opposition at page 30.) Plaintiffs further urge this Court to ignore the 1979 Agreement language which was directed to Jon Frank only, permitting the obligation to extend to any subsequent holder of the shares, which presently is the Trust. There is no Connecticut authority which would permit such a result. Under Plaintiffs' theory, any entity or individual to whom Frank transferred his shares would arguably be entitled to enforce the 1979 Agreement. This offends even the most basic principles of contract law.

Similarly, Plaintiffs have offered nothing to rebut the fact that Frank has not suffered any damages by virtue of Rowland's alleged breach of the 1979 Agreement. Because Frank did not own his shares at the time of Rowland's alleged transfer of his shares to the company in 1998, he suffered no damages. Plaintiffs' Opposition ignores this important issue, a critical element necessary to maintain a breach of contract claim.

Regardless, even if Plaintiffs could somehow survive the threshold standing issue, there was no breach of the subject agreements. Plaintiffs first argue that obligations under the 1979 Agreement remain in effect (notwithstanding the later-signed Shareholders' Agreement), because the two documents impose different restrictions on the sale of shares between the shareholders. When the 1979 Agreement was executed (and allegedly relied upon by Frank), the parties agreed

to use "all efforts that are reasonable" to provide Frank with the opportunity of selling his shares at comparable terms. Seven years later, those same shareholders (Hugh Rowland, William Rowland, and Frederick Haffenreffer) as well as Frank executed the Shareholders' Agreement. The Shareholders' Agreement became the only operative agreement governing restrictions on the transfer of shares. If a second contract contains terms inconsistent with the former so that the two cannot logically exist, the original contract is extinguished with the substitution of the new one. Bushnell Plaza Dev. Corp. v. Fazzano, 38 Conn. Supp. 683, 688 (1983). The obligations of Frank and Rowland with respect to the sale of their Reflexite stock are solely governed by the Shareholders' Agreement.

Second, even if the 1979 Agreement still governed, the purchase of Rowland's shares by Reflexite would not constitute a sale "that would result in a transfer of voting control to a third party". The 1979 Agreement specifically provides that:

> Before actually selling stock now owned by us that would result in a transfer of voting control to a third party, we will use all efforts that are reasonable to assure you the opportunity of selling your shares at the same price per share being offered to us.

See Exhibit A to Rowland's Motion to Dismiss. The sale to Reflexite was not a sale to a third party which resulted in a transfer of voting control, notwithstanding Plaintiffs claim that Reflexite was a "third party." Even if Reflexite was a third party, a sale to the company would not impact voting control. Plaintiffs cannot overcome this fact. Simply put, there was no breach.

5

Plaintiffs' third argument, notwithstanding their failure to make the claim in the Amended Complaint, is that Rowland breached the Shareholders' Agreement by failing to provide the Franks with written notice of his sale.[2] This claim is utter nonsense. Like many similar agreements, the Shareholders' Agreement is intended to restrict the transfer of shares held by the parties to the agreement. Paragraph 1, entitled "Restrictions on Transfer of Shares; Exceptions", specifically prohibits the transfer of shares by the parties to the agreement, <u>excepting a transfer of shares to Reflexite</u>. Paragraph 2, entitled "Offer of Shares for Sale to the Corporation", upon which Plaintiffs now solely rely for purposes of Count Three, addresses what happens when the shareholder receives an offer to purchase his shares from a third-party. <u>See</u> Exhibit B to Rowland's Motion to Dismiss. Under Paragraph 2, if a shareholder receives an offer to purchase the shares, the shareholder is required to give a right of first refusal, first to the corporation then to remaining shareholders if the corporation does not act. If the corporation does not accept the offer, then the remaining shareholders owning at least 5% of the outstanding shares of stock are given the opportunity to buy the subject shares first. Plaintiffs curiously rely on this provision to assert some right to notice of Rowland's sale to the corporation. If such interpretation was correct, the very first sentence of paragraph 2 which requires that the corporation be given the

---

[2] Notably, this is wholly inconsistent with the Amended Complaint's basis for relief in Count Three which identifies the breach as "failing to make all reasonable efforts to obtain comparable opportunities for Jon Frank and the Franks to sell their shares of Reflexite stock." (<u>See</u> Amended Complaint at ¶98).

6

opportunity to purchase the shares, would simply not make sense and be superfluous. Again, Plaintiffs' desperate attempts to find a breach where none exists must fail.

### III.   Count Four: Promissory Estoppel Claim.

Plaintiffs' Opposition is silent as to the defense of their promissory estoppel claim. As set forth in Rowland's Motion to Dismiss, Plaintiffs have failed to properly allege a claim for promissory estoppel and the necessary elements required for same. Since Plaintiffs' Opposition does not contest this assertion, Rowland's Motion to Dismiss Count Four should be granted absent objection. See, e.g. Gorman v Hughes, Danbury Optical Sys., 908 F.Supp. 107, 115 (D. Conn. 1995).

### IV.   Conclusion.

Plaintiffs' theories for relief and facts relied upon for same continue to be a moving target. The Amended Complaint describes a series of events with which Plaintiffs are clearly unhappy. Plaintiffs' Opposition describes different facts, but clearly Plaintiffs' dissatisfaction

remains. Unfortunately for Plaintiffs, none provide sufficient facts that warrant the relief sought. Defendant Rowland's Motion to Dismiss should be granted in its total.

THE DEFENDANT
WILLIAM ROWLAND

By: _____*Sheila A Denton*_____
James T. Shearin, Esq. (ct 01326)
Sheila A. Denton, Esq. (ct 11436)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
Facsimile: (203) 576-8888
E-Mail: sdenton@pullcom.com

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record.

James T. Cowdery, Esq.
Sarah Merriam, Esq.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103
Telephone:   860-278-5555
Facsimile:    860-249-0012

Michael Considine, Esq.
Patricia M. Canavan, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06488
Telephone:   203-977-7300
Facsimile:    203-977-7301

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter, LLP
599 Lexington Avenue
New York, NY 10022
Telephone:   212-813-8800
Facsimile:    212-355-3333

Edward F. Spinella, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT 06103
Telephone:   860-240-1045
Facsimile:    860-240-1002

Craig Raabe, Esq.
Jason M. Kuselias, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
Telephone:    860-275-8352
Facsimile:    860-275-8299

*Sheila A Denton* (signature)
_____
James T. Shearin, Esq.
Sheila A. Denton, Esq.

BPRT/68721.1/SXD/502507v1

10