**Minutes of the Reflexite Corporation Special Litigation Committee
Meeting of March 28, 2003**

The Special Litigation Committee of the Board of Directors (the "*Board*")
of Reflexite Corporation (the "*Corporation*") met on March 28, 2003 at the offices of
Cummings & Lockwood LLC in Hartford, Connecticut. All of the members of the
Special Litigation Committee (the "*Committee*"), being Louis Baccei and Peter Eio, were
present, as well as James Lotstein, Peter Hull and Christopher Calio of Cummings &
Lockwood LLC, counsel to the Committee ("*Counsel*"). The Committee requested that
Counsel keep the minutes of the meeting.

1.   The Committee accepted the resignation of Worth Loomis from the
Committee dated March 21, 2003 and appointed Peter Eio to serve as Chairman of the
Committee.

2.   The Committee reviewed and approved of the minutes of the March
17, 2003 meeting of the Committee.

3.   The Committee discussed its interview with Phil Ferrari, the Chief
Financial Officer of the Company.

4.   The Committee discussed upcoming interviews with management of
the Corporation and William Rowland and authorized Counsel to attempt to arrange an
interview with Arthur LoVetere, Chairman of the Board of Directors of the Corporation.

5.   Counsel reported on the written response of the attorneys for the
Frank Family 1996 Trust and H. Jonathan Frank to the Committee's request for additional
documentation and information.

6.   The structure of the Committee's report to the full Board of Directors
of the Corporation was discussed.

7.   The Committee discussed available dates to conduct interviews and to
meet again to discuss the progress of the investigation.

8.   Counsel explained the basis for their fees to date and the anticipated
efforts necessary to complete Counsel's work.

**Minutes of the Reflexite Corporation Special Litigation Committee**
**Meeting of April 21, 2003**

The Special Litigation Committee of the Board of Directors (the "*Board*")
of Reflexite Corporation (the "*Corporation*") met on April 21, 2003 by telephone
conference call. All of the members of the Special Litigation Committee (the
"*Committee*"), being Louis Baccei and Peter Eio, were present, as well as James Lotstein
and Christopher Calio of Cummings & Lockwood LLC, counsel to the Committee
("*Counsel*"). All of the members of the Committee and Counsel were able to hear each
other simultaneously during the meeting. The Committee requested that Counsel keep
the minutes of the meeting.

1.  The Committee reviewed and approved of the minutes of the March
28, 2003 meeting of the Committee.

2.  The Committee discussed its interviews with William Rowland, Cecil
Ursprung (the Chief Executive Officer of the Corporation), Arthur LoVetere (the
Chairman of the Board of Directors of the Corporation) and Stephen Raffay (a director of
the Corporation).

3.  The Committee discussed the letter, dated April 16, 2003, that it
received from the attorneys representing the Frank Family 1996 Trust.

4.  The Committee discussed upcoming interviews with Jonathan Frank
and authorized Counsel to attempt to arrange an interview with David MacDonald.

5.  The Committee's report to the full Board of Directors of the
Corporation was discussed.

6.  The Committee discussed available dates to conduct interviews, to
meet again to discuss the progress of the investigation and to work on the Committee's
Report to the Corporation's Board of Directors.

**Minutes of the Reflexite Corporation Special Litigation Committee
Meeting of April 28, 2003**

The Special Litigation Committee of the Board of Directors (the "*Board*")
of Reflexite Corporation (the "*Corporation*") met on April 28, 2003 by telephone
conference call. All of the members of the Special Litigation Committee (the
"*Committee*"), being Louis Baccei and Peter Eio, were present, as well as James Lotstein
and Christopher Calio of Cummings & Lockwood LLC, counsel to the Committee
("*Counsel*"). All of the members of the Committee and Counsel were able to hear each
other simultaneously during the meeting. The Committee requested that Counsel keep
the minutes of the meeting.

