UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| H. JONATHAN FRANK and FRANK FAMILY 1996 TRUST, | : : : | Civil Action No. 3:03-CV- 1014 (JBA) |
| Plaintiffs, | : : | |
| v. | : : | |
| ARTHUR LOVETERE, et al., | : : | |
| Defendants. | : | JUNE 7, 2005 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER DIRECTING PLAINTIFFS TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs H. Jonathan Frank and Frank Family 1996 Trust ("Plaintiffs") respectfully submit this memorandum in opposition to Defendants' motion for an order directing Plaintiffs to file a second amended complaint.

Defendants Arthur LoVetere, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, Peter Eio, William P. Rowland, and Cecil Ursprung (collectively herein, the "Defendants") have filed a motion asking the Court to direct plaintiffs to file a new complaint, amended to Defendants' specifications, based on (1) the fact that certain claims have been dismissed and (2) Defendants' assertion that some of the factual allegations in the Complaint require updating.[1]  Defendants' request is entirely without basis in the law or the Federal Rules of Civil Procedure.  Indeed, Defendants offer no support for their unusual motion—as there is none—nor do they even bother to point to any way in which they believe the Complaint to be defective under Rules 8 or 12 or any other provision of law.  Simply put, Defendants' attempt to

---

[1] Defendants did not consult with Plaintiffs prior to making this motion.

exert control over the substantive contents of the Complaint is improper and research has revealed no circumstance in which any defendant has been granted the rights these Defendants seek to arrogate to themselves.

The Federal Rules make clear that defendants' rights to object to the contents of a pleading are limited. Federal Rule 8(a)(2), for example, makes clear that plaintiffs need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which "simply give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotations omitted); Fed.R.Civ.P. 8(a)(2). Defendants have not disputed—and cannot dispute—that Plaintiffs' detailed allegations easily satisfy these pleading requirements.

Nonetheless, Defendants assert that their Motion for Order Directing Plaintiffs to File Second Amended Complaint (the "Motion" or "Mot.") "simply seek[s] clarification of the allegations that they are required to answer," before responding to the Complaint. Mot. at 3. The proper vehicle for Defendants' request, however, is a motion pursuant to Federal Rule 12(e), which provides that a defendant may ask the court to direct the plaintiff to file a more definitive complaint prior to the Defendants' filing of a responsive pleading, but only if the complaint "is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Federal Rule 12(e). Defendants in this case have ignored this vehicle in a transparent attempt to side-step this standard for legal sufficiency, which has obviously been more than met by the Complaint filed in this matter. Even in cases—unlike here—where there is doubt as to the sufficiency of the pleadings, courts have recognized that "in view of the great liberality of Rule 8 . . . it is clearly the policy of the rules" that a plaintiff should not "lightly be required to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." Clark v.

2

McDonald's Corp., 213 F.R.D. 198, 233 (D.N.J. 2003) (quoting Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959) (internal citations omitted)).  Defendants' request, however styled, is in effect a motion under Rule 12(e) and should be held to the same standard as a pleading formally filed pursuant to the Rule.  Given the indisputable legal sufficiency of Plaintiffs' Complaint—and Defendants' total failure to identify any allegations so vague and ambiguous that they cannot be understood—Defendants' motion should be denied.

Defendants' argument that Plaintiffs should be directed to file a new complaint deleting any allegations that may relate to dismissed claims, on the basis that "defendants should not be required to answer such allegations," is absurd. Mot. at 2.  It is routine practice for a defendant answer a Complaint after certain counts have been dismissed on a motion to dismiss and where other counts survive; such practice is not only envisioned, but mandated by the Federal Rules. See Fed.R.Civ.P. 12(a)(4)(A) (requiring a responsive pleading to be served by a defendant within 10 days after the court rules on the defendant's motion to dismiss).  In contrast, Defendants do not—and cannot—point to any Rule or other authority obligating a plaintiff to amend its complaint to reflect the fact that some claims have been dismissed.

The Defendants' demand that the Plaintiffs "correct[]" and "update[]" certain factual allegations in the Complaint in accordance with Defendants' recitation of the facts is equally unavailing.  Again, the Defendants cannot identify any precedent for their proposition that the Plaintiffs are required to amend their Complaint simply because certain circumstances may have changed.  And, acceptance of Defendants' proposition would in effect require Plaintiffs to repeatedly amend their complaint as circumstances surrounding the litigation change over time, and, where—as is often the case—factual disputes arise, would oblige courts to resolve such disputes prior to trial to determine whether the complaint requires amendment.  This is obviously

3

not the law. Further, Defendants' proposition is clearly at odds with accepted litigation practice; namely, that defendants faced with allegations they believe inaccurate have the option to—and routinely do—simply "deny" any such allegations in their answer.

Moreover, contrary to the Defendants' suggestion, the Plaintiffs have no obligation to file an amended complaint that comports with the specifications set forth by the <u>Defendants</u>. The Defendants' demand that Plaintiffs delete or amend certain paragraphs of their complaint as Defendants see fit is illogical; it is Plaintiffs' prerogative to set forth the factual allegations on which their claims are based. Although the Defendants may choose to respond (<u>i.e.</u>, admit, deny, etc.) to each individual allegation as they feel appropriate in answering the Complaint, they—as the party against which the Complaint has been brought—is not permitted to dictate its contents.

71289346.1 003768-00000
June 7, 2005 11:34 AM

## CONCLUSION

For the foregoing reasons, Defendants' motion should be denied in all respects.

        Respectfully submitted,

        H. JONATHAN FRANK AND 1996 FRANK
        FAMILY TRUST,


           /s/ Terence J. Gallagher
        Terence J. Gallagher (ct22415)
        Jonathan B. Tropp (ct11295)
        DAY, BERRY & HOWARD LLP
        One Canterbury Green
        Stamford, CT  06901
        (203) 977-7300

        -and-

        Richard A. Strassberg (ct24905)
        Jeffrey A. Simes (ct24906)
        GOODWIN PROCTER LLP
        599 Lexington Avenue
        New York, New York 10022
        (212) 813-8800

        Their Attorneys

71289346.1 003768-00000
June 7, 2005 11:34 AM

## CERTIFICATE OF SERVICE

       I hereby certify that on June 7, 2005 a true copy of the foregoing document was served via overnight courier upon all counsel of record.

| | |
|---|---|
| James T. Cowdery, Esq.<br>Sarah A. L. Merriam, Esq.<br>Cowdery, Ecker & Murphy, L.L.C.<br>750 Main Street<br>Hartford, CT 06103-2703 | Edward F. Spinella, Esq.<br>Reid and Riege, P.C.<br>One Financial Plaza<br>Hartford, CT 06103 |
| James T. Shearin, Esq.<br>Pullman & Comley, LLC<br>850 Main Street, P.O. Box 7006<br>Bridgeport, CT 06601-7006 | Craig A. Raabe, Esq.<br>Jason M. Kuselias, Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3597 |

                                                      /s/
                                          Terence J. Gallagher

71289346.1 003768-00000
June 7, 2005 11:34 AM