UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JONATHAN FRANK AND FRANK FAMILY 1996 TRUST | : CIVIL ACTION NO.<br>: 3:03CV01014(JBA) |
| Plaintiffs, | : |
| V. | : |
| ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND and PETER EIO | : JULY 8, 2005 |
| Defendants. | : |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:                June 5, 2003
Date Complaint Served:               July 8, 2003[1]
Date of Defendants' First Appearance: July 10, 2003
Date First Amended Complaint Served: November 7, 2003
Date Second Amended Complaint Served: June 24, 2005

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(e), a conference was held on July 7, 2005. The participants were:

Jeffrey A. Simes and Terence J. Gallagher, for plaintiffs H. Jonathan Frank and Frank Family 1996 Trust ("Plaintiffs").

Edward F. Spinella for defendant Cecil Ursrpung; Sarah A. L. Merriam for defendants William Rowland, Arthur LoVetere, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay and Peter Eio.

**I.     Certification.** Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their

---

[1] Defendants Raffay, Loomis, Baccei, Ursrpung, and Eio were served on July 8, 2003. Defendant Patlovich was served on July 14, 2003. Counsel for defendant Rowland agreed to accept service on July 7, 2003 and process was mailed that day. Defendant LoVetere has been served by agreement of counsel.

clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction.

A. *Subject Matter Jurisdiction:* The asserted basis for subject matter jurisdiction is under 28 U.S.C. §§ 1332 and 1367.

B. *Personal Jurisdiction:* Plaintiffs contend that personal jurisdiction is proper under the Connecticut Long-Arm Statute and the Due Process Clause of the United States Constitution. The Defendants do not intend to challenge the existence of personal jurisdiction over them in this case.

## III. Brief Description of Case:

A. *Claims of Plaintiff(s).* Plaintiffs are, and at all relevant times have been, shareholders of Reflexite Corporation. Plaintiffs contend that the Defendants breached their fiduciary and other duties by refusing to provide the Franks with information necessary to evaluate their shareholdings in Reflexite and otherwise acted to favor insiders, expend corporate assets on their behalf, and deny the Franks a fair opportunity to enjoy the economic benefits of owning shares of Reflexite.

B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims) of Defendants(s).*

Defendants Arthur LoVetere, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, Peter Eio and William Rowland deny liability for the claim asserted against them,. These defendants reserve the right to assert defenses of waiver, estoppel, laches, statute of limitations, standing, and reliance on the business judgment rule and others that may be necessary or appropriate as this case proceeds.

Defendant Cecil Ursprung denies liability for all claims asserted against him, both directly and derivatively, including any breach of fiduciary duty or tortious interference with contractual relations. Defendant Ursprung believes the complaint fails to state a claim upon which relief may be granted and will further assert, among others, the defenses of waiver, estoppel, laches, statute of limitations, standby, and reliance on the business judgment rule.

C. *Defenses and Claims of Third Party Defendant(s).* None.

## IV. Statement of Undisputed Facts:
Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Defendant Reflexite is a corporation organized and existing under the laws of the State of Connecticut, with an office and principal place of business located in Avon, Connecticut.

2.      Defendants Arthur LoVetere, Cecil Ursprung, Louis J. Baccei, and Peter Eio are presently members of the Board of Directors of Reflexite Corporation.

3.      Reflexite is a private corporation that develops and sells reflective products and display optics. Its shares are not publicly traded on any public stock exchange.

**V.      Case Management Plan.**

A.      *Standing Order on Scheduling in Civil Cases.* The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as described below.

B.      *Scheduling Conference With the Court.* A scheduling conference with the Court has been set for July 20, 2005.

C.      *Early Settlement Conference.*

1.      The parties certify that they are considering the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties believe that settlement is unlikely at this time.

2.      The parties do not request an early settlement conference at this time, but may seek the Court's involvement at a later date.

