UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------x
                                   :
H. JONATHAN FRANK and FRANK        :    No. 3:03CV01014(JBA)
1996 TRUST,                        :
                                   :
        Plaintiffs,                :
                                   :
v.                                 :
                                   :
ARTHUR LOVETERE, CECIL URSPRUNG.   :
LOUIS J. BACCEI, WORTH LOOMIS,     :
THEODORE PATLOVICH, STEPHEN J.     :
RAFFAY, WILLIAM P. ROWLAND, and    :
PETER EIO,                         :
                                   :
        Defendants.                :    July 13, 2005
                                   :
-----------------------------------x
```

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ARTHUR LOVETERE,
LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH,
STEPHEN J. RAFFAY, WILLIAM P. ROWLAND and PETER EIO**

Defendants Arthur LoVetere, Louis J. Baccei, Worth Loomis,
Theodore Patlovich, Stephen J. Raffay, William P. Rowland and
Peter Eio (collectively, "answering defendants"), for their
Answer to the Second Amended Complaint of plaintiffs H. Jonathan
Frank and Frank Family 1996 Trust ("plaintiffs"), dated June 24,
2005, state as follows in response to the allegations made
against them.  All allegations not specifically addressed herein
are denied.

1.    The allegation that this is an action "against certain
current and former members of the Board of Directors of
Reflexite" is admitted.  The remaining allegations are denied,
except that the answering defendants lack knowledge as to the

shareholdings of the Frank Family 1996 Trust and therefore leave the plaintiffs to their proof.

2.    Denied.

3.    Denied.

4.    Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

5.    Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

6.    Admitted.

7.    Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

8.    The allegation that Louis J. Baccei is a member of the Board of Directors of Reflexite is admitted.  The remaining allegations are denied.

9.    The allegation that Worth Loomis is a member of the Board of Directors of Reflexite is denied.  The remaining allegations are admitted.

10.   The allegation that Theodore Patlovich is a member of the Board of Directors of Reflexite is denied.  The remaining allegations are admitted.

11.   The allegation that Stephen J. Raffay is a member of the Board of Directors of Reflexite is denied.  The remaining allegations are admitted.

12.   Admitted.

13.   The allegation that Peter Eio resides at 70 Sill Lane,

Old Lyme, Connecticut, 06371, is admitted, as is the allegation that Peter Eio is a member of the Board of Directors of Reflexite. The remaining allegations are denied.

14. Insofar as this paragraph alleges that each of the answering defendants was at some time a member of the Board of Directors of Reflexite, it is admitted. The remaining allegations are denied.

15. The allegations that Arthur LoVetere is a citizen of Michigan and that William Rowland is a citizen of New York are admitted. The remaining allegations are denied.

16. Insofar as this paragraph alleges that each of the answering defendants was at some time a member of the Board of Directors of Reflexite, it is admitted. The remaining allegations are denied.

17. Paragraph 17 alleges a legal conclusion to which no response is required.

18. Paragraph 18 alleges a legal conclusion to which no response is required.

19. Admitted.

20. Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

21. The allegation that Reflexite has purchased shares from various shareholders from time to time is admitted. The remaining allegations are denied.

22. Insofar as this paragraph alleges that each of the

answering defendants was at some time a member of the Board of Directors of Reflexite, it is admitted. The remaining allegations are denied.

23. Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

24. Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

25. Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof, except that defendant Rowland admits the allegation that Jonathan Frank formed a company called Omnicon which became a significant purchaser of Reflexite products.

26. Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof, except that defendant Rowland admits the allegation that Jonathan Frank was involved in the development of roll-up sign technology.

27. The allegation that Jon Frank's shareholdings "date back to the early days of the company" is admitted. The remaining allegations are denied.

28. Denied, except that defendant Rowland admits that Jonathan Frank purchased shares representing approximately 10% of the shares of Reflexite Corporation.

29. Insofar as paragraph 29 alleges that the Frank Family 1996 Trust owns a large number of shares of Reflexite stock, it is admitted. The remaining allegations are denied.

30.  Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof, except that insofar as this paragraph alleges that Jonathan Frank was asked to join Reflexite Corporation as an employee, it is admitted by defendant Rowland.

31.  Denied.

32.  Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

33.  Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

34.  Denied.

35.  Denied.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Insofar as this paragraph alleges that certain Reflexite stock options are accompanied by a "put," it is admitted.  The remaining allegations are denied.

40.  The allegation that "the Board was not concerned about the effect of such large sales on the financial health of Reflexite" is denied.  As to the remaining allegations, answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

41.  The allegation that Reflexite purchased approximately $8 million of shares from defendant Rowland in 1998 at $30 per

share is admitted.  The remaining allegations are denied.

42.  Denied.

43.  Denied, except that answering defendants have insufficient knowledge as to the allegations regarding stock sales or transfers by Jonathan Frank or the Frank Family 1996 Trust and therefore leave the plaintiffs to their proof.

44.  Answering defendants have insufficient knowledge with which to plead and therefore leave the plaintiffs to their proof.

45.  Denied.

46.  Denied, except that answering defendants have insufficient knowledge as to the allegation that "previous buyback programs were on a percentage basis" and therefore leave the plaintiffs to their proof.

47.  Denied.

48.  Denied.

49.  Denied.

50.  Insofar as this paragraph alleges that Jonathan Frank requested opportunities to sell shares owned by him or the Trust to Reflexite, it is admitted.  The remaining allegations are denied.

