UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| H. JONATHAN FRANK and FRANK FAMILY 1996 TRUST, | : : : | Civil Action No.: 3:03-CV-1014(JBA)(JGM) |
| Plaintiffs, | : : | |
| v. | : : | |
| ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND and PETER EIO, | : : : : : | |
| Defendants. | : | AUGUST 15, 2005 |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiffs H. Jonathan Frank and the Frank Family 1996 Trust (collectively "the Franks") respectfully submit this memorandum in support of their motion to compel compliance with a subpoena served on Reflexite Corporation ("Reflexite"). Reflexite did not move to quash the subpoena, but instead purported to assert blanket objections. These objections are improper, as Reflexite's its refusal even to respond to the Franks' repeated requests for a "meet and confer" to discuss Reflexite's obstructionist discovery tactics. Reflexite has no good faith basis for its stonewalling strategy.

### FACTUAL BACKGROUND

This lawsuit involves allegations that certain present and former directors of Reflexite Corporation engaged in a malicious pattern of discrimination against the Franks in an attempt to deny them the same rights and benefits enjoyed by other shareholders of Reflexite Corporation. Not surprisingly, much of the pertinent discovery in this matter is likely to be in the possession

of Reflexite Corporation itself.  The Defendants' relatively paltry document productions make clear that Reflexite holds the overwhelming bulk of relevant documents in this case.  See Declaration of Jeffrey A. Simes ("Simes Decl."), ¶ 9.

Plaintiffs served a subpoena on Reflexite Corporation (attached as Exhibit A to the Simes Decl.) on or about May 4, 2005.  Id. at ¶ 2, Ex. A.  On May 18, 2005, Reflexite's counsel asserted a blanket objection to the subpoena and declined to provide any documents as to any of the requests in the subpoena.  Id. at 3 & Ex. B.  The primary objection asserted was that Reflexite is not a party to the action and the requested documents were similar or identical to document requests served on Reflexite—but never responded to—when Reflexite was a party.  Id. at Ex. B.

Plaintiffs promptly requested a meet and confer which was scheduled for June 13, 2005.  Id. at ¶ 4. On that date, however, the parties elected to postpone their dispute about the subpoena to permit settlement discussions to proceed.  Id.

By mid to late July, it was evident that settlement discussions would not bear fruit, as the information the Franks needed to evaluate a proposed settlement was not forthcoming from Reflexite.  Id. at ¶ 5. Accordingly, the Franks renewed their request for a meet and confer.  Id. at ¶¶ 5-7.  During the week of July 25, 2005, counsel for the Franks left a voice mail for counsel for Reflexite requesting a meet and confer to resolve Reflexite's objections to the subpoena.  Id. at ¶ 5.  Counsel for Reflexite reiterated this request in writing by e-mail to counsel for Reflexite on August 3, 2005 (id. at ¶ 6 & Ex. C), and again in writing by letter to counsel for Reflexite also on August 3, 2005 (id. at ¶ 7 & Ex. D).

Counsel for Reflexite never responded to the voice mail, the email or the letter.  Id. at ¶ 8.  Despite the Franks' efforts, no additional meet and confer was conducted because counsel for

Reflexite declined to respond to the Franks' request for one.

## ARGUMENT

**I. REFLEXITE HAS NO GOOD FAITH BASIS FOR ASSERTING A BLANKET OBJECTION AND REFUSING TO PRODUCE ANY DOCUMENTS.**

Reflexite has refused to produce even a single document in response to the subpoena. Rather than provide objections to each of the separately numbered requests of the subpoena, Reflexite has simply thrown up a blanket objection, and asserted that the discovery requests should not apply to it because it is not a party. See, e.g., Danmar Associates v. Porter, 43 B.R. 423, 433 (D. Conn. 1984) (a party's "blanket objections of irrelevance and immateriality are insufficient to preclude the discovery requested"). Reflexite's shotgun approach to objecting is improper and without basis, and the requested discovery should be granted.

