UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| H. JONATHAN FRANK and FRANK FAMILY 1996 TRUST, | : : : | Civil Action No.: 3:03-CV-1014(JBA) |
| Plaintiffs, | : : | |
| v. | : : | |
| ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND and PETER EIO, | : : : : : | |
| Defendants. | : : : : | AUGUST 12, 2005 |

## DECLARATION OF JEFFREY A. SIMES, ESQ.

I, JEFFREY A. SIMES, do hereby depose and state as follows:

1.     I am a member of the firm of Goodwin Procter LLP, counsel for Plaintiffs H. Jonathan Frank and the Frank Family 1996 Trust (collectively, the "Franks") in this matter. I offer this Declaration based on my personal knowledge in support of the Plaintiffs' Motion to Enforce the Subpoena served on Reflexite Corporation ("Reflexite").

2.     The subpoena at issue was served on Reflexite on or about May 4, 2005. A true and correct copy of the subpoena is attached hereto as Exhibit A.

3.     On May 18, 2005, Reflexite's counsel served an objection letter and declined to produce any documents. A true and correct copy of the May 18, 2005 letter is attached as Exhibit B.

4.     The Franks, through their counsel, promptly requested a meet and confer. The

meet and confer was originally scheduled for June 13, 2005, but on that date, the parties elected to postpone their dispute about the subpoena to permit settlement discussions to proceed.

5.     In mid to late July, when it became evident that settlement discussions were not making the desired progress, I renewed our earlier request for a meet and confer.  During the week of July 25, 2005, I left a voice mail for Jason Kuselias, counsel for Reflexite, requesting a meet and confer to resolve Reflexite's objections to the subpoena.

6.     I reiterated my request for a meet and confer in writing by e-mail to Mr. Kuselias on August 3, 2005.  A true and correct copy of my August 3, 2005 e-mail is attached hereto as Exhibit C.

7.     I again reiterated my request for a meet and confer by letter to Mr. Kuselias sent by facsimile and U.S. Mail on August 3, 2005.  A true and correct copy of my August 3, 2005 letter to Mr. Kuselias is attached hereto as Exhibit D.

8.     I never heard back from Mr. Kuselias or any other counsel for Reflexite concerning my various requests for a meet and confer.

9.     The Defendants in this case have commenced producing documents.  The documents produced by the Defendants are relatively few in number and do not include many categories of documents of critical importance in this case.  Earlier discussions with counsel made clear that Reflexite is likely to possess the majority of relevant documents in this case.  The Defendants themselves are likely to have fewer documents and their documents are unlikely to constitute a complete set of the documents of interest in this lawsuit.

10.     It is my understanding that Reflexite is playing the lead role in the defense of this lawsuit and is underwriting the defense costs of the Defendants.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 12th, 2005.

Jeffrey A. Simes

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via overnight courier, postage prepaid, this 15th day of August 2005, to:

> James T. Cowdery, Esq.
> Sarah Merriam, Esq.
> Cowdery, Ecker & Murphy, L.L.C.
> 750 Main Street
> Hartford, CT 06103-2703
> (860) 278-5555

> Edward F. Spinella, Esq.
> Reid and Riege, P.C.
> One Financial Plaza
> Hartford, CT 06103
> (860) 240-1045

> James T. Shearin, Esq.
> Pullman & Comley, LLC
> 850 Main Street, P.O. Box 7006
> Bridgeport, CT 06601-7006
> Phone: (203) 330-2000

> Craig A. Raabe, Esq.
> Jason M. Kuselias, Esq.
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> (860) 275-8299

Terence J. Gallagher

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _CONNECTICUT_

H. JONATHAN FRANK, ET AL.

V.

ARTHUR LOVETERE, ET AL.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   3:03-CV-1014 (JBA)

TO:    Reflexite Corporation
       120 Darling Drive
       Avon, CT 06001

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Day, Berry & Howard, LLP, One Canterbury Green, Stamford, CT 06901 | May 31, 2005  10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_   Attorney for Plaintiff | May 4, 2005 |

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER
Terence J. Gallagher, Esq. - Day, Berry & Howard LLP          (203) 977-7594
One Canterbury Green, Stamford, CT 06901

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney=s fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

***DEFINITIONS AND INSTRUCTIONS***

## I.    DEFINITIONS

A.    The terms "Plaintiffs" and/or "The Franks" as used herein mean, refer to and include, individually and jointly, the Plaintiffs, H. Jonathan Frank, Morgan Frank and 1996 Frank Family Trust, and each of their present and former trustees, beneficiaries, officers, directors, employees, agents and any and all persons and/or business entities acting and/or purporting to act for or on their behalf.

