UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

H. JONATHAN FRANK, and FRANK
FAMILY 1996 TRUST,

                                  CIVIL NO.: 3:03cv1014 (JBA) (JGM)

            Plaintiffs

V.

ARTHUR LOVETERE, CECIL URSPRUNG,
LOUIS J. BACCEI, WORTH LOOMIS,
THEODORE PATLOVICH, STEPHEN J.
RAFFAY, WILLIAM P. ROWLAND AND
PETER EIO,

           Defendants.      SEPTEMBER 6, 2005

**MEMORANDUM OF LAW IN SUPPORT OF
REFLEXITE CORPORATION'S
OBJECTION TO MOTION TO COMPEL**

Reflexite Corporation ("Reflexite" or the "Corporation"), hereby submits this memorandum of law in support of its Objection to the Plaintiffs', H. Jonathan Frank and The Frank Family 1996 Trust (hereinafter the "Plaintiffs" or the "Franks"), Motion to Compel. The Motion to Compel seeks compliance with document requests that the Court previously declined to permit. Further, the requests are specifically objectionable for a variety of reasons as set forth below.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

A. **The Franks Claims Against Reflexite**

On February 10, 2003, the Franks issued a demand pursuant to Conn. Gen. Stat. § 33-722 ("Demand"), alleging that Reflexite had engaged in self-dealing transactions in redeeming shares of its directors and other insiders while unlawfully denying the Franks similar opportunities to obtain liquidity for their shares. In response to the Demand, the Corporation formed a special litigation committee ("SLC") that retained well-respected, independent, outside counsel to advise it concerning its responsibilities and to assist it in carrying out its duties with respect to the Demand. Following a detailed and expensive investigation in accordance with Connecticut statutes, the SLC recommended, and the Board of Directors of the Corporation ("Board) subsequently resolved, that the Demand should be rejected and that litigation was not in the best interest of the Corporation. Dissatisfied with the decision, Plaintiffs brought the above-captioned lawsuit.

The Plaintiffs' Amended Complaint contained the following six counts: Count One, which is brought as a derivative action on behalf of Reflexite, alleging that the defendants breached their fiduciary duties to Plaintiffs and to Reflexite; Count Two, styled as a "direct action" but alleging, like Count One, that the defendants breached their fiduciary duties to Plaintiffs; Count Three, alleging that defendant William P. Rowland breached a contract with Plaintiffs; Count Four, claiming promissory estoppel against defendant Rowland; Count Five alleging that the defendants tortiously interfered with

Plaintiffs' contractual expectations; and Count Six, demanding, as purported shareholders, an accounting of Reflexite's assets. The Amended Complaint sought compensatory and punitive damages for and from Reflexite, as well as injunctive relief.

**B.     Discovery is Stayed**

The Franks attempted to obtain discovery from Reflexite by serving five individual notices of depositions and a Rule 30(b)(6) notice, as well as burdensome interrogatories and requests for production.[1] Reflexite moved to stay discovery on the basis that it was moving to dismiss the Counts against it, which if successful would eliminate the hefty costs of responding to the discovery. In response, the Court stayed discovery on all matters except those relating to the SLC. The Franks conducted full discovery on the SLC and were provided with the SLC's entire file.

**C.     Reflexite's Motions To Dismiss**

Reflexite filed two motions to dismiss the claims against it, first on the basis that the Franks lacked standing as derivative plaintiffs and second on the basis that the Corporation's decisions were protected by the business judgment rule. On March 31, 2005, the Court granted Reflexite's motions to dismiss which resulted in Reflexite being entirely dismissed form the lawsuit. The only count of the six contained in the Amended Complaint that remained was the Franks' second count asserting that certain Board members breached their fiduciary duty and demonstrated personal animosity toward the Franks.

---

[1]     The requests for production are identical to those attached to the subpoena at issue.

### D.     The Subpoena

On or about May 4, 2005, the Franks issued a subpoena to Reflexite which had attached to it the identical set of document requests that were served upon Reflexite during the lawsuit and which were stayed pursuant to the Court's order. The requests define "defendant" to include Reflexite and seek information related to Reflexite's "defense", "exhibits" to be relied upon at trial", "expert witness[es]" and "communications" in connection with the Lawsuit event though Reflexite is no longer a party to the Lawsuit. Reflexite timely served a notice of its objection pursuant to Fed. R. Civ. P. 45 (see May 4, 2005 letter attached hereto as Exhibit A) indicating that the subpoena is contrary to the spirit of the stay order and dismissal order issued by the Court. In addition, Reflexite set forth specific objections to each of the 41 requests. Reflexite sent an additional correspondence emphasizing its objections. (See June 2, 2005letter attached hereto as Exhibit B.)

