UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JONATHAN FRANK and FRANK FAMILY 1996 TRUST, | Civil Action No.: 3:03-CV-1014(JBA)(JGM) |
| Plaintiffs, | |
| v. | |
| ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND and PETER EIO, | |
| Defendants. | SEPTEMBER 14, 2005 |

**PLAINTIFFS' REPLY MEMORANDUM**
**IN SUPPORT OF MOTION TO COMPEL**

Plaintiffs H. Jonathan Frank and the Frank Family 1996 Trust (collectively "the Franks") respectfully submit this reply memorandum in further support of their motion to compel compliance with a subpoena served on Reflexite Corporation ("Reflexite"). Reflexite, in its Opposition ("Opp."), makes clear that it has no good faith basis for its stonewalling tactics. Its frivolous assertion that Reflexite should not have any discovery obligations because it is not a party finds no support in the law and is contradicted by the unanimous and overwhelming authority to the contrary. Reflexite's unsubstantiated claim of "burden" is unsupported by any evidence and contradicted by Reflexite's assertions elsewhere that it has either already produced the requested documents or that it has no responsive documents. Reflexite's attempt to suggest that the requested documents pertain to dismissed claims is simply wrong, as even a cursory examination of the issues demonstrates. Reflexite should be ordered to comply with the

subpoena immediately and to pay Plaintiffs' costs in having to bring this motion.

## ARGUMENT

**I.   REFLEXITE CANNOT DODGE ITS DISCOVERY OBLIGATIONS SIMPLY BECAUSE IT IS A NON-PARTY.**

It is well settled that "[t]he scope of permissible discovery is quite broad." Saylavee LLC v. Hockler, NO. 3:04-CV-1344 (CFD/TPS), 2005 WL 1398653, at *1 (D.Conn. June 14, 2005). "[D]iscovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information." Kimbro v. I.C. System, Inc., NO. 3:01-CV-1676 (DJS), 2002 WL 1816820, at *1 (D.Conn. July 22, 2002).[1] Thus, the entity resisting discovery "bears the burden of showing why discovery should be denied." Id.; see also Pullen v. Arrow Fin. Servs., LLC, NO. 3:02-CV-647 (DJS), 2002 WL 32864712, at *1 (D.Conn. Oct. 17, 2002).

Reflexite's refusal to produce any discovery of any kind appears to be premised on the baseless notion that non-parties such as Reflexite have no discovery obligations. But the 1991 Advisory Committee Notes to Rule 45 are unequivocal that "[t]he nonparty witness is subject to the <u>same scope of discovery</u> under this rule as the person would be as a party to whom a request is addressed pursuant to [Fed.R.Civ.P.] 34." (emphasis added). The courts unanimously agree that the scope of non-party discovery is the same as that applicable to parties. See, e.g., Dexia Credit Local v. Rogan, NO. 02 C 8288, 2004 WL 2898044, *3 n.2 (N.D. Ill. Dec. 13, 2004) ("[W]e reject any suggestion by [the subpoena recipients] that their non-party status, without more, limits their disclosure obligations."); New Hampshire Motor Transport Ass'n v. Rowe, 324 F. Supp. 2d 231, 237 n.5 (D. Me. 2004) (finding that regardless of whether Rule 34 or Rule 45 is involved, "the scope of discovery will remain constant."); Graham v. Casey's General

---

[1] "'Reasonably calculated' in Rule 26 means 'any possibility that the information sought may be relevant to the subject matter of the action.'" Hildebrand v. Wal-Mart Stores, Inc., 194 F.R.D. 432, 434 (D. Conn. 2000) (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 122 F.R.D. 447, 449 (S.D.N.Y. 1988)).

