**Westlaw.**

Slip Copy                                                                                                                          Page 1

Slip Copy, 2002 WL 32864712 (D.Conn.)
**(Cite as: Slip Copy)**

Slip Copy, 2002 WL 32864712 (D.Conn.)
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Linda S. PULLEN, Plaintiff
v.
ARROW FINANCIAL SERVICES, LLC.,
-Defendant
No. 3:02 CV 647 DJS.

Oct. 17, 2002.

Joanne S. Faulkner , Law Offices of Joanne Faulkner, New Haven, CT, for Plaintiff.
Ann H. Rubin , Lucy M. Romeo , Carmody & Torrance, New Haven, CT, for Defendant.

RULING ON MOTION TO COMPEL

SMITH, Magistrate J.
*1 This is an action for money damages and equitable relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 ; the Consumer Collection Agency Act, Conn. Gen.Stat. § 36a-800 and accompanying regulations, and the Connecticut Unfair Trade Practices Act ("CUTPA" ), Conn. Gen.Stat. § 42-110a. The complaint alleges that the defendant debt collector sent the plaintiff at least one offending communication in an effort to collect plaintiff's alleged debt (hereafter "debt") to Sears. The communication is a letter to plaintiff dated April 20, 2001. It is not clear whether other letters were dispatched to plaintiff regarding this debt.

According to the plaintiff, the April 20th letter violates the FDCPA in several ways, including that: (1) it added an unlawful $25 fee to plaintiff's debt, and (2) it was deceptive or misleading in several respects. There is now pending before the court a motion (Dkt.# 13) for an order compelling the defendant to respond to Interrogatories 2, 3, 4, 6, 7, 8 and 9. The motion also seeks an order compelling defendant to respond to Production Requests 2, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, and 17. For the reasons set forth below, plaintiff's motion to compel is GRANTED.

I.

A plaintiff is entitled to discovery of non-privileged documents and information "relevant to the claim or defense of any party." Sinclair, *Federal Civil Practice* § 9.21 at 497 (3rd ed.) The court retains the power to expand the bounds of relevancy to the subject matter of the action. *Id.* at § 9.17. Information need not be admissible as evidence in order to be discoverable. *Id.* at 9.21. Not only does the concept of "relevancy" remain broad after the 2000 Amendments to the Federal Rules of Civil Procedure, but the party resisting discovery still bears the burden showing why discovery should not be allowed.

In this case, a substantial part of plaintiff's claim emanates from the April 20th letter, which states in part: "NSF FEE: $25.00." The body of the letter then states "YOUR CHECK NUMBER 263 .05 FOR $DRAFT 0002 HAS NOT CLEARED YOUR BANK, AND HAS BEEN RETURNED TO MY OFFICE." The letter continues, "MY CLIENT'S CLAIM COULD BE SUBSTANTIALLY INCREASED SHOULD LITIGATION TAKE PLACE." The letter, which is addressed to plaintiff's residence in Hamden, Connecticut, goes on to state: "THE LAWS OF YOUR STATE MAY ALLOW FOR DAMAGES AND ATTORNEYS FEES TO BE ADDED TO THE CHECK AMOUNT." The letter is not signed. In the location where one would expect to see a signature, there appears only the following: "800-279-0224 EXT. 237."

II.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 2
Slip Copy, 2002 WL 32864712 (D.Conn.)
**(Cite as: Slip Copy)**

Regrettably, the court must address the pending motion to compel on an item-by-item basis.

### 1. *Interrogatories 4 and 6 Production Request 7*

These two interrogatories and this production request are identified in plaintiff's motion and accompanying memorandum (Dkt. # 15 at 3). The defendant does not address them in its brief. No objection having been made, *see Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992) ; *Smith v. United States,* 39 C.C.P.A. 744, 193 F.2d 201, 207 n. 19 (D.Del.2000) (failure to object results in waiver of objection), and no argument having been offered in opposition to plaintiff's motion, see Rule 9(a) 1 Local Rules of Civil Procedure ("[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion ...."), the motion to compel is granted as to these items. The defendant is ordered to provide the requested information to plaintiff's counsel within fifteen (15) days of this date.

### 2. *Interrogatories 2 and 3*

*2 Interrogatory 2 asks the defendant to identify " Joel Kay." Interrogatory 3 asks the defendant to identify "Luba (?) Accounting ." The defendant has objected to this interrogatory on grounds that it is " irrelevant." Defendant's objection is overruled. The plaintiff alleges that letters signed by one Joel Kay and one "Luba" were transmitted to the plaintiff. The plaintiff's complaint alleges deceptive and illegal actions by the defendant in its efforts to collect an alleged debt from her. The names and identity of individuals who signed allegedly unlawful letters to the plaintiff is clearly relevant to the plaintiff's claims that the communications were misleading and deceptive, and violated the FDCPA and CUTPA. Indeed, it is difficult to see how one could even contend that such information is irrelevant in a case like this.

