**Westlaw.**

Not Reported in F.Supp.2d                                                                                           Page 1

Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
FUNAI ELECTRIC CO., LTD., Plaintiff,
v.
ORION ELECTRIC CO., LTD., Orion America, Inc., Defendants.
ORION ELECTRIC CO., LTD. Orion America, Inc., Plaintiffs,
v.
FUNAI ELECTRIC CO., LTD., Funai Corporation, Defendants.
Nos. 02Civ.2605(AGS)(JCF),
01Civ.3501(AGS)(JCF).

Aug. 7, 2002.

Competitor brought declaratory judgment action against patent holder seeking judgment that patents were not infringed. On motion to compel discovery, the District Court , Francis, United States Magistrate Judge, held that: (1) documents relating to licensing efforts were relevant; (2) information on individual customer complaints and customer returns was not discoverable; (3) patent holder's agreement to produce summary financial documents as they were kept in ordinary course of business, as response to request for documents by competitor relating to financial statements of patent holder, was reasonable; (4) pending motion to dismiss all claims against subsidiary of patent holder did not automatically relieve subsidiary of its discovery obligations; and (5) patent holder's narrowing of competitor's interrogatory definitions was reasonable.

Motion granted in part and denied in part.

West Headnotes

[1] **Patents** 291 292.3(2)

291k292.3(2) Most Cited Cases
Documents relating to a party's licensing efforts are relevant to patent infringement causes of actions; actions and statements against interest of the owner of a patent or inventor may be considered by a court when construing the scope of a patent and are relevant to the issues of infringement and validity. Fed.Rules. Evid.Rule 408, 28 U.S.C.A.

[2] **Patents** 291 292.3(2)
291k292.3(2) Most Cited Cases
Request for documents that referred to "structure, properties, characteristics and/or advantages of any products" which fell under scope of patent, was relevant to issues of claim construction, non-infringement, and invalidity, in patent infringement lawsuit.

[3] **Patents** 291 292.3(2)
291k292.3(2) Most Cited Cases
Documents that related to quality control, customer complaints, customer returns, customer dissatisfaction, consumer surveys, retailer surveys, and retailer dissatisfaction pertaining to any products manufactured, sold or imported by patent holder or its licensees or sublicensees, which were allegedly within scope of any claim of patent, were not discoverable in patent infringement case, since information such as individual customer complaints and customer returns was not directly linked to commercial success.

[4] **Patents** 291 292.3(2)
291k292.3(2) Most Cited Cases
Request for documents that referred to, or constituted communications between, patent holder and competitor, including between counsel, and between patent holder and any third party pertaining to competitor or any product of competitor, was overbroad, since patent at issue involved only videocassette recorder (VCR) components, whereas some products of competitor did not include VCR component.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d   Page 2
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

**[5] Patents 291 ⇐292.3(2)**
291k292.3(2) Most Cited Cases
Request for documents pertaining to patent holder's organizational charts, financial statements, and communications between patent holder and its subsidiary relating to patent in issue, to competitor, and to any product of competitor, was potentially relevant to competitor's claims of non-infringement, and to the extent that information was in possession, control, or custody of patent holder, patent holder was required to turn it over to competitor.

**[6] Patents 291 ⇐292.3(2)**
291k292.3(2) Most Cited Cases
Request for documents that referred to any analysis or test concerning any patent in issue, or any product that patent holder alleged to infringe any claim of any patent in issue, was overly broad, to extent that request sought documents pertaining to testing and analysis of products that were not related to accused products, or to extent that request sought documents pertaining to testing of accused products regarding aspects not covered by claims.

**[7] Patents 291 ⇐292.3(2)**
291k292.3(2) Most Cited Cases
Request for documents, referring to analysis and tests "concerning any product or technology, including those products manufactured or licensed by [patent holder], which [patent holder] alleges to be covered by any claim of any Asserted Patent, and that relate to aspects of" particular series of videocassette recorders (VCRs) of patent holder, was overbroad, to extent that request sought information regarding technical aspects of current products of patent holder that did not related to any claim in infringement case.

**[8] Patents 291 ⇐292.3(2)**
291k292.3(2) Most Cited Cases
Documents "relating to sales or offers to sell, manufacture, volume of sales, costs and expenses, and sales and profit projections-by [patent holder] or by any licensee under any Asserted Patent-of products allegedly covered by any claim of any Asserted Patent" were discoverable, in patent infringement lawsuit.

**[9] Patents 291 ⇐292.3(1)**
291k292.3(1) Most Cited Cases
Patent holder's agreement to produce summary financial documents as they were kept in ordinary course of business, as response to request for documents by competitor relating to financial statements of patent holder, was reasonable, at least as initial response, in infringement lawsuit.

**[10] Patents 291 ⇐292.1(3)**
291k292.1(3) Most Cited Cases
Interrogatory that requested that patent holder state, for each claim that it contended was infringed, "the meaning or construction, and the bases therefor, which should be provided to each claim limitation" was premature, since meaning or construction to be provided to each asserted claim limitation was more properly determined at *Markman* hearing.

**[11] Patents 291 ⇐292.4**
291k292.4 Most Cited Cases
Even though motion to dismiss all claims against subsidiary of patent holder was pending, that did not automatically relieve subsidiary of its discovery obligations in patent infringement suit.

**[12] Patents 291 ⇐292.1(4)**
291k292.1(4) Most Cited Cases
Patent holder's narrowing of competitor's definition in interrogatories of patent holder and its subsidiary, that included all "predecessor entities, parents, subsidiaries, successors, officers, directors, agents, attorneys, and fiduciaries individually or in any combination, and all persons in privity with them with regards to the matters inquired about herein," to just patent holder and subsidiary, was reasonable, where patent holder confirmed that it would fully comply with Federal Rules of Civil Procedure and its responses would be based upon reasonable searches of its facilities and files as well as inquiries of its employees and representatives.

**[13] Patents 291 ⇐292.1(4)**
291k292.1(4) Most Cited Cases
Patent holder's narrowing of definition of "state the basis," as consistent with its ordinary dictionary definition, was reasonable, even though competitor in patent infringement lawsuit defined "state the basis" in its interrogatories to patent holder as "fully and completely state, provide and describe every

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

fact, statistic, inference, supposition, estimate, consideration, conclusion, study and analysis known to [patent holder] which [patent holder] believes to be evidence of the truth or accuracy of the allegation or contention and to identify each document relating thereto."