1. The Committee reviewed and approved of the minutes of the April 22,
2003 meeting of the Committee.

2. The Committee discussed its interview with H. Jonathan Frank.

3. The Committee's report to the full Board of Directors of the
Corporation was discussed and the report was adopted.

.HrtLib1:426661.1 04/28/03

## EXHIBIT B

## DOCUMENT LOG

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| Fax cover sheet from Jack Kennedy, Esq. to James Lotstein, Esq. with 20-page enclosure | 03/05/03 | Jack S. Kennedy, Esq. | James I. Lotstein, Esq. | • Reflexite Corporation's Stockholders' Agreement<br>• Two Consents |
| Letter from Jack Kennedy, Esq. to James Lotstein, Esq. enclosing package of documents re: Reflexite Corporation | 03/05/03 | Jack S. Kennedy, Esq. | James I. Lotstein, Esq. | |
| Letter from Jack Kennedy, Esq. to Richard Strassberg, Esq. and Jeffrey Simes, Esq. supplementing letter of 2/26/03 | 03/04/03 | Jack S. Kennedy, Esq. | Richard M. Strassberg, Esq. Jeffrey A. Simes, Esq. | • Letter to Shareholders dated 1/10/02<br>• List of Directors and addresses<br>• List of Officers |
| Letter from Phil Ferrari of Reflexite to Jack Kennedy, Esq. enclosing stock history report, acknowledgements by Jonathan Frank | 02/28/03 | Phil L. Ferrari | Jack S. Kennedy, Esq. | • Stock History Report<br>• Acknowledgements signed by Jonathan Frank to not sell shares to the Trust |
| Letter from Jack Kennedy, Esq. to Richard Strassberg, Esq. and Jeffrey Simes, Esq. enclosing documents from Reflexite Corporation | 02/26/03 | Jack S. Kennedy, Esq. | Richard M. Strassberg, Esq. Jeffrey A. Simes, Esq. | • Certificate of Incorporation - Restated Certificate of Incorporation and Amendment<br>• Bylaws - Amended 10/26/83<br>• Minutes of Shareholders Meetings<br>• Communications to Shareholders for past 3 years<br>• Names and business addresses of directors and officers<br>• Annual Report |
| Reflexite - Annual Report | 2000 | | | |
| Reflexite - Annual Report | 2001 | | | |
| Reflexite - Annual Report | 2002 | | | |
| Memorandum from Jack Kennedy, Esq. to Reflexite regarding correspondence from attorneys for Jonathan Frank/Frank Family Trust | 02/21/03 | Jack S. Kennedy, Esq. Alan R. Spier, Esq. | Cecil Ursprung, CEO | |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| Letter from Jack Kennedy, Esq. to Goodwin Procter | 02/19/03 | Jack S. Kennedy, Esq. | Jeffrey A. Simes, Esq.<br>cc: Richard Strassberg, Esq. | Letter from Jeffrey A. Simes, Esq. to Jack Kennedy, Esq. re: forwarding requested documents by mail instead of document review at Reflexite's offices and demand of the Frank Family 1996 Trust |
| Fax cover sheet from Phil Ferrari to Jack Kennedy, Esq. with one-page enclosure | 02/26/02 | Phil L. Ferrari | Jack Kennedy, Esq.<br>cc:   Alan Spier<br>      Bill Rowland | Letter Agreement between H. Jonathan Frank , Hugh Rowland, William Rowland and Frederick Haffenreffer regarding notification of any possible future sale of stock in the company |
| Memorandum to Jack Kennedy, Esq., Cecil Ursprung and Art LoVetere from William Rowland | 02/15/03 | William P. Rowland | Jack Kennedy, Esq.<br>Cecil Ursprung<br>Art LoVetere | • Memorandum regarding sale/ownership of Reflexite stock<br>• Reflexite Memorandum to Bill Rowland from Cecil Ursprung re: letter from Jonathan Frank's attorneys |
| Demand Letter to William Rowland and Frederick Haffenreffer of Reflexite Corporation from Goodwin Procter re: Frank Family Trust and H. Jonathan Frank | 02/10/03 | Richard M. Strassberg, Esq.<br>Jeffrey A. Simes, Esq. | William Rowland Frederick Haffenreffer<br>cc:   H. Jonathan Frank<br>      Morgan Frank<br>      Frank Family 1996 Trust | |
| Demand Letter to the Board of Directors of Reflexite Corporation from Goodwin Procter re: Frank Family Trust and H. Jonathan Frank | 02/10/03 | Richard M. Strassberg, Esq.<br>Jeffrey A. Simes, Esq. | Board of Directors<br>cc:   Jack Kennedy, Esq.<br>      H. Jonathan Frank<br>      Morgan Frank<br>      Frank Family 1996 Trust | |
| Letter to Morgan Frank from Cecil Ursprung of Reflexite | 11/08/02 | Cecil Ursprung | Morgan Frank | |
| Letter to Cecil Ursprung from Morgan Frank, Frank Family Trust | 09/16/02 | Morgan Frank | Cecil Ursprung, CEO | |
| Letter to Cecil Ursprung from | 06/12/02 | Morgan Frank | Cecil Ursprung, | |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| Morgan Frank, Frank Family Trust | | | CEO | |
| Letter to Cecil Ursprung from Morgan Frank, First Principles Group | 05/24/02 | Morgan Frank | Cecil Ursprung, CEO | |
| Letter to Cecil Ursprung from Morgan Frank, First Principles Group | 05/06/02 | Morgan Frank | Cecil Ursprung, CEO | |
| Letter from Jack Kennedy, Esq. to James Lotstein, Esq. enclosing documentation of the purchases of shares by Reflexite Corporation | 3/14/03 | Jack Kennedy, Esq. | James Lotstein, Esq. | Documents attached are separated out and described below as individual documents |