3.      The parties prefer to discuss settlement among themselves at this time.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

D.      [The 2003 revision of the District of Connecticut Form 26(f) does not use this heading.]

E.      *Joinder of Parties and Amendment of Pleadings.*

1.      Plaintiffs do not anticipate amending their Complaint or joining any additional parties at this time.

2.      The Defendants do not anticipate joining any additional parties at this time.

F.      *Discovery.*

1.      Plaintiffs have identified at least the following issues concerning which they contend that they will need discovery:

   i. The Franks' shareholdings in Reflexite;
   ii. Reflexite's policies, practices and actions concerning sales of shares by insiders and others;
   iii. Reflexite's policies, practices and actions concerning the liquidity of its shareholders;

-3-

iv. The treatment granted to Defendants and other Reflexite shareholders concerning their shareholdings in Reflexite;

v. Sales of Reflexite shares by the Defendants and other shareholderss of Reflexite;

vi. The Defendants' discriminatory conduct toward the Franks;

vii. The exclusion of the Franks from buyback opportunities made available to other shareholders of Reflexite;

viii. The valuation of Reflexite and shares of Reflexite stock;

ix. The damages suffered by the Franks including the injury to the value of their shareholdings in Reflexite stock;

x. The demand letter from the Franks and Reflexite's response thereto;

xi. The purported Special Litigation Committee formed by the Reflexite Board of Directors and its investigation into the Franks' shareholdings;

xii. The Franks' requests for information concerning Reflexite and their shareholdings in Reflexite;

xiii. Responses by the Board and Reflexite to requests of the Franks' as to the disposition of their shares of Reflexite stock;

xiv. Communications between the Defendants and the Franks concerning Reflexite stock;

xv. The allegations set forth in the pleadings in this lawsuit.

Defendant Rowland has identified at least the following issues concerning which he contends that he will need discovery:

xvi. Those issues identified by plaintiffs in subsection V(f)(1)(i)-(vii), (viii) (insofar as the damages that are alleged have been incurred) and (ix)-(xiv);

xvii. Such agreements as are claimed to exist by and between Bill Rowland and H. Jonathan Frank with respect to the shares owned by and between them, any and all modifications to same (oral or written) and all circumstances concerning the enforceability of same;

xviii. Damages allegedly suffered by H. Jonathan Frank with respect to the ability of him to sell his shares and his readiness, willingness and ability to sell it in a time where he purports that plaintiff should have been able to sell such shares; and

xix. Any and all facts associated with the claims of breach of fiduciary duty of Bill Rowland in his capacity as director including any such issues identified by the corporate defendant as well as the director defendants.

Defendants Arthur LoVetere, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay and Peter Eio have identified at least the following issues concerning which they contend that they will need discovery:

xx. Those issues identified by plaintiffs in subsections V(f)(1)(i)-(xiv);

xxi. The items specified by codefendants Reflexite Corporation and William Rowland in Section V(F) of their August 29, 2003 correspondence with counsel for the plaintiffs as well as items identified by codefendant Cecil Ursprung;

xxii. Any and all facts associates with the claims of breach of fiduciary duty asserted in the first and second counts, including without limitation all facts concerning the defendants' alleged "self-dealing," "self-interested transactions," "unfairness," and "oppression";

xxiii. The purchase, acquisition, ownership, sale or transfer of Reflexite stock by Jonathan Frank, Morgan Frank and the 1996 Frank Family Trust;

xxiv. Any opportunities provided to the plaintiffs to sell Reflexite stock, and the plaintiffs' responses thereto;

xxv. Any limitations or restrictions on Reflexite Corporation's repurchase of its stock;

xxvi. The Shareholder's Agreement and Employee Stock Option Plan;

xxvii. Any damages alleged to be suffered by Jonathan Frank, Morgan Frank and the 1996 Frank Family Trust as a result of the claims alleged in the complaint; and

xxviii. Any and all facts associated with the claim that the defendants "diverted" corporate assets and resources.

Defendant Ursprung has identified at least the following issues concerning which he contends that he will need discovery:

xxix. Those matters identified by Plaintiffs in Section V(f)(1)(i)-(xiv);

xxx. Those matters identified by Reflexite in Paragraph (V)(F)(1) (xv)-(xviii);

xxxi. Any and all matters related to the claims of breach of fiduciary duty and tortious interference with contract associated with the complaint;

xxxii. The purchase, acquisition, ownership, sale or transfer of Reflexite stock by Jonathan and Morgan Frank and the 1996 Frank Family Trust;

xxxiii. Any opportunities provided to the Plaintiffs to sell Reflexite stock and Plaintiffs' responses thereto;

xxxiv. Any limitations or restrictions on Reflexite's repurchase of its stock;

xxxv. Any shareholders' Agreement and Employee Stock Option Plan; and

xxxvi. Any alleged damages suffered by Jonathan and Morgan Frank and the 1996 Frank Family Trust.