51.  Denied, except that the statement that "good corporate governance suggests that the directors should own significant amounts of shares of the company they manage" is a non-factual contention to which no response is required.

52.  The allegation that defendant LoVetere wrote a letter

to Jon Frank dated May 18, 1999, is admitted.  The remaining
allegations are denied.

    53.  Answering defendants have insufficient knowledge with
which to plead and therefore leave the plaintiffs to their proof.

    54.  Denied.

    55.  Denied.

    56.  The allegation that "the Board decided to deny the
Franks the benefits, opportunities and information provided to
other shareholders" is denied.  As to the remaining allegations,
answering defendants have insufficient knowledge with which to
plead and therefore leave the plaintiffs to their proof.

    57.  Insofar as this paragraph alleges that answering
defendants treated plaintiffs unfairly, it is denied.  As to the
remaining allegations, answering defendants have insufficient
knowledge with which to plead and therefore leave the plaintiffs
to their proof.

    58.  Answering defendants have insufficient knowledge with
which to plead and therefore leave the plaintiffs to their proof.

    59.  Answering defendants have insufficient knowledge with
which to plead and therefore leave the plaintiffs to their proof.

    60.  Denied.

    61.  Denied.

    62.  Denied.

    63.  The allegation that defendant LoVetere stated "that the
Corporation would provide no information to the Franks" is

denied.  As to the remaining allegations, answering defendants
have insufficient knowledge with which to plead and therefore
leave the plaintiffs to their proof.

64.  Answering defendants have insufficient knowledge with
which to plead and therefore leave the plaintiffs to their proof.

65.  The allegation that Attorney Richard M. Strassberg,
representing himself to be counsel for Jon Frank and the Frank
Family 1996 Trust, addressed a letter to the Board of Directors
of Reflexite dated February 10, 2003, is admitted.  The remaining
allegations require no response because the letter speaks for
itself.

66.  Insofar as this paragraph alleges that the Board of
Directors of Reflexite formed a "Special Litigation Committee,"
it is admitted.  The remaining allegations are denied.

67.  Denied.

68.  Denied.

69.  Denied.

70.  Insofar as this paragraph alleges that the Board of
Directors of Reflexite gave preliminary approval for a renewal of
the company's stock option plan in 2004, it is admitted.  The
remaining allegations are denied.

71.  Denied.

72.  Insofar as this paragraph alleges that no "2004 Stock
Option Plan" was ever implemented by Reflexite, it is admitted.
The remaining allegations are denied.

73.  Insofar as this paragraph alleges that Reflexite engaged in a $10 million tender offer in 2004, it is admitted. The remaining allegations are denied.

74.  Denied.

75.  Answering defendants repeat their responses to each of the preceding paragraphs as if fully set forth herein.

76.  The statement that the defendants "owed fiduciary duties to the Franks" is a legal conclusion to which no response is required.  The remaining allegations are denied.

77.  Denied.

78.  Denied.

79.  Answering defendants deny Paragraph 79, including all of its sub-paragraphs.

80.  Denied.

81.  Denied.

82.  Denied.

83.  Denied.

84.  Denied.

Answering defendants further deny the propriety of each of the claims for relief set forth in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1.  The Second Amended Complaint fails to state a claim upon which relief may be granted.

2.  The claims of plaintiffs are barred in part by the prior rulings of the Court in this matter and by Conn. Gen. Stat. § 33-724.

3.  The claims of plaintiffs are barred in whole or in part by the applicable statute of limitations.

4.  The claims of plaintiffs are barred in whole or in part by the doctrine of laches.

5.  The equitable claims of plaintiffs are barred in whole or in part by the doctrine of unclean hands.

6.  The claims of plaintiffs are barred in whole or in part by the doctrines of waiver and estoppel.

7.  The claims of plaintiffs are barred in whole or in part by the defense of good faith.

8.  The claims of plaintiffs are barred in whole or in part by Conn. Gen. Stat. § 33-756(e).

9.   The claims of plaintiffs are barred in whole or in part by the business judgment rule.

10.  The claims of plaintiffs are barred in whole or in part by their failure to mitigate damages.

11.  The claims of plaintiffs are barred in whole or in part by Conn. Gen. Stat. § 33-684.

12.  The claims of plaintiffs are barred in whole or in part by Conn. Gen. Stat. § 33-675.


Respectfully submitted,

DEFENDANTS

ARTHUR LOVETERE, LOUIS J. BACCEI,
WORTH LOOMIS, THEODORE PATLOVICH,
STEPHEN J. RAFFAY, PETER EIO and
WILLIAM ROWLAND

By:    _____
James T. Cowdery, Esq. (ct05103)
Sarah A. L. Merriam, Esq. (ct25379)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT   06103
Tele.: (860) 278-5555
Fax.:  (860) 249-0012
E-mail: jcowdery@cemlaw.com
E-mail: smerriam@cemlaw.com

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing MOTION was sent on July 13, 2005, via U.S. Mail, first-class, postage pre-paid to all counsel of record as follows:

Michael Considine, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter, LLP
599 Lexington Avenue
New York, NY 10022

Edward F. Spinella, Esq.
Todd S. Federico, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT   06601-7006

_____
Sarah A. L. Merriam