The few specific objections articulated in Reflexite's May 18, 2005 letter have no merit. First, Reflexite's argument that because it is no longer a party, it need not respond to discovery is entirely unsupported by either the case law or logic. At issue in this lawsuit is the extent to which the present and former directors have engaged in a pattern of discrimination against the Franks by, among other things, excluding them from buyback opportunities, tampering with buyback formulae specifically to injure the Franks and denying the Franks access to corporate information. The parties to this lawsuit have made clear that the bulk of the discovery Plaintiffs seek is in the possession of Reflexite. Simes Decl. ¶ 9. In addition, it is believed that Reflexite is underwriting and directing the defense of the defendants in this action through its indemnification obligations to the Defendants.[1] Id. at ¶ 10. It is beyond dispute that Reflexite possesses the relevant information, that no party to this action can produce the documents

---

[1] Because Reflexite is undertaking the defense of the Defendants, it is appropriate for the subpoena to request trial exhibits, demonstratives and the like. While this request may be premature at this stage, Reflexite cannot reasonably argue that it is not relevant or misdirected.

required in Reflexite's stead, and that Reflexite's status as a non-party does not make the requested information any less relevant.

Reflexite's purported objection as to the information pertaining to the Special Litigation Committee ("SLC") formed by Reflexite's Board of Directors is similarly ineffective. The Special Litigation Committee, improperly and for reasons that are not presently clear, specifically undertook an examination of allegations of discrimination against the Franks, including the history of purchase and sale opportunities made available (or not) to the Franks. In fact, the report of the SLC contains a standalone section discussing the buyback programs that relate to a critical allegation in the Second Amended Complaint in this action. Thus, the information collected and reviewed by the SLC is highly pertinent to the Franks' claims, even if the claims that caused the SLC to be formed are no longer part of this lawsuit.

Finally, Reflexite's purported objection to producing documents concerning the buyback programs made available to the Defendants is similarly ineffective. The Defendants caused Reflexite to repurchase <u>millions of dollars</u> of the Defendants' own shares and grant them millions of dollars worth of "put" options, often at great financial risk to Reflexite. That the Defendants would confer great benefits on themselves while denying the same benefits to the Franks—and only the Franks—is highly relevant to the Franks' claim that the Defendants acted in an unfair, discriminatory and oppressive manner. Moreover, the Defendants have argued and are likely to argue in the future that it was not feasible, practical or financially wise to repurchase the Franks' shares on the same basis as other shareholders. That the Defendants repeatedly treated Reflexite as their own personal cash machine puts the lie to this argument.

Simply put, Reflexite has no good faith basis for denying the requested discovery. A fortiori, Reflexite has no good faith basis for refusing to produce <u>any</u> documents, and for refusing even to respond to the Franks' request to discuss Reflexite's objections.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant the Franks' motion to compel, order that Reflexite immediately produce all documents responsive to the subpoena, and grant such other and further relief as the Court deems appropriate.

        PLAINTIFFS H. JONATHAN FRANK and
        FRANK FAMILY 1996 TRUST

By:    /s/ Terence J. Gallagher
    Richard A. Strassberg (ct24905)
    Jeffrey A. Simes (ct24906)
    GOODWIN PROCTER LLP
    599 Lexington Avenue
    New York, New York 10022
    (212) 813-8800

        -and-

    Terence J. Gallagher (ct22415)
    Jonathan B. Tropp (ct11295)
    DAY, BERRY & HOWARD LLP
    One Canterbury Green
    Stamford, CT 06901

    *Their Attorneys*

**CERTIFICATION**

  This is to certify that a copy of the foregoing was sent via overnight courier, postage prepaid, this 15th day of August 2005, to:

    James T. Cowdery, Esq.
    Sarah Merriam, Esq.
    Cowdery, Ecker & Murphy, L.L.C.
    750 Main Street
    Hartford, CT 06103-2703
    (860) 278-5555


    Edward F. Spinella, Esq.
    Reid and Riege, P.C.
    One Financial Plaza
    Hartford, CT 06103
    (860) 240-1045


    James T. Shearin, Esq.
    Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT 06601-7006
    Phone: (203) 330-2000


    Craig A. Raabe, Esq.
    Jason M. Kuselias, Esq.
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    (860) 275-8299


                /s/ Terence J. Gallagher
                Terence J. Gallagher