B.    The terms "Defendant," "Reflexite," "you" (or the possessive "your") as used herein mean, refer to and include the Defendant, Reflexite Corporation, any subsidiaries, affiliates, parents, and all present and former directors, officers, employees, agents, auditors, attorneys, persons and/or business entities acting and/or purporting to act for or on Reflexite's behalf, but excluding Defendants Arthur Lovetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio.

C.    The term "Individual Defendants" or the "Board" as used herein mean, refer to and include, individually and jointly, Defendants Arthur Lovetere, Cecil Ursprung, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio and each of their present and former employees, agents and any and all persons and/or business entities acting and/or purporting to act for or on their behalf.

D.    The term "third party" as used herein means, refers to and includes any individual, person, business or other entity other than The Franks, Reflexite or the Board.

E.    The terms "this case," "this lawsuit," "this action" and/or "this suit" as used herein means, refers to and includes *H. Jonathan Frank, et al. v. Arthur LoVetere, et al.*, Civil

Action No. 3:03-CV-1014(JBA), filed with the United States District Court for the District of Connecticut.

F.      The term "Complaint" as used herein means, refers to and includes The Franks' Complaint in the lawsuit, and any subsequent amendments thereto.

G.      The term "Demand Letter" as used herein means, refers to and includes the Demand Letter sent by counsel for the Franks to the Board of Reflexite on or about February 10, 2003.

H.      The term "Special Litigation Committee" as used herein means, refers to and includes the purported Special Litigation Committee convened by the Board or certain members of the Board to respond to and/or investigate the allegations set forth in the Demand Letter.

I.      The term "January 5, 1979 Agreement" as used herein means, refers to and includes the January 5, 1979 Agreement between and among H. Jonathan Frank, William Rowland, Hugh Rowland and Fritz Haffenreffer, and any attachments, schedules or exhibits thereto and all drafts or versions thereof.

J.      The terms "stock" or "shares" as used herein mean, refer to and include any common or preferred stock or other form of equity or ownership.

K.      Except as set forth above, the definitions set forth in Local Rule 26 are hereby incorporated in their entirety. The terms "person" or "persons," "document," "communication," "concerning," "identify," "and," "or," "each," and "all" shall have the same meanings herein as set forth in Local Rules 26(c) and (d).

L.      As set forth in Local Rule 26(d)(3), the singular form of any word shall include the plural, and the plural shall include the singular.

## II.    INSTRUCTIONS

A.    With respect to any documents, parts of documents or information responsive hereto as to which you assert a claim of privilege or other immunity from discovery, you shall submit a list identifying each such document or piece of information by stating:

(i)    its type (*e.g.*, letter, inter-office memorandum, note, etc.), subject matter, title, date, and the number of pages thereof;

(ii)    the identity of each person who participated in its preparation;

(iii)    the identity of each person who signed or sent the document;

(iv)    the identity of each person to whom the document or information was addressed, copied to or sent;

(v)    the identity of each person who received the document or information; and

(vi)    the basis of the claim of privilege or immunity.

B.    In the event that any requested document is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by

(i)    the last known custodian;

(ii)    date of destruction or discard;

(iii)    the manner of destruction or discard;

(iv)    the reason(s) for destruction or discard;

(v)    as to lost or misplaced documents, the efforts made to locate such documents;

(vi)    a statement describing the document, including a summary of its contents;

(vii)    the identity of its author(s); and

(viii)    persons to whom it was sent or shown.

C.    These requests shall cover the period January 1, 1998 to the present unless otherwise specified.

### DOCUMENT REQUESTS

1.    All documents and/or things concerning the Demand Letter or any allegation in the Demand Letter.

2.    All documents and/or things concerning communications between or among members of the Board and/or Reflexite concerning the Demand Letter or any allegation in the Complaint, including without limitation any minutes of meetings of Reflexite's Board of Directors concerning the same.

3.    All documents and/or things concerning the Special Litigation Committee.

4.    All documents and/or things concerning any stock or shares of Reflexite owned or controlled, directly or indirectly, by The Franks.