Thereafter, on June 13, 2005, the parties engaged in a telephonic conference to discuss the objections, during which counsel for the Franks acknowledged the abandonment of requests numbers 38-40. The parties agreed to postpone further discussions pending the Franks attempt to resolve their dispute. It is Reflexite's understanding that the resolution is still be considered by the Franks. (See August 12, 2005 and August 25, 2005 letters attached hereto as Exhibits C and D.)

## II.    ARGUMENT

### A.    Legal Standard

Rule 45(c)(1) of the Fed. R. Civ. P. provides: "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Rule 41(c)(2)(B) permits a party commanded to produce and permit inspection and copying to serve a written objection on the issuing party. Once such an objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court.

### B.    The Document Requests Are Improper In Light of The Court's Discovery Ruling and Dismissal of the Lawsuit Against Reflexite.

The Franks have served the identical set of document requests upon the non-party Reflexite that they had served upon Reflexite when it was a party. They have not been altered to reflect the fact that five of the Franks' six counts were dismissed, including all counts against Reflexite. Reflexite avoided the burden and cost of discovery by first moving to stay discovery and then moving to dismiss all counts against the Corporation. Permitting the same discovery to take place would impose significant expense upon Reflexite and frustrate the Court's rulings. The Franks' motion should therefore be denied.

### C. The Document Requests Are Substantively Improper.

In addition to the document requests being contrary to the Court's orders, they are also substantively improper. Document request numbers 1-5, 7, 20-24 and 30 seek information related to the SLC and the Franks' Demand. The Franks were already provided the entire SLC file and thus these requests are duplicative. In addition, their derivative claims and assertions as to the impropriety of the SLC as set forth in the Demand were entirely dismissed. Thus, to the extent that they are somehow novel, they are irrelevant to the remaining direct count.

Document request numbers 6, 8-19, 25-29 and 31-37 seek information unrelated to the Frank's sole remaining direct claim and are uniformly overly broad, unduly vague and burdensome. The requests seek information relating to all stock transactions including the Corporation's employee stock option plan, all financial transactions of the Corporation including those with third parties, every stock holder of the Corporation and general Corporate records such as articles of incorporation. An example of the type of improper request can be gleaned from request number 36 which seeks "[a]ll documents and/or things concerning any compensation, benefits, stock grants, loans, options, warrants, payments, emoluments, fringe benefits or other things of value provided to Reflexite's Board of Directors by Reflexite." This request has nothing to do with the sole remaining claim of breach of fiduciary duty by the individual directors. It is clearly directed to the derivative claim which was dismissed. This type of request is indicative

the lack of variation between the Franks discovery tactics prior to an after the dismissal of the claims against Reflexite.

Finally, document request numbers 38-41 seek information related to Reflexite's "defense", "exhibits" to be relied upon at trial, "expert witness[es]" and "communications" in connection with the lawsuit. Requests numbers 38-40 were withdrawn by Franks counsel during the June 13, 2005 telephone conference. Regardless, these specific requests highlight the fact that the Franks merely recycled the previously stayed discovery requests. Reflexite is no longer a party to the lawsuit and the requests are improper.[2]

## III.  CONCLUSION

The Franks should not be allowed to ignore the previous rulings of this Court and subject Reflexite to undue burden and expense. Accordingly, the Franks' motion to compel should be denied and the discovery sought not permitted.

---

[2] The Franks surprisingly try to justify these requests by baldly asserting that Reflexite is "directing the defense of the defendants" and thus it is appropriate to ask the Corporation for this information. (Mot to Compel at 3.) This rationale is without merit as each of the individual defendants is and has been represented by separate counsel who can certainly respond to such requests made upon their clients. The requests are not "premature" as the Franks suggest, but are rather stale and indicative of their recycled approach to discovery.

- 8 -

                REFLEXITE CORPORATION

By _____
    Craig A. Raabe – ct 04116
    Jason M. Kuselias – ct20293
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT  06103-3597
    Email:  jkuselias@rc.com
    Email:  craabe@rc.com
    Tel. no. (860) 275-8200
    Fax no. (860) 275-8299

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via facsimile and via first class mail, postage prepaid, on the 6th day of September, 2005, to:

Michael Considine, Esq.
Patricia M. Canavan, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

Richard M. Stassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Edward F. Spinella, Esq.
Todd S. Federico, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

James T. Cowdery, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703

_____
Jason M. Kuselias