Stores, 206 F.R.D. 251, 253 (S.D. Ind. 2002) ("The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules."); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 2209 (2d ed. 1994). In fact, this Court has held that the discovery standard applicable to a subpoena under Rule 45 is exactly the same as under Rule 26. See In re Publication Paper Antitrust Litig., NO. 3:04-MD-1631 (SRU), 2005 WL 1629633, at *2 (D. Conn. July 5, 2005) ("[A]lthough the defendants here have sought discovery by subpoena, the standard that guides my decision whether to permit such discovery is the same as the standard that applies had this discovery been sought in the form of party discovery requests.") (emphasis added).[2]

Reflexite's blanket and unsupported assertion that there would be "significant expense" in complying with the subpoena must be rejected. Opp. at 5. Reflexite does not even bother to offer an affidavit or any other factual basis for its conclusory assertions. It is settled law, however, that "the objecting party must 'show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" In re Priceline.Com Inc. Sec. Litig., NO. 3:00-CV- 01884 (DJS), 2005 WL 1366450, at *2 (D.Conn. June 7, 2005) (quoting Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)). Reflexite's generic invocation of the "familiar litany that the [questions] are burdensome, oppressive or overly broad" is entitled to no deference by this Court. Ruran v. Beth

---

[2] Reflexite's contention that the dismissal of the claims against it absolves it of its obligation to produce relevant information is wholly baseless. In Funai Elec. Co., Ltd. v. Orion Elec. Co., Ltd., NO. 02 CIV. 2605(AGS)(JCF), 2002 WL 1808419, *12 (S.D.N.Y. Aug. 7, 2002), for example, the court had granted a motion to dismiss as to all claims against third party defendant Funai Corp. Funai Corp. then argued that it had "no obligation to respond to [the] discovery request because it is not a party in this case." The Court bluntly

3

El Temple of West Hartford, Inc., 226 F.R.D. 165, 167 (D.Conn. 2005). In any event, Reflexite's cry of "burden" is completely at odds with their assertion that they either have produced relevant documents (e.g., on SLC discovery) or have no documents to produce (e.g., litigation-related documents). See Opp. at 6, 7. Nor is it sensible to suppose that Reflexite, which must maintain the requested books and records for shareholders and auditors, is somehow severely inconvenienced merely by making those documents available to Plaintiffs.

That Reflexite is no longer a party does not give it a basis for attempting to derail discovery in this lawsuit. Reflexite does not and cannot entirely dispute that it possesses highly relevant documents. Reflexite does not and cannot dispute that it is the only entity with possession of certain such documents. Reflexite does not and cannot offer any evidence to show any undue burden in responding to the subpoena. Reflexite should be ordered to comply fully with the requested discovery immediately.

## II. REFLEXITE'S "SUBSTANTIVE" OBJECTIONS ARE NO OBJECTIONS AT ALL.

Reflexite's remaining arguments are a grab-bag of non-starters and non sequiturs. First, Reflexite contends that it should not have to produce documents pertaining to the Special Litigation Committee investigation because "[t]he Franks were already provided the entire SLC file." Opp. at 6. But this is not an objection at all. If Reflexite has produced all responsive documents on this topic, then it has complied with the subpoena. If it has not, it remains obligated to do so. In any event, Reflexite's attempt to suggest that the SLC discovery relates only to dismissed claims is patently false; indeed, Reflexite does not dispute the assertion in Plaintiffs' opening brief that the SLC took it upon itself to investigate the very claims that remain

---

responded "Funai is mistaken," and ordered that Funai Corp. "immediately" respond to each discovery request put to it. Id.

4

pending in this lawsuit, and thus the SLC's files and work product are highly pertinent here. Because the SLC chose to investigate Plaintiffs' direct claims, and made specific findings concerning the same in its report, Reflexite cannot plausibly suggest that documents pertaining to the SLC are not relevant here.