The motion is granted as to these interrogatories. The defendant is ordered to supply the requested information within fifteen (15) days of this date.

### 3. *Interrogatory 7*

This interrogatory asks the defendant to set forth the street address at which telephone number 800-279-0224 is answered. This is the phone number which appears on the April 20th letter in place of a signature. This is obviously relevant to the plaintiff's claims. Here, plaintiff alleges that the defendant has violated various provisions of the FDCPA and CUTPA by transmitting false and deceptive communications. The language of the April 20th letter is such that one would naturally expect it to bear a signature, for it refers to "MY OFFICE" and "MY CLIENT'S CLAIM." Nevertheless, the letter incongruously bears only a phone number where syntax, normal usage and courtesy call for a name.

Indeed, the relevance of Interrogatory 7 is so clear, it is difficult even to contend otherwise. Nevertheless, defendant dismisses plaintiff's request as "irrelevant," observing that plaintiff herself "is free to call the phone number and inquire as to where the phone number is located." (Dkt. # 17 at 5-6) The inadequacy of this response is inescapable when one considers that the letter in question is defendant's *own* letter and that the defendant plainly knows and can easily reveal the address at which the phone is located. Whether "800-279-0224 EXT. 237" was in service at the time, and whether the number was assigned to, and located at a licensed debt collector, are relevant to plaintiff's claim that the defendant's communications violated the FDCPA. Moreover, plaintiff is entitled to have defendant's response to this interrogatory in proper form, and under oath as the rule requires, so that it may be used in later motion practice or at trial.

Defendant's objection to this interrogatory is overruled. The defendant is ordered to answer the interrogatory within fifteen (15) days of this date.

### 4. *Interrogatories 8 and 9 Production Requests 16 and 17*

The April 20th letter also contains the assertion that, "DEPENDING ON THE LAWS OF YOUR STATE, MY CLIENT'S CLAIM COULD BE

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 3
Slip Copy, 2002 WL 32864712 (D.Conn.)
**(Cite as: Slip Copy)**

SUBSTANTIALLY INCREASED SHOULD LITIGATION TAKE PLACE. THE LAWS OF YOUR STATE MAY ALLOW FOR DAMAGES AND ATTORNEY FEES TO BE ADDED TO THE CHECK AMOUNT." Interrogatory 8 asks the defendant for the statutory basis for the foregoing assertion. Interrogatory 9 asks the defendant to identify the statutory or legal basis for its claimed entitlement to an "NSF FEE" of $25. Production requests 16 and 17 ask the defendant to produce any documents defendant has to support its imposition of a $25 fee and which support defendants assertion the laws of plaintiff's state may allow for "damages and attorneys fees to be added to the check amount."

*3 Defendant objects to the foregoing discovery requests on three grounds: (1) they are irrelevant, (2) the information is beyond the scope of discovery allowed by the Federal Rules of Civil Procedure, and (3) the interrogatory asks the defendant to " conduct research and analysis, which is a task plaintiff's counsel can equally perform." (Dkt. # 17 at 9) None of these objections is meritorious.

Because the FDCPA prohibits false, deceptive, and misleading representations by debt collectors, the truth and honesty of each representation made in a collection letter is a proper subject of scrutiny. In this case, the plaintiff alleges that, at the very least, defendant's April 20th letter contains false representations. The truth of the assertions in the April 20th letter turns on the existence vel non of evidence to support them. Plaintiff's interrogatory simply asks for that evidence. She does not seek legal research. She does not seek defendants legal " impressions" or theories. She seeks facts. The identity of the law that defendant referring to in this letter is a fact. Facts cannot be shrouded from the scrutiny of discovery, especially when they have been put into issue, which is precisely the case here. Nothing in the Federal Rules of Civil Procedure proscribes this discovery.

The defendant is ordered to supply the requested information within fifteen (15) days of this date.

*5. Production Requests 2 and 14*

These requests focus on defendant's alleged imposition of a $25 "NSF Fee." This is displayed prominently in the April 20th letter. The requests ask for "all manuals, procedures, and protocols used by the defendant regarding insufficient funds checks. " The request also seeks policy or training manuals, instructions, procedures, guidelines and form documents relating to insufficient funds checks. Defendant objects on grounds that the "request is overly vague, broad and burdensome" and that it includes information that is "irrelevant, proprietary, and confidential." In addition, defendant asserts, it includes material that is "proprietary and confidential, and protected by the attorney client privilege or the work product doctrine." (Dkt. # 17 at 8).