MEMORANDUM AND ORDER

FRANCIS , Magistrate J.
*1 The plaintiffs, Orion Electric Co., Ltd. ("Orion Electric") and Orion America, Inc. ("Orion America") (collectively "Orion"), filed this action against the defendants, Funai Electric Co., Ltd. ("Funai Electric") and Funai Corporation ("Funai Corp.") (collectively "Funai") seeking declaratory relief pursuant to 28 U.S.C. § 2201, establishing that its products do not infringe any enforceable patents held by Funai. Orion also alleges that Funai has engaged in monopolization in violation of the Sherman Act, 15 U.S.C. § 1 *et seq.*

Funai has countersued, FN1 charging the plaintiffs with patent infringement. Orion responded by filing the same two claims seeking declaratory relief and alleging monopolization as counterclaims in this suit.

> FN1. Funai's action, formerly pending in the United States District Court for the District of New Jersey, was transferred to this District on March 19, 2002, pursuant to 28 U.S.C. § 1404(a) for consolidation.

The current dispute involves the discovery of a number of documents and the sufficiency of responses to a number of interrogatories. The parties have each submitted motions to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure.

*Background*

Orion Electric is a Japanese corporation engaged in the manufacture and sale of electronic devices, including video cassette recorders ("VCRs"), combination television/video cassette recorders ("TV/VCRs"), and tuners. Orion Electric also creates its own technologies and takes licenses to technologies involving the design and manufacture of VCRs and TR/VCRs. (Supplemental and Second Amended Complaint ("Second Am. Compl."), ¶ 3). Orion America, a New Jersey based affiliate of Orion Electric, is engaged in the sale and marketing of electronic devices, including VCRs, TR/VCRs, and tuners. (Second Am. Compl., ¶ 4).

Funai Electric is a Japanese corporation engaged in the sale and marketing of electronic devices, including VCRs, TR/VCRs, and tuners. Funai Corp., a subsidiary of Funai Electric, is based in New Jersey. Funai Electric markets, sells, and services electronic devices in the United States through Funai Corp. (Second Am. Compl., ¶¶ 5-6).

Funai asserts that it possesses the exclusive right to make, use, sell, and offer to sell eight patents within the United States (the "Asserted Patents"), and that the VCRs and TV/VCRs sold in the United States by Orion include the inventions claimed in the Asserted Patents. (Second Am. Compl., ¶¶ 8, 11, 14). Accordingly, Funai contends that it is entitled to a remedy for patent infringement and has demanded that the plaintiffs pay Funai a royalty for each VCR and TV/VCR sold by Orion. (Second Am. Compl., ¶ 16). Orion denies that any of the VCRs, TV/VCRs, or tuners that they manufacture or sell in the United States infringe any valid, enforceable claim of any of the Asserted Patents. (Second Am. Compl., ¶ 17).

*Procedural History*

In April 2001, Orion initiated this lawsuit by filing a complaint that was later amended. Funai moved to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim, and, in the alternative, it moved to separate and stay Orion's antitrust claims until resolution of the patent issues. On March 11, 2002, Judge Schwartz ruled on the motions, granting Funai's motion to dismiss for failure to state a claim on the patent misuse claim, the antitrust claim, and all claims against

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                        Page 4
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Funai Corp., and denying the other two motions. *See Orion Electric Co. v. Funai Electric Co.,* No. 01 Civ. 3501, 2002 WL 377541, at *8 (S.D.N.Y. March 11, 2002). Judge Schwartz also granted the plaintiffs permission to serve and file a second amended complaint within thirty days. *Id.* Orion then filed a supplemental and second amended complaint in April 2002. In May 2002, Funai again moved to dismiss Orion's antitrust claims for failure to state a claim and to dismiss all claims against Funai Corp. for failure to state a claim and for lack of subject matter jurisdiction. In the alternative, Funai moved to separate and to stay Orion's antitrust claims until resolution of the patent issues. This motion is currently pending before Judge Schwartz.

*2 Meanwhile, in December 2001, Funai initiated a lawsuit in federal court in New Jersey, charging the plaintiffs with patent infringement. Funai also filed a complaint with the United States International Trade Commission ("ITC"), but later withdrew it. The only motions before me are the parties' motions to compel.

*Discussion*

*Orion's Motion to Compel*

A. *Document Requests*

The plaintiffs have provided over one hundred document requests from the defendants and now claim that Funai has provided deficient responses to seventy-seven of these requests. I will address each of the disputed document requests in turn.

1. *Document Request No. 4*

Orion's Document Request No. 4 seeks [a]ll correspondence which refer or relate ... to the assignment, licensing or sublicensing of the Funai patents." (Orion Electric Co., Ltd's and Orion America, Inc.'s Memorandum of Law in Support of their Motion to Compel Discovery ("Pl.Memo."),

Exh. 2 at 8). In response, Funai has agreed to turn over all assignments, licenses, and sublicenses but refuses to turn over correspondence, arguing that " such documents are privileged, not reasonably calculated to lead to the discovery of admissible evidence, and/or protected from discovery under Fed.R.Evid. 408." (Memorandum of Law in Support of Funai Electric Co., Ltd.'s and Funai Corp.'s Opposition to Orion Electric Co., Ltd.'s and Orion America, Inc.'s Motion to Compel Discovery ( "Def.Opp.Memo.") at 4).

[1] Under Rule 408 of the Federal Rules of Evidence, "the use of settlement evidence to establish the validity or invalidity of a claim of trademark infringement" is barred. *Starter Corp. v. Converse, Inc.,* 170 F.3d 286, 293 (2d Cir.1999) (citation omitted). However, in this case, Funai has made no showing that the information sought is " settlement evidence" as opposed to routine business communications. Moreover, courts have held that documents relating to a party's licensing efforts are relevant to infringement causes of actions. "Actions and statements against interest of the owner of a patent or inventor may be considered by a court when construing the scope of a patent and are relevant to the issues of infringement and validity." *Conopco, Inc. v. Warner-Lambert Co.,* No. Civ. A 99-101, 2000 WL 342872, at *6 (D.N.J. Jan.26, 2000) (citation omitted).

Accordingly, to the extent that the information is not privileged, Funai is ordered to produce all correspondence relating to the assignment, licensing, or sublicensing of any Asserted Patent. To the extent that the information is privileged, Funai shall submit a privilege log with respect to the outstanding document requests in conformity with the requirements set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2.

2. *Document Requests Nos. 5, 83, and 92*

The plaintiffs' Document Requests Nos. 5, 83, and 92 seek all documents referring to the commencement or withdrawal of the defendants' ITC proceeding initiated against Orion, all

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 5
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

documents referring to the defendants' decision to commence a lawsuit against Orion in the United States District Court for the District of New Jersey, and all documents referring to threats to commence a legal action against the plaintiffs based on the Funai patents. (Pl. Memo., Exh. 2 at 8, 40, and 44). In response, Funai argues that this information is privileged material and that it is "not aware of any non-privileged, responsive documents." (Def. Opp. Memo. at 4). Orion further claims that Funai has refused to list the information called for by these document requests on its privilege log. (Orion Electric Co., Ltd's and Orion America, Inc.'s Reply Memorandum in Support of their Motion to Compel Discovery ("Pl. Reply Memo.") at 3).