| Index of documents regarding purchases of shares of Reflexite Corporation and ESOP with attached documents | | | | • Frank's election to sell 941 shares @ $27.50 per share<br>• 1985 list of sellers to ESOP<br>• Frank's election to sell shares @$38.50 per share<br>• List of sellers - ESOP purchases a total of 4,304 @ $38.50 per share<br>• Frank's election to sell shares @38.50 per share<br>• List of sellers - ESOP purchases a total of 1,298 @ $38.50 per share<br>• Frank's election to sell shares @ $50.17 per share<br>• 1987 list of seller to ESOP<br>• Frank's election to sell shares @ $35.17 per share<br>• List of sellers - ESOP purchases a total of 79,823 @ $35.17 per share<br>• List of sellers - ESOP purchases a total of 101,626 @ $24.60 per share<br>• 1995 Stock Buyback Program |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| | | | | • List of buyers and sellers for Buyback Program<br>• List of sellers for Buyback Program<br>• Stock Redemption Agreements - 11/24/97 and 1/28/93<br>• List of sellers for Buyback Program - 1999<br>• List of sellers for Buyback Program - 2000<br>• List of sellers for Buyback Program - 2001 |
| Memo to Jack Kennedy, Esq. from Dianne Edwards attaching the listing of the 1996-1997 and 1997-1998 Board Assignments | 3/14/03 | Dianne Edwards | Jack Kennedy, Esq. | • Listing of Board Assignments - Committees of the Board.<br>• Bill Rowland Proposed Stock Repurchase<br>• Minutes of the meeting of Board of Directors dated October 9, 1997 |
| Consent Resolution of Board of Directors re: sale of shares to Cecil Ursprung | 4/2/86 | | | |
| Correspondence to Reflexite Shareholders re: subscription of employees as to stock offering. | 5/6/86 | Peter Costas | Reflexite Shareholders | |
| List of Reflexite Shareholders | 5/7/86 | | | |
| List of Reflexite Shareholders | 1/3/87 (hand-written) | | | |
| Correspondence from Seely to Optioners setting forth pro rata shares to be distributed | 12/3/87 | Hugh Rowland William Rowland F.W. Haffenreffer Geoffrey Clarke Jerrold Robinson Joanne Robinson Myron Proujansky Alexander Rothenberg Ralph Decrescenzo Theodore Shakin Earl Wolf | James Seely | |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| | | cc: Cecil Ursprung<br>cc: Jack Burke | | |
| Frank Waiver of Rights Under Stockholders Agreement | 12/87 | | Jonathan and Virginia Frank | |
| E-mail from Lisa Gotberg to Philip Ferrari re: sale of stock to Worth Loomis with attached spreadsheet | 3/12/03 | Phil Ferrari | Lisa Gotberg | Loomis stock purchase spreadsheet dated November 24, 1997 |
| Buyers and sellers list worksheet - hand-written notation states "solicited as same time of ESOP solicitation - Buyers and Sellers were matched" | 5/12/92 | | | |
| Consent to transfer stock by Cecil Ursprung - 6,000 shares | | | Jonathon Frank and Virginia Frank | |
| Clipped package of documents with a Table of Contents | | | | • Minutes relating to purchase of 277,000 shares;<br>• Rowland Transaction Note;<br>• Quarterly/Annual Reports;<br>• Stock Redemption Agreement - 1988 (cover sheet only - note states "unable to locate");<br>• Documents related to purchase - BOD minutes;<br>• Documents related to insider transaction;<br>• Disclosures;<br>• Purchase Agreements;<br>• Jonathan Frank (cover sheet only - note states "no written requests received");<br>• 1992 ESOP Transaction |
| Draft letter from Cecil Ursprung re: offer of a predetermined dollar amount of stock from the estates of participating stockholders | 4/5/88 | Cecil Ursprung | | |
| Letter from Daniel Bullard to Jack Kennedy, Esq. re: Frank's involvement in the | 3/25/03 | Daniel Bullard | Jack Kennedy, Esq.<br><br>cc: Phil Ferrari | |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| stock redemption agreement | | | | |
| Reflexite Corporation Stock Repurchase for Stockholders and Optioners Insured Repurchase Plan | 2/1/88 | Daniel Bullard | | |
| Letter from Cecil Ursprung to Jack Kennedy, Esq. re: material regarding the stock redemption program authorized by the Board of Directors | 2/29/88 | Cecil Ursprung | Jack Kennedy, Esq. | Pages 4 and 5 of the Reflexite Board of Directors meeting minutes of February 15, 1988. |
| Draft/unsigned Stock Redemption Agreement between Reflexite Corporation and William Rowland | | | | |
| Reflexite Corporation 1987 Stock Option Plan | | | | |
| Reflexite Adoption of 1995 Stock Option Plan | | | | |
| Correspondence to James Lotstein, Esq. enclosing Minutes dated 1/6/98 and Annual Report for 1998 | 3/31/03 | Jack Kennedy, Esq. | James Lotstein, Esq. | • Minutes of the meeting of the Board of Directors of Reflexite Corporation, January 6, 1998 - resolutions were adopted to authorize the financing with Fleet National Bank to facilitate the redemption from Bill Rowland.<br>• Reflexite Annual Report 1998<br>• Reflexite Consolidated Balance Sheet 1998 and 1997 |