2. The parties propose that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) be completed (not propounded) by April 15, 2006.

3. Discovery will be conducted in phases. All parties agree that expert discovery will take place after factual discovery has been completed, in accordance with subparagraphs 7 and 8 below.

4. Factual discovery will be completed (not propounded) by January 31, 2006. All discovery, including expert discovery will be completed by April 15, 2006.

5. Plaintiffs anticipate that they will require at least fifteen (15) depositions of fact witnesses, excluding experts, with the reservation of rights to seek additional depositions of fact witnesses as deemed necessary, subject to Court approval. Parties propose that the depositions commence immediately and be completed by January 31, 2006. Defendants LoVetere, Baccei, Loomis, Patlovitch, Raffay and Eio anticipate taking three to five other depositions. Defendant Rowland anticipated taking three to five other depositions. Defendant Ursprung reserves the right to depose between one and five witnesses.

6. Defendant Rowland requests permission to serve up to twenty-five (25) interrogatories, including subparts, to the Plaintiffs. Defendant Ursprung requests permission to serve up to twenty-five (25) interrogatories, including subparts, to the Plaintiffs. Defendants LoVetere, Baccei, Loomis, Patlovich, Raffay and Eio request permission to serve, collectively, up to twenty-five (25) interrogatories, including subparts, to the Plaintiffs. Plaintiffs request permission to serve up to twenty-five (25) interrogatories, including subparts, to each group of Defendants referenced above, including interrogatories already served.

7. Plaintiffs intend to call expert witnesses at trial. The parties suggest that plaintiffs designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than February 1, 2006 and that depositions of any such experts be completed by a date not later than March 1, 2006.

8. Defendants intend to call expert witnesses at trial. The parties propose that Defendants designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than March 15, 2006 and that depositions of such experts be completed by April 15, 2006.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages in the same manner as the expert reports, as set forth above. The parties suggest that a damages analysis should be provided by any party who has a claim or counterclaim for damages on or before January 15, 2006.

G. *Dispositive Motions*. Parties propose that any dispositive motions be filed on or before June 15, 2006.

H.   *Joint Trial Memorandum.*  The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within forty-five (45) days of any trial date set by the Court.

**VI.   Trial Readiness.**  The parties anticipate that the case will be ready for trial within ninety (90) days of a decision on any dispositive motions filed in this case. As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| DEFENDANTS WILLIAM P. ROWLAND, ARTHUR LOVETERE, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY AND PETER EIO | PLAINTIFFS H. JONATHAN FRANK and FRANK FAMILY 1996 TRUST |
| /s/ James T. Cowdery | Terence Gallagher /sal/ |
| James T. Cowdery (ct05103) | Jonathan B. Tropp (ct11295) |
| Sarah A. L. Merriam (ct25379) | Terence J. Gallagher (ct 22415) |
| Cowdery, Ecker & Murphy, L.L.C. | Day, Berry & Howard LLP |
| 750 Main Street | One Canterbury Green |
| Hartford, CT 06103-2703 | Stamford, CT 06901 |
| Telephone: (860) 278-5555 | Telephone: (203) 977-7300 |
| | - and - |
| | Richard A. Strassberg (ct24905). |
| | Jeffrey A. Simes (ct24906) |
| | Goodwin Procter LLP |
| | 599 Lexington Avenue |
| | New York, NY 10022 |
| | Telephone: (212) 813-8800 |

DEFENDANT CECIL URSPRUNG

Ed Spinella /sal/
Edward F. Spinella (ct00102)
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103
Telephone: (860) 240-1045

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Motion for Extension of Time was sent on July 8, 2005, via U.S. Mail, first-class, postage pre-paid to all counsel of record as follows:

Jonathan B. Tropp, Esq.
Terrence Gallagher, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter, LLP
599 Lexington Avenue
New York, NY 10022

Edward F. Spinella, Esq.
Todd S. Federico, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

James T. Shearin, Esq.
Pullman & Comley
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006



Sarah A. L. Merriam