5.    All documents and/or things concerning the January 5, 1979 Agreement, including without limitation all document and/or things concerning any negotiations, discussions, conversations, drafting, editing, blacklining, implementation or execution of the Agreement.

6.    All documents and/or things concerning any communications concerning the purchase or repurchase of shares or any proposed or offered purchase or repurchase of shares by Reflexite, including without limitation all documents and/or things concerning any communications between Reflexite and The Franks concerning the same.

7.    All documents and/or things concerning the 1998 transaction under which Reflexite purchased or acquired approximately $8 million worth of Reflexite shares from William Rowland, including without limitation all documents concerning any communications concerning such transaction.

8.    All documents and/or things concerning any payments, expenses, costs or remittances made or incurred by Reflexite in connection with the purchase of any shares of

Reflexite stock from any shareholder of Reflexite.

9.    All documents concerning communications with The Franks concerning Reflexite.

10.    All documents and/or things concerning any debt, loan, debenture, guarantee, letter of credit or other borrowing incurred or acquired by Reflexite in connection with the purchase of any shares of Reflexite stock from any shareholder of Reflexite.

11.    Documents sufficient to identify any purchases or acquisitions by Reflexite of Reflexite shares from any shareholder of Reflexite, including without limitation any purchases or acquisitions by Reflexite of Reflexite shares from any director, officer or employee of Reflexite.

12.    All documents and/or things concerning any purchases by Reflexite of any shares of stock from any member of the Board of Directors or any officer or employee of Reflexite.

13.    All documents and/or things concerning any requests by any shareholder to sell shares of Reflexite stock to Reflexite.

14.    All documents and/or things concerning any actions by Reflexite or the Board to obtain shareholder waivers or consents to any purchases of Reflexite stock by Reflexite or any member of the Board of Directors or any officer or employee of Reflexite.

15.    All documents and/or things concerning any program by or policy of Reflexite to periodically purchase or repurchase shares of Reflexite stock from Reflexite's shareholders.

16.    All documents and/or things concerning any purchase or repurchase of shares of Reflexite stock from or by Reflexite's Employee Stock Option Plan ("ESOP").

17.    All documents and/or things concerning communications with the Franks concerning any purchase or repurchase of Reflexite shares by Reflexite or Reflexite's Employee Stock Option Plan ("ESOP").

18.     All documents and/or things concerning Reflexite's policies or procedures as to the purchase or repurchase of shares of Reflexite stock from directors, officers, employees or shareholders.

19.     All documents and/or things concerning any document retention policies or procedures of Reflexite or the Board.

20.     All documents and/or things concerning communications between Reflexite and the Special Litigation Committee.

21.     All documents and/or things concerning any witness statements or memoranda of witness interviews concerning the allegations in the Demand Letter.

22.     All documents and/or things concerning communications between the Special Litigation Committee and any directors, officers or employees of Reflexite not on the Special Litigation Committee.

23.     All documents and/or things concerning any communications between the Special Litigation Committee and any third party concerning the Demand Letter or any allegations therein.

24.     All documents and/or things concerning the decision not to bring suit or take legal action in response to the Demand Letter.

25.     Documents sufficient to identify all shareholdings of Reflexite as of January 1 of each year (or the beginning of Reflexite's fiscal year, if different) from 1998 to the present, including without limitation the identity of all Reflexite shareholders and the quantity of their shareholdings in Reflexite.

26.     All documents and/or things identifying the shareholders of Reflexite, including any shareholder lists or capitalization tables of Reflexite.

27.    All documents and/or things concerning any plans, reports, assessments, estimates, discussions or projections to enhance the liquidity of large shareholders' investments in Reflexite.

28.    All documents and/or things concerning any assessments, valuations, projections, reports or analyses concerning the present share price of Reflexite.

29.    All documents and/or things concerning any communications by any member of the Board or by Reflexite concerning requests by the Franks to sell shares of Reflexite stock.

30.    All documents and/or things concerning any request by the Franks for access to the books and records of Reflexite, including without limitation all documents and/or things concerning communications between the Franks and Reflexite concerning requests by the Franks for information or documents concerning Reflexite.

31.    Documents sufficient to identify all members of Reflexite's Board of Directors from January 1, 1998 to the present and the dates of service of each such Director.