Reflexite then asserts a blanket relevance and overbreadth objection to Plaintiffs' requests for information concerning sales and purchases of Reflexite's stock. First, "blanket objections of irrelevance and immateriality are insufficient to preclude the discovery requested." Danmar Associates v. Porter, 43 B.R. 423, 433 (D. Conn. 1984). In any event, the requested discovery is not overbroad and is highly relevant. One of the core allegations here is that Defendants have caused Reflexite to engage in buybacks and other repurchases of stock to discriminate against and entrench the shareholdings of Plaintiffs. See, e.g., Second Am. Compl. Compl. ¶¶ 43-51, 56, 60-61. Thus, purchases and sales of Reflexite stock are at the very heart of this case. Moreover, the Defendants are likely to argue that they did not cause Reflexite to repurchase Plaintiffs' stock because it was not economically feasible. But the Defendants' own massive resales of their own stock to Reflexite—in some cases involving multi-million dollar payouts—put the lie to this assertion. It is obvious that details concerning the movement of Reflexite stock are highly relevant here, and are manifestly within the proper scope of discovery.

Reflexite then complains that information concerning stock grants and options to the Defendants and other directors relates to the dismissed derivative claim and not the breach of fiduciary duty claim that remains. This is wrong. First, Plaintiffs have specifically claimed that the Defendants' practice of granting options and other special benefits to insiders has had the discriminatory purpose and effect of leaving the Plaintiffs with a de facto lesser class of stock—a form of discrimination intended to foist upon Plaintiffs a disproportionate amount of the

5

investment risk associate with Reflexite stock. <u>See, e.g.</u>, Second Am. Compl. ¶¶ 39, 70-74. <u>Second</u>, the compensation of the Defendants is relevant to the extent that Defendants seek to argue that Reflexite's Certificate of Incorporation limits their liability to the amount of their compensation as directors. Of course, since Section 33-636 of the Connecticut General Laws prevents the invocation of such a limitation wherever a defendant has "receive[d] an improper personal economic gain," documents reflecting the Defendants' self-dealing transactions continue to be relevant in this lawsuit. In short, although the derivative claim has been dismissed, many of these issues remain very much front and center in this lawsuit.

Finally, as noted in Plaintiffs' opening brief, Plaintiffs' request for exhibits and other documents to be used at trial is completely appropriate because Reflexite is underwriting (and, it would appear, directing) the defense of the remaining Defendants by virtue of Reflexite's indemnification obligations to its present and former directors.[3] If, as Reflexite's opposition suggests, it has no documents responsive to such requests, then it should say so. The non-existence of documents is not a valid basis for an objection to a subpoena; rather, it is the response to a subpoena.

---

[3] Plaintiffs withdrew their requests for discovery concerning expert witnesses as to Reflexite, which were advanced in Requests 38-40. However, Plaintiffs have not withdrawn their requests for other information concerning the defense of this lawsuit, to the extent such information is within Reflexite's possession, custody or control.

6

**CONCLUSION**

For all of the foregoing reasons and the reasons set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court grant the Franks' motion to compel, order that Reflexite immediately produce all documents responsive to the subpoena, and grant such other and further relief as the Court deems appropriate.

        PLAINTIFFS H. JONATHAN FRANK and
        FRANK FAMILY 1996 TRUST

        By: /s/ Terence J. Gallagher
           Richard A. Strassberg (ct24905)
           Jeffrey A. Simes (ct24906)
           GOODWIN PROCTER LLP
           599 Lexington Avenue
           New York, New York 10022
           (212) 813-8800

                -and-

        Terence J. Gallagher (ct22415)
        Jonathan B. Tropp (ct11295)
        DAY, BERRY & HOWARD LLP
        One Canterbury Green
        Stamford, CT  06901
        (203) 977-7300

        *Their Attorneys*

**CERTIFICATION**

    This is to certify that a copy of the foregoing was sent via overnight courier, postage prepaid, this 14th day of September 2005, to:

Craig A. Raabe, Esq.
Jason M. Kuselias, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8299

James T. Cowdery, Esq.
Sarah Merriam, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555

Edward F. Spinella, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103
(860) 240-1045

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Phone:  (203) 330-2000

                                              /s/ Terence J. Gallagher
                                              Terence J. Gallagher