Defendant's objections are not meritorious and are overruled. Plaintiff's request is not "overly vague." It is not even *arguably* vague. It identifies with reasonable clarity the kinds of documents that are sought and further restricts their subject matter to NSF checks. Plaintiff's restriction of her request to documents relating to "NSF" checks also saves her request from being "overbroad." As drafted the production requests are well within the permissible scope of discovery. While there is always *some* burden in complying with discovery, the issue is whether compliance with the discovery request would be *unduly* or *unfairly* burdensome. Here, the court finds that it would *not be* unduly or unfairly burdensome. Defendant's contention that the discovery request is too broad because it contains no limitation as to time does not change this.

*4 An examination of the April 20, 2001 letter, raises a legitimate question concerning the training, if any at all, of the individual who composed it. The letter also raises a legitimate concern whether anyone employed by the defendant reviewed, though about, or even read, the letter before it was dispatched to the plaintiff. The letter bears the letter head of "Arrow Financial Services LLC" and, therefore, reflects directly on the defendant and its business practices in this federally regulated industry. In the circumstance the court finds that the temporal scope of these discovery requests should be limited to the past five years (that is from the present date back to and including October 1, 1998).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 4
Slip Copy, 2002 WL 32864712 (D.Conn.)
**(Cite as: Slip Copy)**

To the extent defendant contends that some of these documents may contain documents which are protected by the attorney-client privilege or the work product doctrine, the court notes that the defendant has not sustained *its* burden of establishing the applicability of the privilege.

In the Second Circuit, "[d]iscovery serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, in enabling the parties to obtain the factual information needed to prepare for trial." *Gary Plastic Packing Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 756 F.2d 230, 236 (2d Cir.1985) (citations omitted). Therefore, "[r]ules governing discovery should be *interpreted broadly* to achieve those purposes." *Id.* By contrast, the rules pertaining to privilege are *strictly* construed. " Inasmuch as testimonial exclusionary rules and privileges contravene the fundamental principle that the public has a right to every man's evidence, and such privilege must be strictly construed." *University of Pennsylvania v. EEOC,* 493 U.S. 182, 185, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). *Also see In re Horowitz,* 482 F.2d at 81 (2d Cir.), *cert. denied,* 414 U.S. 867, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973).

Notably, "the burden is on the party claiming the protection of a privilege to establish those facts that are essential to the elements of the privileged relationship." *von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 144 (2d Cir.), *cert. denied sub nom., Reynolds v. von Bulow,* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). This burden is not discharged by blanket claims and "conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed. *Id.* at 146.

For the court to rule on the applicability of the attorney-client privilege or work product immunity, the court must have a basis on which to weigh the merits of the assertion. *United States v. Davis,* 131 F.R.D. 391, 401 (S.D.N.Y.1990). The responsibility for supplying that basis belongs to the party asserting the privilege. *International Paper Co. v. Fiberboard Corp.,* 63 F.R.D. 88, 94 (D.Del.1974). It is not incumbent on the party seeking discovery to show that the claimed privilege is inapplicable. Nor is it incumbent on the court to rule at least twice on each claim of privilege: first, when the party asserting it fails to sustain its burden, and then a second time when the party makes another stab at it. It is precisely this unnecessary and unfair waste of time, and infliction of costs, which Local Rule 9 seeks to prevent. It is simply not fair for a party to withhold discovery under a blanket claim of multiple privileges, leaving the court to shoulder the burden of isolating arguably privileged material, and then divining which privilege is being asserted with respect to what information. This is especially true where, as here, it appears that the overriding, if not the only, objective of the defendant is simply to keep information from falling into the hands of plaintiff's lawyer, Attorney Joanne S. Faulkner. This is not a proper basis for resisting discovery, or asserting a legitimate privilege.

\*5 Rule 9(d) 1, Local Rules of Civil Procedure, governs the procedure one follows in asserting a privilege or immunity. It requires that counsel identify records which are being withheld, set forth a description of the documents sufficiently particularized to enable adversary counsel and the court to evaluate the assertion, and assert the precise legal basis for the withholding.

This is particularly important since the methodology a court uses in analyzing claims of privilege differs from that which is used in analyzing whether the work product doctrine applies. The court should not be required to guess at the basis for withholding discovery, nor should the court be expected to apply every conceivable test on the outside chance that it might stumble upon some arguable basis to justify a party's withholding of a document. Nor is a party free to withhold an entire document on grounds that some portion of it might contain protected information.