*3 To the extent it is privileged, Funai shall include the information requested by these document requests on its privilege log in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2.

### 3. Document Requests Nos. 6, 7, and 110-117

Document Requests Nos. 6 and 7 seek all documents that refer to the "structure, properties, characteristics and/or advantages of any products" as well as any "engineering project reports" which relate to the designing of any products made or sold by Funai, or licensees or sublicensees under the Asserted Patents. (Pl. Memo., Exh. 2 at 9). Document Requests Nos. 110-117 seek all documents that relate to quality control, customer complaints, customer returns, customer dissatisfaction, consumer surveys, retailer surveys, and retailer dissatisfaction pertaining to any products manufactured, sold or imported by Funai or its licensees or sublicensees, which are allegedly within the scope of any claim of any Asserted Patent. (Pl. Memo., Exh. 3 at 2-5).

Funai responds that these requests are "overly broad " and "not reasonably calculated to lead to the discovery of admissible evidence." (Def. Opp. Memo. at 5). Specifically, Funai notes that the technical aspects of Funai's current products as requested by Nos. 6 and 7 are not relevant to this case. Funai further contends that these two requests are duplicative of other requests for which Funai has already agreed to produce responsive documents. Objecting to Requests Nos. 110-117, Funai argues that the information sought is simply not relevant to any claim in the case. (Def. Opp. Memo. at 5).

[2] Document Requests Nos. 6 and 7 are indeed overly broad. Information regarding the "structure, properties, characteristics and/or advantages of any products" which fall under the scope of the Asserted Patents is relevant to issues of claim construction, non-infringement, and invalidity. However, Orion has failed to explain how the technical aspects of current Funai products that are not related to any claim in this case are relevant. Accordingly, Funai need not respond to that part of the requests. Additionally, to the extent that Document Requests Nos. 6 and 7 are duplicative of other requests, Funai can simply answer these requests by reference to its prior production.

[3] Similarly, Document Requests Nos. 110-117 are overly broad. Orion cites to *Chubb Integrated Systems, Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 57 (D.D.C.1984), to support its contention that documents relating to quality control and customer satisfaction should be produced. (Pl. Memo. at 7). However, the court in *Chubb* determined that commercial success is relevant to patent invalidity and that sales information, sales volume, and market share are relevant factors in the determination of commercial success. Here, Orion requests information such as individual customer complaints and customer returns; information that is not directly linked to commercial success. Accordingly, Orion's motion to compel for Document Requests 110-117 is denied.

### 4. Document Requests Nos. 17 and 103

*4 [4] Document Requests Nos. 17 and 103 seek all documents that refer to or constitute communications between Funai and Orion, including between counsel, and between Funai and any third-party "pertaining to Orion or any Orion product." (Pl. Memo., Exh. 2 at 14, 48). Funai responds that these requests are "confusing and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 6
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

boundless in scope." (Def. Opp. Memo. at 6). They further argue that Orion's offer to limit the requests to those issues set forth in the pleadings are tantamount to asking for "discovery on issues in the complaint." (Def. Opp. Memo. at 6).

Orion's requests are indeed overbroad, particularly where they seek information "pertaining to Orion or any Orion product." As Funai's counsel pointed out during oral argument, the Asserted Patents in this case involve only VCR components, whereas some of Orion products do not include a VCR component. (Tr. 23). FN2 To the extent that Orion seeks information on products not at issue in this case, the request is overbroad. Therefore, Funai is not required to respond to these requests in their current form.

> FN2. "Tr." refers to the transcript of the oral argument held on July 22, 2002.

*5. Document Requests Nos. 19, 44, and 77*

Document Request No. 19 seeks all documents that refer to communications between Alps Electric Co. ("Alps"), an Orion supplier of tuner components, and Funai. Document Request No. 44 seeks all documents regarding Alps and Funai's '218 patent. Document Request No. 77 seeks all documents that refer to communications between Funai and any Orion supplier concerning the subject matter of the Asserted Patents. (Pl. Memo., Exh. 2 at 15, 24, 38). Orion complains that Funai objected to the phrase " subject matter" of the Asserted Patents, and has improperly and artificially limited the Requests to include only information within the "scope of the claims." (Pl. Memo. at 8-9). Orion then requested a more specific definition of this phrase, but Funai has not provided one. (Pl. Memo. at 8-9). Funai counters that they have agreed to produce all responsive documents. (Def. Opp. Memo. at 6).

As written, these requests are overly broad. Since Funai's narrowing of the requests to include information within "the scope of the claims" is reasonable and Funai asserts it has already agreed to produce such documents, Orion's motion to compel is denied.

*6. Document Request No. 20*

Orion's Document Request No. 20 seeks all documents referring to Alps' involvement with Funai in the development of technology relating to any video cassette device. (Pl. Memo., Exh. 2 at 15). Funai again responded by limiting the scope of this request to the "scope of the claims." (Def. Opp. Memo. at 7). Arguing that this request "bears directly on the issue of inventorship of the Asserted Patents," Orion counters that Funai's "artificial limitation" is improper. (Pl. Memo. at 9).

Again, as written, Orion's request is overly broad. The scope of the technology requested by Orion easily exceeds any issue in this case. As such, Orion's motion is denied.

*7. Document Request No. 21*

*5 Document Request No. 21 asks for all documents between Funai and Alps concerning the " design, development, manufacture and sale of any tuner embodying the invention of any [Asserted Patent]." (Pl. Memo., Exh. 2 at 15-16). Orion complains that Funai has agreed only to produce information regarding the "design" and " development" of the turners and has refused to produce any information on the "manufacture" or " sale" of the tuners. Orion further complains that even as to the "design and development" of any tuner, Funai limits this request to " 'documents ... within the scope of the asserted claims.' " (Pl. Memo. at 10). In response, Funai argues that it has already agreed to produce documents relating to the "design" and "development" of certain tuners, but has asked Orion for clarification on the relevance of documents relating to the "sale" or "manufacture" of these tuners. According to Funai, Orion has failed to provide it. (Def. Opp. Memo. at 7).

In its moving papers Orion states that these document requests are relevant to "economic damages, inventorship, and invalidity." (Pl. Memo. at 10). While it is clear that information regarding the design and the development of tuners is relevant to issues of inventorship and invalidity and information regarding sales is relevant to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                             Page 7
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

calculation of damages, it is unclear how information related to the manufacture of tuners is relevant to Orion's claims, defenses, or counterclaims. Accordingly, Funai shall respond to Orion's document requests concerning the design, development and sale of the tuners in question.