| Fax cover sheet from Jack Kennedy, Esq. to James Lotstein, Esq. with 4-page enclosure | 04/14/03 | Jack S. Kennedy, Esq. | James I. Lotstein, Esq. | Letter from Jeffrey A. Simes, Esq. of Goodwin Procter to Jack S. Kennedy of Robinson & Cole dated 4/11/03 with the following attachments:<br>• Letter dated 1/5/79 to H. Jonathan Frank from Hugh Rowland; William Rowland and Frederick Haffenreffer re: proposed purchase of Reflexite stock<br>• Letter dated 1/31/79 from H. Jonathan Frank to Frederick |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| | | | | Haffenreffer re: confirmation of agreement to purchase 8471 shares of Reflexite stock for $7.08323 per share with option to buy 8470 more shares for same price effect for 12 months -ending 1/31/80.<br>• Letter dated 1/28/80 from H. Jonathan Frank to Frederick Haffenreffer enclosing check for (copy illegible) in payment for 4,235 shares of Reflexite stock. |
| Letter from Richard Strassberg, Esq. and Jeffrey A. Simes, Esq. of Goodwin Procter to James Lotstein, Esq. providing additional information with regard to the Franks potential claims against Reflexite with attached Exhibits A-M | 04/16/03 | Richard M. Strassberg, Esq. Jeffrey A. Simes, Esq. | James I. Lotstein, Esq. | • Exhibit A - the Franks' demand letter to Reflexite dated 2/10/03.<br>• Exhibit B - Letter dated 1/5/79 to H. Jonathan Frank from Hugh Rowland; William Rowland and Frederick Haffenreffer re: proposed purchase of Reflexite stock.<br>• Exhibit C - Letter dated 6/14/85 from Peter Costas, Asst. Secretary of Reflexite to H. Jonathan Frank re: modification of shareholders' agreement to permit transfer of shares to a "retirement trust".<br>• Exhibit D - Letter dated 6/25/85 from H. Jonathan Frank to Hugh Rowland re: amendment to shareholders agreement and COI.<br>• Exhibit E - Letter dated 10/9/87 from Peter Costas to H. Jonathan Frank re: agreement to enter into waiver to |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| | | | | allow Hugh flexibility in the disposition of his stock to family and charity. |
| | | | | • Exhibit F - Two memorandums dated 11/5/87 from Peter Costas to directors and shareholders of Reflexite re: shareholders agreement. |
| | | | | • Exhibit G - Letter dated 7/27/95 from Jack Kennedy, Esq. to Worth Loomis re: shareholders agreement. |
| | | | | • Exhibit H - Stock Redemption Agreement dated 11/24/97. |
| | | | | • Exhibit I - Reflexite Company Stock Buy Back Program - requests for buy/sell due 9/30/96 completed by 10/31/96. |
| | | | | • Exhibit J - Stock Buy Back Program Schedule dated 9/30/97. |
| | | | | • Exhibit K - Letter dated 5/5/99 from H. Jonathan Frank to Arthur LoVetere of Reflexite re: liquidation of Mr. Frank's stock position in Reflexite. |
| | | | | • Exhibit L - Letter dated 5/18/99 from Arthur LoVetere of Reflexite to H. Jonathan Frank re: liquidation of Mr. Frank's holdings. |
| | | | | • Exhibit M - Fax cover sheet dated 10/20/01 from H. Jonathan Frank to Phil Ferrari re: stock repurchase |
| Fax cover sheet from Jack Kennedy, Esq. of Robinson & Cole to James Lotstein, Esq. with 4-page enclosure - resent | 04/18/03 | Jack S. Kennedy, Esq. | James I. Lotstein, Esq. | Letter from Jeffrey A. Simes, Esq. of Goodwin Procter to Jack S. Kennedy of Robinson & Cole dated |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| from 4/14/03 | | | | 4/11/03 with the following attachments:<br>• Letter dated 1/5/79 to H. Jonathan Frank from Hugh Rowland; William Rowland and Frederick Haffenreffer re: proposed purchase of Reflexite stock.<br>• Letter dated 1/31/79 from H. Jonathan Frank to Frederick Haffenreffer re: confirmation of agreement to purchase 8471 shares of Reflexite stock for $7.08323 per share with option to buy 8470 more shares for same price effect for 12 months -ending 1/31/80.<br>• Letter dated 1/28/80 from H. Jonathan Frank to Frederick Haffenreffer enclosing check for (copy illegible) in payment for 4,235 shares of Reflexite stock. |
| Fax cover sheet from Jeffrey A. Simes, Esq. of Goodwin Procter to James I. Lotstein, Esq. with 1-page enclosure | 04/21/03 | Jeffrey A. Simes, Esq. | James I. Lotstein, Esq. | Letter dated 4/21/03 from Attorneys Strassberg and Simes to Attorney Lotstein re: proposed dates for telephone conference with H. Jonathan Frank (4/24/03 and 4/25/03) |
| Letter from Jeffrey A. Simes, Esq. and Richard M. Strassberg, Esq. of Goodwin Procter to James I. Lotstein, Esq. (faxed previously on 4/21/03) | 04/21/03 | Jeffrey A. Simes, Esq.<br>Richard M. Strassberg, Esq. | James I. Lotstein, Esq. | Letter dated 4/21/03 from Attorneys Strassberg and Simes to Attorney Lotstein re: proposed dates for telephone conference with H. Jonathan Frank (4/24/03 and 4/25/03) |
| List from Philip Ferrari of Reflexite Corporation's Top Shareholders as of 4/24/03 | 04/25/03 | Philip Ferrari | James I. Lotstein, Esq. | |