32.    Documents sufficient to identify all e-mail accounts and e-mail addresses used by the members of the Board of Directors.

33.    All documents and/or things concerning communications between Reflexite and any third party concerning The Franks.

34.    All documents and/or things concerning any monthly, quarterly, annual or special financial statements, balance sheets, income statements, P&L statements, cash flow statements or financial audits concerning Reflexite.

35.    All articles or certificates of incorporation, by-laws, shareholder agreements, Board resolutions or minutes and any other documents concerning the rights, obligations, duties and governance of the Board of Directors of Reflexite.

36.   All documents and/or things concerning any compensation, benefits, stock grants, loans, options, warrants, payments, emoluments, fringe benefits or other things of value provided to Reflexite's Board of Directors by Reflexite.

37.   All documents and/or things concerning any effort, proposal, plan, discussion or bid concerning any acquisition, merger or purchase of Reflexite (in whole or in part) by any third party.

38.   All documents and/or things concerning any fact or event alleged in the Complaint, including without limitation all documents and/or things upon which Reflexite relies or intends to rely in defense of this lawsuit or that Reflexite contends refutes or rebuts any allegations or claims contained in the Complaint.

39.   All documents and/or things, including drawings, sketches, graphs, charts, models, exhibits, photographs, simulations, animations and/or physicals, which Reflexite intends or plans to use and/or rely upon at the trial of this lawsuit.

40.   For each person Reflexite intends or plans to use as an expert witness in this case:

a.    All documents concerning communications between Reflexite or its counsel and the expert;

b.    All resumes, curricula vitae, publication lists and/or other documents and/or things listing the education, experience, qualifications and/or training of such person;

c.    All publications, articles, books and/or papers authored, co-authored, edited or otherwise written by such person;

d.    All documents and/or things concerning any opinions and/or testimony of any such person rendered or to be rendered in this case;

e.    All transcripts, including all exhibits thereto, of any trial and/or deposition testimony of such person in any prior matter;

f.    All documents and/or things including papers and/or publications, which contradict or are inconsistent with any opinions or testimony rendered or to be rendered in this case by such person;

g.    All documents and/or things reviewed and/or consulted by or on behalf of such person as a part of any participation in this case;

h.    All documents and/or things, including graphs, charts, models, exhibits, drawings, and/or physicals, upon which such person has relied or upon which any such person intends to rely in this case;

i.    All documents and/or things upon which any options and/or testimony of such person in this case are based;

j.    All documents and/or things provided to such person in connection with this case;

k.    All correspondence of such person with Reflexite or his counsel concerning this case;

l.    All documents and/or things, including but not limited to letters of engagement, agreements, correspondence, notes, memoranda, checks, receipts, invoices, statements, and/or financial reports, concerning the terms of engagement and/or fees of such person for appearance, testimony, services, and/or work in connection with this case;

m.    All documents and/or things concerning any appearance, testimony, services, and/or work of such person in connection with this case;

n.    All drafts of affidavits and/or expert reports of such person made in connection with this case; and

o.    All documents and/or things concerning or reflecting any changes made to any drafts of affidavits and/or expert reports of such person made in connection with this case.

41.    All documents and/or things concerning any communications between Reflexite and any other person or entity, other than privileged communications with counsel, concerning this lawsuit or any allegation or claim therein.

# EXHIBIT B

# ROBINSON & COLE LLP

JASON M. KUSELIAS

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
jkuselias@rc.com
Direct (860) 275-8352

*Via Facsimile and Mail*

May 18, 2005

Terence J. Gallagher, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

Re:    <u>Frank v. Lovetere</u>, 3:03-CV-1014(JBA)

Dear Terry:

I am writing in regards to the subpoena dated May 4, 2005 and served upon Reflexite Corporation (the "Corporation") in connection with the lawsuit referenced above (the "Lawsuit"). This letter serves as the Corporation's objection to the subpoena pursuant to Fed. R. Civ. P. 45 (c)(2)(B).

The Plaintiffs' claims against the Corporation were dismissed and thus, it is no longer a party to the Lawsuit. However, it is clear from the document requests attached to the subpoena that the Plaintiffs are still trying to treat the Corporation as if it were still a party and cause it to needlessly devote resources to address a meritless claim.