What the defendant in this case has done is assert a blanket claim of privilege and immunity with respect to whole categories of documents. It now attempts to justify its inexcusable non-compliance with Local Rule 9(d) by arguing that plaintiff's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 5
Slip Copy, 2002 WL 32864712 (D.Conn.)
**(Cite as: Slip Copy)**

discovery requests are so broad that "the defendant simply cannot log all of the documents that may arguably come within the scope of each request that are clearly privileged." (Dkt. # 17 at 4). The court rejects this proposition. the underlying interrogatories are not vague or overbroad. The defendant may not so conveniently relieve itself of its burden of establishing privilege. The court finds that, although the defendant has attempted to withhold the requested documents on the basis of privilege, it has been unsuccessful in establishing that the documents are so protected. Because defendant has not sustained its burden, the documents may not be withheld.

With respect the argument that the sought-after documents should be immune from discovery on grounds that certain of the information is " competitive, proprietary and confidential" the court is not at all persuaded. The Cutler affidavit is insufficient on its face to establish the claimed privilege. (See Dkt. # 17 Attachment) Neither the plaintiff nor her attorney are competitors or involved in the debt collection business. The requested information is relevant in this case. That defendant Arrow considers documents personal, proprietary, and confidential falls short of establishing a recognized immunity from discovery, and is not binding on the court. More than a mere assertion is required to perfect an exemption or immunity from discovery. *See e.g., Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544, 547 (7th Cir.2002).

The defendant is ordered to produce the requested documents within fifteen (15) days of this date.

### 6. *Production Requests 4, 10, 12, and 15*

These production requests merely seek: (1) all documents related to defendant's investigation and attempts to collect this debt from the plaintiff; (2) all record it has received from Sears or intermediaries regarding plaintiff's alleged debt; and (3) telephone records showing communications between the defendant and plaintiff on each date of communication or attempted communication. None of these requests is vague. To the contrary, they are precise, limited, and relevant. The court also finds that it would not be unduly burdensome for the defendant to supply them. For the reasons noted earlier, the defendant has failed to sustain its burden of showing that any of the foregoing documents is immune or privileged. The defendant is ordered to produce these documents within fifteen (15) days of this date.

### 7. *Production Request 5*

*6 This production request seeks all judgments, court opinions, complaints and consent orders relating to the defendant's acts and practices " regarding insufficient funds checks in or after 2000." The defendant has objected to this production request on grounds that (1) it is "overly vague, broad, and burdensome," (2) it includes documents that are "irrelevant, proprietary and confidential, and protected by the attorney-client privilege and work-product doctrine, and (3) to the extent these documents are matters of public record, they are equally accessible to the plaintiff.

These objections are dilatory and unmeritorious. They are overruled. The requests are not "irrelevant " or vague. They seek distinct, readily identifiable, and specific documents: *judgments, court opinions, writs of complaint,* and *consent orders* against the defendant in connection with the particular activities that are at issue in this case. Surely, there are not so many of these documents that it would be unfair or unduly burdensome to require defendant to produce them here. For the reasons noted previously, defendant has not established that any of these requested documents is privileged, covered by the work-product doctrine, confidential, or proprietary. Defendant's assertion that public documents are "equally accessible to plaintiff" is not a sufficient objection, since there is no indication that the foregoing are a matter of public record or that they have been identified so as to make them accessible to the plaintiff. Nor are defendant's objections in keeping with the spirit of the Federal Rules of Civil Procedure. The defendant is ordered to produce the requested documents within fifteen (15) days of this date.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 6

Slip Copy, 2002 WL 32864712 (D.Conn.)
**(Cite as: Slip Copy)**

### III.

The court finds that the defendant has resisted plaintiff's discovery requests and that its resistance was without substantial justification. Defendant's actions have resulted in the unfair and unnecessary expenditure of the court's resources and those of the plaintiff. *See* Rule 37(a)(4)(A), Fed.R.Civ.P. Within fifteen (15) days of this date, plaintiff's lawyer shall file appropriate papers establishing the attorney's fees and costs incurred in her successful pursuit of this motion. Within thirty (30) days of this date, the defendant shall submit whatever papers it wishes in opposition to the imposition of attorney's fees and costs.

This is not a recommended ruling, but a non-dispositive discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A) ; Fed.R.Civ.P. 6(a) and 72(a); and Rule 2 of the Local Rules. As such it is an order of the court unless reversed or modified by the district judge upon motion timely made.

The clerk shall mark the pending motion (Dkt.# 13) as granted.

D.Conn.,2002.
Pullen v. Arrow Financial Services, LLC
Slip Copy, 2002 WL 32864712 (D.Conn.)

Briefs and Other Related Documents (Back to top)

• 3:02CV00647 (Docket) (Apr. 10, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.