8. *Document Requests Nos. 23, 24, and 27-35*

Orion's Document Requests Nos. 23, 24, and 27-35 seek all documents "pertaining to Funai authorized service centers, Funai's warranty and service operations relating to products allegedly covered by the Asserted Patents, Funai's quality control inspections, refurbishing operations, and third-parties related thereto." (Pl. Memo. at 10). Funai responds that Document Requests Nos. 23, 24, and 28-36 FN3 target only "domestic industry" issues from the ITC investigation and are therefore irrelevant. FN4 (Def. Opp. Memo. at 7-8).

> FN3. Although Funai includes Document Request No. 36 in its objections, this appears to be a clerical error since Orion's motion to compel does not address this request.

> FN4. In order to appear before the ITC, a party must present proof that the industry in question is an industry that deserves the protection of the United States. A qualifying industry is referred to as a " domestic industry." (Tr. 20-21).

It is unclear how information relating to Funai's service centers is relevant to the issues in this case and Orion has failed to articulate a persuasive reason. As such, Orion's motion to compel is denied as it relates to Document Requests Nos. 23, 24, and 28-36.

As for Document Request 27, which seeks documents, including laboratory notebooks, prepared in connection with the research and development of products covered by the Asserted Patents (Pl. Memo., Exh. 2 at 18), Funai responds that it has agreed to produce documents relating to "

(i) the conception/reduction to practice/first disclosure of inventions claimed in the patents, (ii) laboratory notebooks substantiating inventorship, and (iii) prior art." (Def. Opp. Memo. at 8). However, to the extent that No. 27 seeks technical information relating to Funai's current commercial products, Funai argues that it is irrelevant. (Def. Opp. Memo. at 8).

*6 The information sought by Orion's Request No. 27 is clearly relevant, except with respect to technical information concerning Funai's current products not related to claims in this case. (See analysis for Requests Nos. 6 and 7 above). Since Funai's offer of production is reasonable, Funai is not compelled to produce more than it has already agreed to in response to this request.

9. *Document Requests Nos. 25, 94-96, 98-100, and 102*

[5] These requests seek all documents pertaining to "Funai organizational charts, financial statements of Funai Corp., and communications between Funai Electric and Funai Corp. relating to the Asserted Patents, to Orion, and to any Orion product." (Pl. Memo. at 11). In response, Funai contends that it has responded to each of these requests "to the extent it understands them," and that "Orion has not clarified the scope ... in any way that permits Funai to respond." (Def. Opp. Memo. at 8). Specifically, as to Document Request No. 25, Funai states that it agreed to produce organization charts for Funai but not for any of its subsidiaries since such documents "were not reasonably calculated to lead to the discovery of admissible evidence." (Def. Opp. Memo. at 9). As to Document Requests Nos. 94 and 98, Funai states that no responsive documents exist. As to Document Requests Nos. 95 and 96, the defendant sought clarification of the terms " pertaining to Orion" and "pertaining to any Orion product," and never received a response from Orion. (Def. Opp. Memo. at 9). As to Document Requests Nos. 99 and 100, Funai contends that these are privileged since they pertain to litigation and that no non-privileged responsive documents exist. (Def. Opp. Memo. at 9-10). And finally, as to Document Request No. 102, Funai argues that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 8
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

financial documents requested are not reasonably calculated to lead to the discovery of admissible evidence. (Def. Opp. Memo. at 10).

Orion's Document Request No. 25 seeks information relating to Funai's organizational charts which concern products covered by the Asserted Patents. (Pl. Memo., Exh. 2 at 17). Funai has agreed to turn over the requested information for Funai but not for Funai's affiliates, claiming this information is not relevant.

Contrary to Funai's assertion, this information is potentially relevant to Orion's claims. To the extent this information is in the possession, control, or custody of the defendants, they are instructed to turn it over.

Orion's motion to compel is denied as to Document Requests Nos. 94 and 98 since Funai represents that it has no responsive documents. Likewise, the motion to compel is denied as to Document Requests Nos. 95 and 96 because these requests, which seek information "pertaining to Orion or any Orion product" (Pl. Memo., Exh. 2 at 45), are overbroad. (See analysis for Request No. 103 above).

Orion's motion to compel is also denied as to Document Requests Nos. 99 and 100. Funai contends that these requests, which seek information relating to contemplated or actually commenced litigation against Orion and licensing negotiations with Orion, seek privileged information. (Pl. Memo., Exh. 2 at 46-47). To the extent that the information is privileged, Funai shall include it in its privilege log pursuant to Rule 26(b)(5) and Local Civil Rule 26.2.

*7 Orion's Document Request No. 102 seeks financial statements of Funai Corp. This information is clearly relevant to a determination of damages. Accordingly, the motion to compel is granted insofar as it seeks a response from Funai Corp., but it is denied insofar as it seeks a response from Funai Electric. (See analysis in section C below).

### 10. *Document Request No. 26*

This request seeks all annual and quarterly reports, 10-Ks filed with the United States Securities and Exchange Commission, and any prospectus since January 1, 1990. (Pl. Memo., Exh. 2 at 18). In response, Funai agreed to produce annual reports, 10-Ks, and any prospectus since 1996, but argues that Orion has proffered no basis for requesting documents all the way back to 1990. (Def. Opp. Memo. at 10). Orion has since modified its requests to include documents from January 1, 1992, arguing that some of the Asserted Patents had effective filing dates in 1992. (Pl. Memo. at 13).

Orion's original request is overbroad in that it includes a time period before any of the effective filing dates of the Asserted Patents. Its modification to 1992 is reasonable since some of the Asserted Patents were filed in that year and Funai is therefore compelled to respond to this request.

### 11. *Document Request No. 37*

Document Request No. 37 seeks all documents relied upon in responding to Orion's First Set of Interrogatories. (Pl. Memo., Exh. 2 at 22). Funai responds that this information is privileged and that there are no non-privileged, responsive documents. (Def. Opp. Memo. at 10).

Funai is compelled to produce any documents relied on that were not produced in response to other requests. To the extent the information sought is privileged, the defendants shall include this information in its privilege log.

### 12. *Document Requests Nos. 39 and 40*

[6] Orion's Document Requests Nos. 39 and 40 seek all documents that refer to any analysis or test concerning any of the Asserted Patents or any product that Funai alleges to infringe any claim of any Asserted Patent. (Pl. Memo., Exh. 2 at 22-23). Funai responds that it has agreed to produce non-privileged, responsive documents that relate only to "accused Orion products and/or the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 9
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

conception and reduction to practice of inventions claimed in the Funai patents." (Def. Opp. Memo. at 10-11).

Both of these requests are overly broad as written. To the extent that they seek documents pertaining to testing and analysis of products that are not related to accused Orion products or to the extent that they seek documents pertaining to testing of accused products regarding aspects not covered by the claims, they are overbroad. Since Orion has failed to show the relevance of this information, Orion's motion to compel is denied and Funai need not produce more than it has agreed to.