| Document Description | Date | Author(s) | Recipient(s) | Attachments(s) |
|---|---|---|---|---|
| Correspondence from Philip Ferrari to James Lotstein, Esq. re: David McDonald Redemption | 04/25/03 | Philip Ferrari | James I. Lotstein, Esq. | |

.HrtLib1:426659.1 04/28/03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

H. JONATHAN FRANK, and FRANK FAMILY
1996 TRUST (on behalf of themselves and
REFLEXITE CORPORATION)                        CIVIL ACTION NO.:  3:03cv1014 (JBA)

                    Plaintiffs

        V.

ARTHUR LOVETERE, CECIL URSPRUNG,
LOUIS J. BACCEI, WORTH LOOMIS,
THEODORE PATLOVICH, STEPHEN J.
RAFFAY, WILLIAM P. ROWLAND, PETER EIO
(individually and in their capacity as members of
the Board of Directors of Reflexite Corporation)
and REFLEXITE CORPORATION

                    Defendants        FEBRUARY 23, 2005

### AFFIDAVIT OF PHIL FERRARI

I, Phil Ferrari, being duly sworn, hereby depose and say:

1.      I am over 18 years of age and understand the obligations of an oath.

2.      I am the Chief Financial Officer of Reflexite Corporation ("Reflexite" or the

"Corporation").

3.      I make this Affidavit based upon my personal knowledge and review of the Corporation's

financial records.

4.      The December 2004 Tender Offer referenced in the Plaintiffs', The Frank Family 1996

Trust and H. Jonathan Frank (collectively, the "Franks" or "Plaintiffs"), Motion For Prejudgment

Remedy was approved by the Board of Directors.

5.      The size of the Tender Offer is $9,400,000, although the Corporation was encouraged by

reputable lenders to double the size of the Tender Offer.  The Corporation could have done a

redemption of $20,000,000.

HART1-1237995-1

6.     The Corporation has obtained financing for the Tender Offer without warrants.  There are Subordination Agreements in connection with the Tender Offer which concern the priority positions of the lenders and do not affect the shareholders' positions.

7.     The Tender Offer, while significant, could have been much larger and is expected to have direct long term benefits for the Shareholders.