The forty-one (41) document requests attached to the subpoena are identical to those previously served upon the Corporation in the Lawsuit. The Corporation filed a Motion to Stay with respect to those requests in order to avoid the burden and expense of such discovery prior to a decision on the Motions to Dismiss. The Court permitted discovery on the Special Litigation Committee (the "SLC"), but otherwise stayed all discovery pending its decision on the Motions to Dismiss. The Court granted the Corporation's Motions to Dismiss, thereby validating the purpose of the Motion to Stay and the Court's prior discovery order. The Plaintiffs are not permitted to frustrate the purpose of the Court's prior ruling by serving the very same requests and thus, imposing the very same burden and expense on the Corporation that it previously avoided. Therefore, the Corporation generally objects to the subpoena and will not produce any documents in response thereto.

In addition to the general objection to the Plaintiffs' attempt to obtain the same discovery from which the Court gave the Corporation relief, the Corporation objects



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK CITY

SARASOTA

*www.rc.com*

# ROBINSON & COLE LLP

Terence J. Gallagher, Esq.
May 18, 2005
Page 2

to each of the specific requests. Numbers 38-41 seek documents related to Reflexite's "defense", "exhibits" to be relied upon at trial, "expert witness[es]" and "communications" in connection with the Lawsuit. These requests are clearly improper as the Corporation is no longer a party to the Lawsuit. The inclusion of these requests is no doubt the result of the recycling of the previously stayed discovery requests and further supports the general objection stated above.

Numbers 1-5, 7, 20-24, 30 are all related to the SLC and the Frank's Demand. These requests are duplicative of prior, completed discovery in relation to the dismissed counts. Therefore, the Corporation objects to the requests as they seek information within the possession and control of the Plaintiffs.

The remaining requests, numbers 6, 8-19, 25-29 and 31-37, seek information unrelated to the Plaintiffs' sole remaining direct claim and are uniformly overly broad, unduly vague and burdensome. For example, request number 36 seeks "[a]ll documents and/or things concerning any compensation, benefits, stock grants, loans, options, warrants, payments, emoluments, fringe benefits or other things of value provided to Reflexite's Board of Directors by Reflexite." The request has nothing to do with the Plaintiffs' remaining claim sounding in breach of fiduciary duty as against Jonathan Frank. The request broadly seeks everything related to anything of value provided to any Board member at any time. These types of broadly worded requests are crafted to impose a massive burden of document review and production upon the Corporation and are wholly improper. Accordingly, the Corporation will not produce any documents in response to the requests.

Very truly yours,

Jason M. Kuselias

JMK/ct

cc:     Craig A. Raabe, Esq.
        Richard M. Strassberg, Esq.
        Jeffrey A. Simes, Esq.



# EXHIBIT C

**Simes, Jeffrey A**

| | |
|---|---|
| **From:** | Simes, Jeffrey A |
| **Sent:** | Wednesday, August 03, 2005 12:43 PM |
| **To:** | Jason M. Kuselias (jkuselias@rc.com) |
| **Subject:** | Franks v. LoVetere |

Jason:

# REDACTED

In addition, we should probably schedule the meet and confer on the subpoena. Given the tight discovery deadlines in our case, we unfortunately won't be able to await the outcome of discussions with Ares before moving forward with discovery. And since Reflexite is likely to have most of the key documents, we will need to resolve the subpoena issues as soon as possible. Let me know when you are available.

Thanks,

Jeff

Jeffrey Alan Simes
GOODWIN | PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Direct Dial: 212.813.8879
Facsimile: 212.355.3333

# EXHIBIT D

GOODWIN | PROCTER

Jeffrey A. Simes
212.813.8879
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
599 Lexington Avenue
New York, NY 10022
T: 212.813.8800
F: 212.355.3333

August 3, 2005

**By Facsimile and U.S. Mail**
Fax: (860) 275-8299

Jason M. Kuselias, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Re:     **Frank, et al. v. Lovetere, et al.**, **Civil Action Number: 3:03-CV-1014 (JBA)**
        **(D. Conn.)**

Dear Jason:

This will memorialize our recent discussions concerning the above-referenced matter.

# REDACTED

Finally, we are reiterating our request that we proceed with the meet and confer as to the subpoena served on Reflexite.

GOODWIN | PROCTER

Jason M. Kuselias, Esq.
August 3, 2005
Page 2


Sincerely,

Jeffrey A. Simes


cc:     Terence J. Gallagher, Esq.