### 13. *Document Requests Nos. 41, 69 and 70*

[7] These requests seek all documents referring to analysis and tests "concerning any product or technology, including those products manufactured or licensed by Funai, which Funai alleges to be covered by any claim of any Asserted Patent, and that relate to aspects of" Funai Model No. VIP 3000 series VCRs. (Pl. Memo. at 14 & Exh. 2 at 35). In response, the defendant contends these requests are duplicative of Document Requests Nos. 6 and 7 and are overbroad in that they relate to all current and past Funai products. (Def. Opp. Memo. at 11).

*8 These requests are indeed overbroad. To the extent that they request information regarding the technical aspects of Funai's current products not related to any claim in the case, Funai need not respond to that part of the requests. Additionally, as noted above, to the extent the document requests are duplicative of other requests, Funai can simply answer these requests by reference to previously produced documents.

### 14. *Document Requests Nos. 42 and 43*

These requests seek all documents referring to communications from the Japanese Patent Office concerning the subject matter of any Asserted Patent. (Pl. Memo., Exh. 2 at 24). Funai responds that it has agreed to produce non-privileged, responsive documents to these requests. (Def. Opp. Memo. at 11).

To the extent that the information is privileged, Funai shall include it in its privilege log. To the extent it is not, Funai shall respond fully to these requests.

### 15. *Document Request No. 45*

Orion's Document Request No. 45 seeks "All Alps catalogs referring to three in one tuners having publication or copyright dates before the filing date of the '218 Patent." (Pl. Memo., Exh. 2 at 25). In response, Funai has agreed to produce all Alps catalogs which include the phrase "three in one tuners." (Def. Opp. Memo. at 11). Orion contends that Funai's response is improper in that it limits the scope of the request to "Alps catalogues" as opposed to all "documents." (Pl. Memo. at 15). Since Orion's request specifically asks for "all Alps catalogues" and not all "documents," Funai's response is appropriate and Orion's motion to compel is denied.

### 16. *Document Request No. 46*

This request seeks "[a]ll documents explaining 'how tuner and video processing circuits had previously been designed separately and independently of each other.'" (Pl. Memo., Exh. 2 at 25). In response, Funai asked Orion to identify the source of the quote, which Orion did. Funai now points out that the full quote reads, "This is further supported by the attached statement (Exhibit A) explaining how tuner and video processing circuits had previously been designed separately and independently of each other." Based on this full quote, Funai argues that it has already provided Orion with the requested explanation. (Def. Opp. Memo. at 12). Funai further argues that this request is duplicative of Document Request No. 3 which Funai has already agreed to comply with. (Def. Opp. Memo. at 12).

Simply because Funai has provided Orion with one document in the past that refers to the requested

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 10
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

information does not mean that Funai has "provided the responsive documents" as it claims. (Def. Opp. Memo. at 12). Orion's requests seeks "all documents " and Funai is therefore instructed to respond fully to this request. As to any possible overlap with Document Request No. 3, this contention is without merit. Document Request No. 3 seeks information pertaining to the validity, patentability and scope of claim coverage of the Asserted Patents, (Pl. Memo., Exh. 2 at 7); a request sufficiently different from the request at hand.

*17. Document Requests Nos. 54, 58 and 72*

\*9 These requests seek documents relating to timing charts. (Pl. Memo. at 16). Orion defines timing chart as "a chart, design document, or document based on any test result, which shows or characterizes the timing or operation of a product or component." (Pl. Memo. at 16). Funai defines it as " a chart relating to the timing of operation of components/products." (Def. Opp. Memo. at 12). Funai argues that since Orion never sought to resolve the differences in their definitions, the motion to compel is improper and premature. (Def. Opp. Memo. at 12-13 & n. 14).

This issue appears to be prematurely before me since the parties apparently thought they had agreed to different definitions during a meet-and-confer, evidenced by letters dated April 16 and 18, 2002 that crossed in the mail. (Pl. Memo., Exh. 6 at 7 & Exh. 10 at 5). Orion's motion to compel is denied and the parties are instructed to attempt to resolve this issue on their own.

*18. Document Requests Nos. 55-57, 59-63, 71, and 74*

Orion's Document Requests Nos. 55-57, 59-63, 71, and 74 seek information pertaining to the physical operation of a number of specific Orion devices. (Pl. Memo., Exh. 2 at 29-32, 35, 37). Orion argues that these requests, which seek information about " Orion and non-Orion products, whether or not accused by Funai," is relevant. (Pl. Memo. at 17). In response, the defendant agrees to produce documents relating to those Orion products accused by Funai, but refuses to produce documents relating to "non-accused Orion products," maintaining that such documents are not reasonably calculated to lead to discovery of admissible evidence. (Def. Opp. Memo. at 13). Orion responds that non-accused Orion product information is relevant to issues such as non-infringement and claim construction. (Pl. Reply Memo. at 7).

Orion's argument is not persuasive and therefore the motion to compel is denied as it relates to these requests. (See analysis for Requests Nos. 39 and 40 above).

*19. Document Request No. 78*

Under Document Request No. 78, Orion seeks documents relating to any "licenses taken by Funai under any patent generally directed to consumer electronic devices" or "component utilized in consumer electronic devices or Video Cassette Devices," arguing that this information is relevant to a determination of damages. (Pl. Memo. at 17 & Exh. 2 at 38). In response, Funai agrees to produce licenses relevant to damages pursuant to *Georgia-Pacific Corp. v. United States Plywood Corp.,* 318 F.Supp. 1116 (S.D.N.Y.1970), *modified,* 446 F.2d 295 (2d Cir.1971). (Def. Opp. Memo. at 13). Orion counters that this limitation is improper because Funai fails to clarify precisely what it intends to produce. (Pl. Memo. at 17-18).

In *Georgia-Pacific,* the court identifies fifteen factors to be considered when determining the amount of a reasonable royalty for a patent license. 318 F.Supp. at 1120. Given the specificity of this list, Orion can assume that Funai intends to produce documents related to each factor. Since Orion has failed to identify additional information it desires that is beyond the listed factors, the motion to compel is denied.

*20. Document Requests Nos. 79-82 and 104*

\*10 [8] These requests seek all documents " relating to sales or offers to sell, manufacture,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 11
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

volume of sales, costs and expenses, and sales and profit projections-by Funai or by any licensee under any Asserted Patent-of products allegedly covered by any claim of any Asserted Patent." (Pl. Memo. at 18). Orion complains that Funai has refused to produce documents responsive to these requests as to licensees. (Pl. Memo. at 18). Funai responds that it has agreed to produce responsive documents. It further notes that since Orion never attempted to seek documents relating to licensees prior to this motion, an application to compel is premature. (Def. Opp. Memo. at 13-14).