8.     The number of shareholders of the Corporation remained essentially the same after the Tender Offer.

9.     The Tender Offer used the "fill the pot" formula for the first $400,000.  The "fill the pot" formula has been used in past redemptions in which the Franks have participated and is employed to include smaller shareholders who would otherwise have no significant opportunity to participate in a redemption.  After the initial $400,000 of the "fill the pot" formula, redemptions for the Tender Offer were based on a fixed percentage of shares held.  This in fact favors larger shareholders, including Franks, who were among the top beneficiaries of the Tender Offer.

10.     The Franks participated in the Tender Offer tendering all of their shares.  Their ownership was reduced from 215,343 shares to 137,353 shares, for a total redemption of 77,990 shares, which was the second largest redemption among shareholders.  As a result of the redemption, the Franks' ownership percentage was reduced from 11.63% to 8.65%, or by 2.98 percentage points which was the greatest percentage of reduction among larger shareholders. The Franks realized liquidation in the amount of $2,768,645 as a result of the Tender Offer.

11.     The Defendant Officers/Directors Lovetere, Baccei, Loomis, Patlovich and Eio did not participate in the Tender Offer.  Raffay, a former Director, decreased his percentage of ownership by less than ½ of 1%.  Cecil Ursprung decreased his percentage of holdings by 1.78 percentage points.

12.    From November 2003 up until the December 2004 Tender Offer, the Franks redeemed

approximately $1.3 million dollars worth of shares, including participation in a $2.6 million

dollar Tender Offer in which they redeemed 26,920 shares for $729,532.

13.    There have been stock options that were previously issued with "puts" which were

approved by a vote of all shareholders.  The Franks participated in the vote.

14.    The 2004 Stock Option Plan was deferred by the Board until the 2005 annual meeting

because it determined that there were enough shares left under the current stock option plan and

therefore, there was simply not a need for the additional Plan at that time.

I declare under penalty of perjury that the foregoing is true and accurate.

Phil Ferrari

Subscribed and sworn to this
23  day of February 2005
before me

Commissioner of the Superior Court
Notary Public
My commission expires: June 30, 2005

CERTIFICATE AMENDING OR RESTATING CERTIFICATE OF INCORPORATION
(1 3E Rev 1-90)
Stock Corporation

2725

182371A464  04/14/92PM37010    37.00
182371A464  04/14/92PM37100    34.00

# VOL 1 204

**STATE OF CONNECTICUT**
SECRETARY OF THE STATE
30 TRINITY STREET
HARTFORD, CT 06106

B.

---

1.  Name of Corporation ( Please enter name within lines)

    Reflexite Corporation

---

2.  The Certificate of Incorporation is: (Check one)

    ☐  A.  Amended only, pursuant to Conn. Gen. Stat. §33 - 360.

    ☐  B.  Amended only, to cancel authorized shares (state number of shares to be cancelled, the class, the
            series, if any, and the par value. P.A. 90-107.)

    ☒  C.  Restated only, pursuant to Conn. Gen. Stat. §33 - 362(a).

    ☐  D.  Amended and restated, pursuant to Conn. Gen. Stat. §33 - 362(c).

    ☐  E.  Restated and superseded pursuant to Conn. Gen. Stat. §33 - 362(d).

    Set forth here the resolution of amendment and/or restatement. Use an 8 1/2 X 11 attached sheet if more
    space is needed. Conn. Gen. Stat. §1 - 9.

    See Attachment

    (If 2A or 2B is checked, go to 5 & 6 to complete this certificate. If 2C or 2D is checked, complete 3A or 3B. If
    2E is checked, complete 4.)

3.  (Check one)

    ☒  A.  This certificate purports merely to restate but not to change the provisions of the original Certificate
            of Incorporation as supplemented and amended to date, and there is no discrepancy between the provi-
            sions of the original Certificate of Incorporation as supplemented and amended to date, and the provisions
            of this Restated Certificate of Incorporation. (If 3A is checked, go to 5 & 6 to complete this certificate.).

    ☐  B.  This Restated Certificate of Incorporation shall give effect to the amendment(s) and purports to
            restate all those provisions now in effect not being amended by such new amendment(s). (If 3B is
            checked, check 4, if true, and go to 5 & 6 to complete this Certificate.)

4.  (Check if true)

    ☐  This restated Certificate of Incorporation was adopted by the greatest vote which would have been re-
        quired to amend any provision of the Certificate of Incorporation as in effect before such vote and super-
        sedes such Certificate of Incorporation.

2726

The manner of adopting the resolution was as follows: (Check one A. or B. or C)

☐ A.  By the board of directors and shareholders, pursuant to Conn. Gen. Stat. §33 - 360.
Vote of Shareholders:  (Check (i) or (ii), and check (iii) if applicable.)