Funai is incorrect. Orion clearly requested documents concerning licensees in its document requests. (Pl. Memo., Exh. 2 at 39-40, 48). Moreover, Orion attaches a letter from Funai where Funai clearly omits any intention of complying with that part of the requests. (Pl. Memo., Exh. 5 at 2-3). Therefore, the motion is not premature and Funai is ordered to respond fully to these document requests.

### 21. Document Request No. 84

Orion's Document Request No. 84 seeks all documents referring to "Video Cassette Devices, Video Cassette Device/television combinations, and technologies relating to all of the foregoing." (Pl. Memo., Exh. 2 at 41). At the defendants' request, the plaintiff narrowed the request to include, "VCRs and TV/VCR combination[s] incorporating one or more limitation of any Asserted Patent, and technologies related thereto." (Pl. Memo. at 18). Funai argues that this request is still overly broad.

Orion's narrowing of this request is reasonable and the information sought is relevant to claims of non-infringement. Therefore, Funai shall produce documents responsive to this request.

### 22. Document Requests Nos. 85-91 and 105

Document Requests Nos. 85-91 and 105 seek all documents pertaining to "competition in the market, market share, start-up costs, manufacturing and marketing expenses, and to Funai's intentions in the marketplace." (Pl. Memo. at 19). In response, Funai contends that these requests relate only to Orion's antitrust claims and should therefore not be addressed until Funai's motion to separate and stay Orion's antitrust claim is decided. (Def. Opp. Memo. at 14-15). Orion counters that Judge Schwartz made it clear in a pre-motion conference on April 29, 2002, that discovery on all issues should proceed while Funai's motion to dismiss was being briefed. (Pl. Memo. at 19). Funai counters that Judge Schwartz's directive indicated that only "*non-antitrust issues* should not be stayed" while Funai's motion to dismiss was pending. Funai further notes that there was no pending antitrust cause of action when Funai served its discovery responses because Judge Schwartz had granted Funai's initial motion to dismiss on March 21, 2002. Although Orion later re-alleged its antitrust cause of action in a Second Amended Complaint, Funai has yet to answer, and maintains that it will address these document requests if its motion is not granted. (Def. Opp. Memo. at 15 & n. 17).

*11 Unfortunately, Judge Schwartz's directive was not memorialized. Therefore, absent further instruction from Judge Schwartz, the parties shall comply with discovery requests on all issues in the case. Accordingly, Funai shall respond to Document Requests Nos. 85-91 and 105.

### 23. Document Request No. 101

[9] Orion's Document Request No. 101 seeks all documents relating to financial statements for Funai Electric. (Pl. Memo., Exh. 2 at 47). In response, Funai agrees to produce "summary financial documents as they are kept in the ordinary course of business." (Def. Opp. Memo. at 15). Orion counters that this is an artificial limitation and insists on "all documents responsive to the full scope of this request." (Pl. Memo. at 20).

Funai's response to produce summary financial documents as they are kept in the regular course of business is reasonable, at least as an initial response, and Orion's motion to compel is therefore denied.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 12
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

B. *Interrogatories*

The plaintiffs also contest the defendants' responses to their interrogatories. Specifically, they complain about the defendants' answer to three subparts of Interrogatory No. 1.

1. *Interrogatory No. 1(A)*

Interrogatory No. 1(A) requests that Funai identify, for each claim that it contends is infringed, "each Orion product and structure corresponding to each element in each such asserted claim." (Pl. Memo., Exh. 1 at 7). In response, Funai proposed that the parties exchange claim charts, including infringement claim charts. Funai now contends that Orion failed to honor its part of the agreement so Funai has since taken the position that it will produce claim charts only upon a parallel exchange by Orion. (Def. Opp. Memo. at 16-17).

The parties are instructed to exchange claim charts simultaneously.

2. *Interrogatory No. 1(B)*

[10] Interrogatory No. 1(B) requests that Funai state, for each claim that it contends is infringed, " the meaning or construction, and the bases therefor, which should be provided to each claim limitation." (Pl. Memo., Exh. 1 at 7). Funai responds that the request is premature because "the meaning or construction which should be provided to each asserted claim limitation is more properly determined at a Markman hearing." (Def. Opp. Memo. at 17).

The purpose of a *"Markman"* hearing is for the court to interpret the claims of a contested patent. See *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed.Cir.1995), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). Funai is correct in that the "interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court." *Id.* at 970-71. As such, Funai has agreed to provide its positions regarding claim constructions following a determination of the disputed terms in accordance with the *Markman* hearing schedule set by the Court. Accordingly, Orion's motion to compel is premature.

3. *Interrogatory No. 1(C)*

*12 Interrogatory No. 1(C) requests that Funai identify, for each element in each claim that it contends is infringed, "all the disclosures in the corresponding patent which support said claim limitation." (Pl. Memo., Exh. 1 at 7). Funai responds that this request is improper and burdensome since "the asserted claims are presumptively supported by the respective specification and figures." (Def. Opp. Memo. at 17).

Although the information sought by Orion is clearly relevant to the case, see *Minnesota Mining and Manufacturing Co. v. Johnson & Johnson Orthopaedics, Inc.,* 976 F.2d 1559, 1565 (Fed.Cir.1992), the request is burdensome as written. Instead of requiring Funai to detail each element in each asserted claim, Orion should first identity what is missing in the specification and figures supplied by Funai. The motion to compel is denied in its present form.

C. *Funai Corp.'s Failure to Respond*

Next, Orion complains that Funai Corp. has failed to respond to any of Orion's discovery requests and should be compelled to do so. Orion further argues that since Funai Corp. is the wholly-owned subsidiary of Funai Electric, then, as its parent, Funai Electric has the obligation to produce relevant documents in its subsidiaries' files and should be compelled to do so. (Pl. Memo. at 23).

Funai responds that Funai Corp. has no obligation to respond to Orion's discovery request because it is not a party in this case. Funai relies on Judge Schwartz's March 11 decision in which all claims against Funai Corp. were dismissed. Acknowledging that Orion seeks to add Funai Corp. as a party in its second amended complaint, Funai nonetheless argues that since it has been granted

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                   Page 13

Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

leave to file a motion to dismiss all charges against Funai Corp., it therefore has no discovery obligations. (Def. Opp. Memo. at 18 & n. 23).

[11] Funai is mistaken. Even though a motion to dismiss all claims against Funai Corp. is pending, this does not automatically relieve Funai Corp. of its discovery obligations. *See Spencer Trask Software and Information Services, LLC v. RPost International Limited,* 206 F.R.D. 367, 368 (S.D.N.Y.2002) ; *Moran v. Flaherty,* No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept.25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."). Accordingly, Funai Corp. should immediately respond to each of Orion's discovery requests.