   (i)  ☐  No shares are required to be voted as a class; the shareholder's vote was as follows:

Vote Required for Adoption _____    Vote Favoring Adoption _____

   (ii) ☐  There are shares of more than one class entitled to vote as a class.   The designation of
each class required for adoption of the resolution and the vote of each class in favor of
adoption were as follows:
(Use an 8 1/2 x 11 attached sheet if more space is needed. Conn. Gen. Stat. § 1 - 9.)

   (iii) ☐  Check here if the corporation has 100 or more recordholders, as defined in Conn. Gen.
Stat. §33 - 311a(a).

☒ B.  By the board of directors acting alone, pursuant to Conn. Gen. Stat. § 33 - 360(b)(2) or 33-362(a).

The number of affirmative votes required to adopt such resolution is:   __4__

The number of directors' votes in favor of the resolution was:   __7__

We hereby declare, under the penalties of false statement, that the statements made in the foregoing certificate are
true:

| (Print or Type) | Signature | (Print or Type) | Signature |
|---|---|---|---|
| Name of Pres. _____ | | Name of _____ Asst Sec. | |
| Cecil Ursprung | | Jack S. Kennedy | |

☐ C.  The corporation does not have any shareholders.  The resolution was adopted by vote of at least two-
thirds of the incorporators before the organization meeting of the corporation, and approved in writing
by all subscribers for shares of the corporation. If there are no subscribers, state NONE below.

We (at least two-thirds of the incorporators) hereby declare, under the penalties of false statement, that the state-
ments made in the foregoing certificate are true.

| Signed Incorporator | Signed Incorporator | Signed Incorporator |
|---|---|---|
| | | |
| Signed Subscriber | Signed Subscriber | Signed Subscriber |
| | | |

(Use an 8 1/2 X 11 attached sheet if more space is needed.  Conn. Gen. Stat. § 1 - 9 )

Dated at _Hartford, Connecticut_ this  _14th_  day of  _April_ , 19_92_ .

**FILED**
STATE OF CONNECTICUT

APR 14 1992

_____
SECRETARY OF THE STATE

F.E 45
CC 12
Exp 50
$107.

Rec/CC GS: (Type or Print)
_Therese Kilmartin_
_Robinson +Cole_
_One Commercial Plaza_
_Hartford, CT 06103-3597_
Please provide filer's name and complete address for mailing
receipt

VOL1 204

2727

## RESTATED
## CERTIFICATE OF INCORPORATION
## OF
## REFLEXITE CORPORATION

The name of the corporation is REFLEXITE CORPORATION.

2.  The nature of the business to be transacted, or the purposes to be promoted or carried out by the Corporation are to engage in any lawful act or activity for which corporations may be formed under the Stock Corporation Act of the State of Connecticut.

3.  The amount of capital stock of the Corporation hereby authorized is One Million Six Hundred Thousand (1,600,000) shares of common stock without par value.

4.  The minimum amount of stated capital with which the Corporation shall commence business is One Thousand Dollars ($1,000.00).

5.  No shareholder shall have any preemptive rights to purchase the Corporation's shares or convertible securities

6.  The duration of the Corporation shall be perpetual.

7.  A director of the Corporation shall not be liable to the Corporation or its shareholders for monetary damages for breach of duty as a director in an amount in excess of the compensation received by such director for serving the Corporation during the year of such breach (or such lesser amount as may hereafter be permitted by the Connecticut Stock Corporation Act), except to the extent such exemption from liability of limitation thereof is not permitted under the Connecticut Stock Corporation Act as currently in effect or as the same may hereafter be amended.  No amendment, modification or repeal of this provision shall adversely affect any right or protection of a director that exists at the time of such amendment, modification or repeal.

ATE AMENDING OR RESTATING CERTIFICATE OF INCORPORATION    2471
v. 9/90
orporation
: 1214

STATE OF CONNECTICUT
SECRETARY OF THE STATE
30 TRINITY STREET
HARTFORD, CT 06106

ame of Corporation (Please enter name within lines)

n-flexite Corporation

he Certificate of Incorporation is:    (Check One)

X[ A.    Amended only, pursuant to Conn. Gen. Stat. §33 - 360.

] B.    Amended only, to cancel authorized shares (state number of shares to be
        cancelled, the class, the series, if any, and the par value, P.A. 90-
        107.)

] C.    Restated only, pursuant to Conn. Gen. Stat. §33 - 362(a).

] D.    Amended and restated, pursuant to Conn. Gen. Stat. §33 - 362(c).