D. *General Objections*

Orion also argues that some of the general objections raised by the defendants are improper.

1. *General Objection No. 6*

General Objection No. 6 states that Funai objects to producing information "that is publicly available, not uniquely within the control of Funai, and/or is equally available to Orion." (Pl. Memo., Exh. 2 at 3 & Exh. 1 at 3). Orion argues that this is improper and as an example, cites to the possibility that Funai would withhold prior art that is publically available. Funai responds that this objection merely preserves its rights under Rule 26(b)(2) which provides that discovery may be limited if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(i). Funai further notes that it has already agreed to turn over all prior art requested by Orion. (Def. Opp. Memo. at 19-20).

*13 Since no controversy has crystallized regarding this objection, no relief is appropriate at this time.

2. *General Objection No. 7*

Orion next complains that General Objection No. 7 is improper and fails to conform with Rule 34. Here, Funai objects to requests to the extent that they impose a duty to produce information that is not within Funai's possession, custody, or control. Funai also objects to requests that require Funai to obtain information from "any former employee, agent, officer, director, representative, consultant, accountant, or attorney of Funai." (Pl. Memo. at 24; Exh. 2 at 3 & Exh. 1 at 3).

According to Rule 34, Funai is required to produce all information within its possession, custody, or control. *See* Fed. R. Civ. P 34(a). Funai's objection does not go beyond that, as Orion suggests, and is therefore appropriate.

3. *General Objections Nos. 8(e) and 10 to Orion's Document Requests, and 9(e) and 11 to Orion's Interrogatories*

Under these general objections, Funai objects to turning over information that contains trade secrets or is otherwise confidential. (Pl. Memo., Exh. 2 at 3-4 & Exh. 1 at 3-4). Orion argues that this is improper since there is a protective order in force in the case. (Pl. Memo. at 24). Funai responds that since the protective order allows parties to seek modification for good cause this objection preserves its right to raise an issue with the court if a conflict arises. (Def. Opp. Memo. at 20-21).

Since no such concrete disagreement has yet arisen, no relief is appropriate at this time.

4. *General Objections Nos. 15 and 16 to Orion's Document Requests, and 16 and 17 to Orion's Interrogatories*

[12] Under these general objections, Funai objects to Orion's definitions of "Funai Electric" and " Funai Corp." (Pl. Memo., Exh. 2 at 5 & Exh. 1 at 5). While Orion defines them to include all " predecessor entities, parents, subsidiaries, successors, officers, directors, agents, attorneys, and fiduciaries individually or in any combination, and all persons in privity with them with regards to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

matters inquired about herein," Funai, contending that these definitions are "vague, ambiguous, and so overly broad that it is unduly burdensome, oppressive, and harassing," limits its definitions to " Funai Electric Co., Ltd." and "Funai Corporation." (Def. Opp. Memo. at 21; Pl. Memo., Exh. 2 at 5 & Exh. 1 at 5). At the same time, Funai confirms that it will fully comply with the Federal Rules of Civil Procedure and its responses will be based upon reasonable searches of its facilities and files as well as inquiries of Funai employees and representatives. (Def. Opp. Memo. at 21).

Funai's definition and response is reasonable and Orion's motion is therefore denied.

### 5. General Objections No. 18 to Orion's Document Requests, and 19 to Orion's Interrogatories

Orion next complains that General Objections Nos. 18 and 19 are improper. Similar to the last contested objections, Funai opposes Orion's definition of "Alps," which includes all persons in privity with Alps. Funai's response narrowed the definition to "Alps Electric Co., Ltd." (Def. Opp. Memo. at 22).

*14 Again, Orion's motion to compel is denied because Funai's narrowing of the definition is reasonable and its assertion that it will abide by the Federal Rules is sufficient.

### 6. General Objections Nos. 19 to Orion's Document Requests, and 20 to Orion's Interrogatories

[13] Finally, Orion argues that General Objections Nos. 19 and 20 are improper. Here, Funai objects to Orion's definition for "state the basis" which includes a mandate that Funai "fully and completely state, provide and describe every[ ] fact, statistic, inference, supposition, estimate, consideration, conclusion, study and analysis known to Funai which Funai believes to be evidence of the truth or accuracy of the allegation or contention and to identify each document relating thereto." (Def. Opp. Memo. at 23). Instead, Funai has proposed construing the term "consistent with its ordinary dictionary definition." (Def. Opp. Memo. at 23).

Funai's narrowing of the definition is reasonable and Orion's motion to compel is denied.

### E. Date to Complete Discovery

Orion contends that Funai has refused to set a date to produce responsive documents because "it intends to withhold all key information and documents until the extremely later stages of these actions to unduly prejudice Orion." (Pl. Memo. at 26). Orion proposes the completion date be June 30, 2002. (Pl. Memo. at 27). Funai responds that it has twice agreed to discuss a "substantially complete" date, but that Orion has insisted on June 30, a date that is nine months before the close of discovery. (Def. Opp. Memo. at 23-24). Funai contends that Orion should be ordered to negotiate a reasonable date to have document production completed. (Def. Opp. Memo. at 24).

The parties shall have until September 6, 2002 to complete their production of documents.

### Funai's Motion to Compel

Funai also filed a motion to compel against Orion in which it seeks the Court's assistance in compelling Orion to produce the following three things: (1) complete responses and documents from Korat Denki and World Electric; (2) a full response to Interrogatory Nos. 2-4; and (3) documents within the full and proper scope or Document Request No. 23. (Memorandum of Law in Support of Funai Electric Co., Ltd's Motion to Compel Discovery (" Def.Memo.") at 2). Each will be addressed below.

### A. Document Requests and Interrogatories Concerning Korat Denki and World Electric

Funai first argues that Orion has improperly withheld discovery related to Korat Denki and World Electric. Claiming that these two organizations are Orion entities, Funai bases this conclusion on two facts: (1) during the ITC

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 15
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

investigation, Orion stated that World Electric is involved in product planning of accused Orion products and Korat Denki manufactures accused Orion devices; and (2) Orion's website displays Korat Denki and World Electric as "Factories and Offices." (Def. Memo. at 2-3). In addition to seeking documents, Funai makes the request to inspect and copy documents on-site at Korat Denki and World Electric. (Def. Memo. at 4).

*15 In response, Orion contends that Funai's motion should be denied because these entities are third parties, distinct from Orion, and not under Orion's control. Orion has no ownership interest in either entity and they do not have an ownership interest in Orion. Therefore none of the documents requested are under Orion's possession, custody, or control. (Orion Electric Co., Ltd.'s and Orion America, Inc.'s Memorandum of Law in Opposition to Funai's motion to Compel Discovery ("Pl.Opp.Memo.") at 2-4). Orion further argues that Funai's specific request for an on-site inspection of Korat Denki and World Electric should be denied because it is the first time Funai has ever raised this request. (Pl. Opp. Memo. at 3).