] E.    Restated and superseded pursuant to Conn. Gen. Stat. §33 - 362(d).

et forth here the resolution of amendment and/or restatement.  Use a d n X II
ttached sheet if more space is needed.  Conn. Gen. Stat. §1 - 9.

RESOLVED:  That paragraph 3 of the Restated Certificate of Incorporation, filed on
April 14 1992, be amended to read as follows:

"3.  The amount of capital stock of the Corporation hereby authorized is Six
Million Five Hundred Thousand (6,500,000) shares of common stock with no par
value."

(If 2A is checked, go to 5 & 6 to complete this certificate.  If 2C or 2D is
checked, complete 3A or 3B.  If 2E is checked, complete 4.)

(Check One)

[] A.    This certificate purports merely to restate but not to change the
         provisions of the original Certificate of Incorporation as supplemented and
         amended to date, and there is no discrepancy between the provisions of the
         original Certificate of Incorporation as supplemented and amended to date, and
         the provisions of this Restated Certificate of Incorporation.  (If 3A is
         checked, go to 5 & 6 to complete this certificate.)

[] B.    This Restated Certificate of Incorporation shall give effect to the
         amendment(s) and purports to restate all those provisions now in effect not
         being amended by such new amendment(s).  (If 3B is checked, check 4, if true,
         and go to 5 & 6 to complete this Certificate.)

(Check, if true)

[] This restated Certificate of Incorporation was adopted by the greatest vote
   which would have been required to amend any provision of the Certificate of
   Incorporation as in effect before such vote and supersedes such Certificate of
   Incorporation.

The manner of adopting the resolution was as follows:   (Check one A, or B, or C)

[X]  A.  By the board of directors and shareholders, pursuant to Conn. Gen. Stat.
§33 - 360.  Vote of Shareholders:  (Check (i) or (ii), and check (iii)
if applicable.)

(i)  [X]  No shares are required to be voted as a class; the
shareholder's vote was as follows:

Vote Required for Adoption  834,425  Vote Favoring Adoption  955,479
                           (2/3 cd'e)

(ii)  [ ]  There are shares of more than one class entitled to vote as
a class.  The designation of each class required for
adoption of the resolution and the vote of each class in
favor of adoption were as follows:
(Use an 8 ½ X 11 attached sheet if more space is needed.
Conn. Gen. Stat. § 1 -9.)

(iii)  [ ]  Check here if the corporation has 100 or more recordholders,
as defined in Conn. Gen. Stat. §33 - 311a(a).

[ ]  B.  By the board of directors acting alone, pursuant to Conn. Gen. Stat.
§33 - 360(b)(2) or 33-362(4).

The number of affirmative votes required to adopt to such resolution is:

The number of directors' votes in favor of the resolution was:

we hereby declare, under the penalties of false statement, that the statements made in the
foregoing certificate are true:

| (Print or Type) | Signature | (Print or Type) | Signature |
|---|---|---|---|
| Name of Pres./V. Pres.<br>Phil L. Coyer | | Name of Secr./Asst Sec.<br>JACK S. KENNEDY | |

[ ]  C.  The corporation does not have any shareholders.  The resolution was
adopted by vote of at least two-thirds of the incorporators before the
organization meeting of the corporation, and approved in writing by all
subscribers (if any) for shares of the corporation.  If there are no
subscribers, state NONE below.

We (at least two-thirds of the incorporators) hereby declare, under the penalties of false
statement, that the statements made in the foregoing certificate are true.

| Signed Incorporator | Signed Incorporator | Signed Incorporator |
|---|---|---|
| | | |

| Signed Subscriber | Signed Subscriber | Signed Subscriber |
|---|---|---|
| | | |

(Use an 8 ½ X 11 attached sheet if more space is needed. Conn. Gen. Stat. § 1 - 9)

Dated _____ this _____ day of _____, 19 __
N/A

Rec., CC, GS:  (Type or Print)

Please provide filer's name and complete
address for mailing receipt

$ 9,000 FT

5,000 FF

$ 9,250.00

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing Opposition of Outside Director Defendants to Plaintiffs' Application for Prejudgment Remedy was sent on February 28, 2005, via U.S. Mail, first-class, postage pre-paid to all counsel of record as follows:

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter, LLP
599 Lexington Avenue
New York, NY   10022

Michael Considine, Esq.
Patricia M. Canavan, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT   06901

Craig A. Raabe, Esq.
Jason M. Kuselias, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT   06103-3597

Edward F. Spinella, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT   06103

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT   06601-7006

Sarah A. L. Merriam

-23-