Funai's motion to compel is denied. Just because these entities manufacture Orion products does not mean that Orion has access to their documents and Funai has failed to prove that Orion has control over these entities in any other way. However, Funai is free to conduct discovery to determine the scope of the relationships between Orion and Korat Denki and Orion and World Electric.

B. *Interrogatories Nos. 2-4*

Interrogatory No. 2 requests that the plaintiffs set forth the specific bases for their argument that the claims of the Patents-in-Suit are not infringed. (Def. Memo., Exh. G at 5). Interrogatory No. 3 seeks a full explanation for Orion's contentions that Funai's claims of the Patent-in-Suit are invalid. (Def. Memo., Exh. G at 7-8). Interrogatory No. 4 seeks Orion's interpretation of each claim or element of the Patent-in-Suit. (Def. Memo., Exh. G at 11). Funai argues Orion has failed to respond in a meaningful way and specifically requests the following three things: (1) in response to Interrogatory No. 2, "noninfringement claim charts, including supporting documents and citations;" (2) in response to Interrogatory No. 3, "invalidity claim charts, including supporting documents and citations " as well as "a further explanation of its Section 112 arguments" and; (3) in response to Interrogatory No. 4, "Orion's proposed claim interpretation (with supporting documents and citations thereto)." (Def. Memo. at 5).

In response, Orion contends that it has already provided detailed and substantive responses to Funai's interrogatories. In addition, Orion argues that to the extent Funai seeks its positions "prior to filing its Declaratory Judgment Action," Funai seeks privileged information since it qualifies as attorney work product. (Pl. Opp. Memo. at 7).

Funai's motion to compel is denied. Regarding Interrogatories 2 and 3, Orion has already provided Funai with lengthy and detailed responses. (Def. Memo., Exh. G at 5-11). In response to Interrogatory 4, the information sought involves claim interpretation and is a matter for the court to determine. *See Markman,* 52 F.3d at 970-71. Accordingly, Funai's motion to compel is premature.

C. *Document Request No. 23*

Funai's Document Request No. 23 seeks documents referring to "license fees or royalties paid by or to Orion in connection with any license that grants or purports to grant to any party the right to make, use, or sell 'video cassette devices' and/or 'combos." ' (Def. Memo., Exh. F at 15). In response, Orion agrees to turn over the licenses related to the Patents-in-Suit, but argues that the request is overbroad insofar as it seeks licenses unrelated to the Patents-in-Suit. (Pl. Opp. Memo. at 10).

*16 Orion's narrowing of this request is reasonable and as such, Funai's motion to compel is denied.

*Conclusion*

For the reasons set forth above, Orion's motion to

Not Reported in F.Supp.2d                                                                 Page 16

Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

compel discovery is granted in part and denied in part, and Funai's motion to compel is denied.

S.D.N.Y.,2002.
Funai Elec. Co., Ltd. v. Orion Elec. Co., Ltd.
Not Reported in F.Supp.2d, 2002 WL 1808419 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 2002 WL 32768662 (Trial Motion, Memorandum and Affidavit) Orion's Reply Memorandum of Law in Support of Their Objections to, and Motion for Reconsideration of, Magistrate Judge Francis's September 30, 2002 Endorsement Staying Compliance with the August 6, 2002 Discovery Order (Oct. 22, 2002)
• 2002 WL 32768660 (Trial Motion, Memorandum and Affidavit) Orion's Memorandum of Law in Support of Their Objections to, and Motion for Reconsideration of, Magistrate Judge Francis's September 30, 2002 Endorsement Staying Compliance with the August 6, 2002 Discovery Order (Oct. 14, 2002)
• 2002 WL 32768751 (Trial Pleading) Orion's Reply Brief in Support of Their Motion Under Rule 26(c) for an Order Protecting Them from Third-Party Subpoenas and Rule 45 Motion in the Alternative to Quash Certain of the Third-Party Subpoenas (Oct. 07, 2002)
• 2002 WL 32768659 (Trial Motion, Memorandum and Affidavit) Memorandum of Law on Behalf of Funai Electric Co., Ltd. in Opposition to Orion's Motion Under Rule 26(c) for an Order Protecting It from Third-Party Subpoenas and Rule 45 Motion in the Alternative to Quash Certain of the Third-Party Subpoenas (Sep. 27, 2002)
• 2002 WL 32768658 (Trial Motion, Memorandum and Affidavit) Orion's Sur-Reply Memorandum of Law in Opposition to Funai's Objections to, and Funai's Motion for Reconsideration of, Magistrate Judge Francis's August 6, 2002 Order (Sep. 09, 2002)
• 2002 WL 32768657 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Support of Funai's Motion for Reconsideration of Certain Portions of the Magistrate Judge's Memorandum and Order Dated August 6, 2002 (Sep. 03, 2002)
• 2002 WL 32768656 (Trial Motion, Memorandum and Affidavit) Orion's Memorandum of Law in Opposition to Funai's Objections to, and Funai's Motion for Reconsideration of, Magistrate Judge Francis's August 6, 2002 Order (Aug. 29, 2002)
• 2002 WL 32768654 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Antitrust and Patent Misuse Claims of the Supplemental and Second Amended Complaint (Jun. 10, 2002)
• 2002 WL 32768655 (Trial Motion, Memorandum and Affidavit) Orion's Memorandum of Law in Opposition to Funai's Motion, in the Alternative, to Separate and Stay Orion's Antitrust Claim (Jun. 10, 2002)
• 2002 WL 32768653 (Trial Motion, Memorandum and Affidavit) Orion Electric Co., Ltd's and Orion America, Inc.'s Reply Memorandum in Support of Their Motion to Compel Discovery (Jun. 04, 2002)
• 2002 WL 32768749 (Trial Pleading) Orion America, Inc.'s and Orion Electric Co., Ltd.'s Reply to Counterclaim of Funai Electric Co., Ltd. (Apr. 15, 2002)
• 2002 WL 32768965 (Trial Pleading) First Amended Answer, Counterclaim, and Third-Party Complaint of Orion America, Inc. and Orion Electric Co., Ltd. (Apr. 15, 2002)
• 2002 WL 32768747 (Trial Pleading) Supplemental and Second Amended Complaint (Apr. 10, 2002)
• 2002 WL 32768963 (Trial Pleading) Answer and Counterclaims of Defendants Orion America, Inc. and Orion Electric Co., Ltd. (Apr. 08, 2002)
• 1:02cv02605 (Docket) (Apr. 04, 2002)
• 2001 WL 34727613 (Trial Pleading) Amended Complaint (Jul. 20, 2001)
• 1:01cv03501 (Docket) (Apr. 25, 2001)
• 2001 WL 34727608 (Trial Pleading) Complaint (2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.