**Westlaw.**

Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2002 WL 1816820 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2002 WL 1816820 (D.Conn.)
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
  United States District Court, D. Connecticut.
            Lauren KIMBRO, -Plaintiff
                        v.
         I.C. SYSTEM, INC., -Defendant
              No. 3:01 CV 1676(DJS).

                    July 22, 2002.

              RULING ON MOTION TO COMPEL

SMITH, Magistrate J.
*1 The plaintiff has brought this action against defendant I.C. System, Inc. (hereafter "I.C.S."), alleging that I.C.S.'s debt collection efforts against her have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff's motion to compel is pending before the court. The motion (Dkt.# 13) is GRANTED. FN1

> FN1. It is worthy to note that a majority of the discovery disputes that are at issue in this motion could have been resolved without court intervention. Experienced legal professionals should know, *without* Court direction, what is within the realm of permissible discovery pursuant to Fed.R.Civ.P. 26 and D. Conn. L. Civ. R. 38 & 39.

The court finds that I.C.S.'s resistance to plaintiff's discovery efforts is unjustified and contrary to well-established legal principles. Among the principles defendant I.C.S. ignores is the axiom that discovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information. *Oppenheimer Fund Inc. v. Sanders,* 473 U.S. 340, 351 (1978). Information need not be admissible as evidence in order to be discoverable. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 29-30 (1984). "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). In the Second Circuit, "[t]his obviously broad rule is liberally construed." *Daval Steele Products v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir.1991), citing *Oppenheimer, supra,* 437 U.S. at 351.

Defendant I.C.S. also overlooks that, as the objecting party, it bears the burden of showing why discovery should be denied. *Blakenship v. Hearst Corp.,* 519 F.2d 418 (9th Cir.1975). The mere statement by a party that discovery is "irrelevant and immaterial" is not enough to discharge this burden. *Joseph v. Harris Corp.,* 677 F.2d 985, 992 (3rd Cir.1982). Moreover, a party which fails to object to a discovery request waives any objections it otherwise might have made. *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992) ; *Smith v. United States,* 193 F.R.D. 201, 207 n. 19 (D.Del.2000).

Nor may I.C.S. withhold discovery on the strength of its own overly optimistic speculation that it might one day be successful in achieving dismissal of, or summary judgment on plaintiff's complaint. Because an adjudication on the merits normally comes only *after* discovery, "it is no objection to an interrogatory that it relates to a defense or claim which is insufficient in law." *Anderson Co. v. Helena Cotton Oil Co.,* 117 F.Supp. 932, 945 n. 9 (E.D.Ark.1953). Finally, I.C.S. is not free to raise in its brief-almost as an afterthought-entirely new objections which it did not assert earlier. *Davis v. Fender,* 650 F.2d 1154, 1160 (9th Cir.1981) ; *Eureka Financial Corp. v. Hartford Act. and Index. Co.,* 136 F.R.D. 179 (E.D.Cal.1991).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 1816820 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

I. UNOBJECTIVE DISCOVERY REQUESTS:
Interrogatory 1, 2, and 10 *and* Request for Production 1, 4, 5, 8 and 21

Defendant I.C.S. did not object to the above mentioned Interrogatories or Requests for Production. In addition, I.C.S. has not sought an extension of time to produce these discovery materials. Therefore, I.C.S. is ordered to respond to these interrogatories and production requests unless it has already satisfied this obligation.

II. DISPUTED DISCOVERY REQUESTS

A. INTERROGATORIES NOS. 3 and 4

*2 Interrogatory No. 3 simply asks I.C.S. to " itemize the components of the $1,494.90 amount demanded, including principal, interest and charges. " (Dkt. 14 at 2.) In addition, Interrogatory 4 requests that the defendant "itemize the components of interest or charges still accruing on the Providian account as of the date of the 50% off letter." (*Id.*) Defendant I.C.S. objects to providing this information on grounds that it is "irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence." (Dkt. # 14 at 3). FN2 The objection is overruled. The court finds that the information plaintiff seeks in these two discovery requests goes directly to whether the " 50% off" was based on an accurate figure, and whether assertions in the letter that amounts were still accruing were within § 1692e and § 1692f of the FDCPA. The Court finds that this information is relevant, material, non-privileged, and reasonably related to plaintiff's claims.

> FN2. In its opposition papers, the defendant indicates that it will provide a response to these interrogatories. However, the plaintiff contends that, as of June 11, 2002, the defendant has failed to comply.

B. INTERROGATORY NO. 5

Plaintiff seeks a "plain English transcript" of defendant's "contact history" including the meaning of code numbers and abbreviations. To the extent that there are aspects of the history that is not apparent to counsel, plaintiff shall contact defendant by telephone or letter and identify which portions of the "contact history" require further explanation.

C. INTERROGATORIES NOS. 6 and 7

Interrogatory No. 6 requests that the I.C.S. " [i]dentify each consumer reporting agency (credit bureau) to which the defendant reported the plaintiff's debt and the dates of each such report." (Dkt. 14 at 4.) Interrogatory No. 7 states "set forth your procedures reasonably adapted to comply with the Fair Credit Reporting Act." (*Id.*) In its opposition papers to the motion to compel, I.C.S. stated that it will provide a response to No. 6 indicating that it did not report with respect to the plaintiff's account. (Dkt. 18 at 2.) In addition, I.C.S. stated that, as a result, plaintiff has agreed that Interrogatory No. 7 is unnecessary. (*Id.*) To the extent that I.C.S. has not already complied with its representations, the court orders it to do so.

D. INTERROGATORY NO. 8

Plaintiff has requested that I.C.S. set forth its procedures reasonably adapted to make sure that its form letters comply with the FRCPA. (Dkt. 14 at 5.) The plaintiff and I.C.S. have agreed to what discovery is permissible regarding this interrogatory. (Dkt. No. 18 at 2.) Specifically, I.C.S. has agreed to supplement its previous response. (*Id.*) According to the plaintiff, however, I.C.S. has failed to resolve this issue. Therefore, this court orders I.C.S. to supplement its response as agreed.

E. INTERROGATORY NO. 9

In its Interrogatory No. 9, the plaintiff requests that I.C.S. specify all changes made in the format of the 50% letter since July, 13, 2001. (Dkt. 14 at 5.) Defendant asserts that it will provide an answer to this interrogatory. In the event that I.C.S. has not already complied, the court orders it to provide a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3
Not Reported in F.Supp.2d, 2002 WL 1816820 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

satisfactory response to this interrogatory.

### F. Production Requests NOS. 2, 12, 14, and 19

*3 These requests seek the manuals, written procedures, and protocols defendant uses in complying with the FDCPA and in accessing and reporting to credit bureaus. The court finds that the information sought is relevant, is not overly broad, and is properly discoverable. The court finds that, while I.C.S. must expend some effort in gathering this information, the documents requested are not so voluminous that their production is unfairly or unduly burdensome.

### G. PRODUCTION REQUEST NO. 6

In this production request, plaintiff seeks copies of all judgments, court opinions, complaints, and consent order concerning the defendant's practices under the FDCPA and the Fair Credit Reporting Act in or after the year 2000. Contrary to defendant's objection, this request does not seek irrelevant and immaterial information; nor is the requested information not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's request is reasonably limited as to scope and time. The material sought is clearly relevant to the state of mind with which I.C.S. acted. It is also relevant to whether defendant's alleged statutory violations occurred after it had actual notice that its practices were actionable. While it may be burdensome to require defendant to compile and permit discovery of the various legal complaints and judgments against it from 2002 to the present, surely these documents are not so voluminous that it is an unreasonable or unfair burden for defendant to shoulder.

### H. PRODUCTION REQUEST NO. 7

This production request is not opposed in defendant's opposition papers. Absent objection, the court orders I.C.S. to respond to this production request.

### I. PRODUCTION REQUEST NOS. 10, 17, and 22

The plaintiff has requested the following information: FN3

> FN3. Plaintiff's requests also included "[a] screen dump of the first and latest reports to any consumer reporting agency concerning plaintiff's debt." (Dkt. 14 at 8.) I.C.S. indicated that an agreement was reached with the plaintiff as to this request. (Dkt. 18 at 3.)

10. All agreements with Providian National Bank or its assignee concerning the collection of plaintiff's debt.

17. All agreements of defendant with any entity concerning servicing, or collection of the debt of plaintiff.
22. Documents concerning the payment arrangements defendant/Providian would accept.
(Dkt. 14 at 8.)

I.C.S. objects to these requests on the grounds that they are irrelevant, immaterial, and not reasonably limited to any of the issues raised in plaintiff's complaint. The court disagrees finding that these request are relevant, material, and reasonably limited in their scope.

For all of the these reasons, plaintiff's motion to compel (Dkt.# 13) is granted and the defendant is ORDERED to produce the aforesaid information and material to plaintiff within twenty (20) days hereof. The documents shall be used by counsel for the plaintiff in this litigation only without prejudice to plaintiff's right to seek leave from the court for an enlargement of this limitation if necessary. At the conclusion of this case, or upon application, the plaintiff is free to seek an award of attorney's fees in connection with successful prosecution of this motion. See Fed.R.Civ.P. 37.

*4 This is not a recommended ruling. This is a discovery ruling and order which can be reviewed pursuant to the "clearly erroneous" standard of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                         Page 4
Not Reported in F.Supp.2d, 2002 WL 1816820 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

review. 28 U.S.C. § 636(b)(1)(A) ; Fed. R. Civ.P. 6(a) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court unless reversed or modified by the district judge upon motion timely made.

IT IS SO ORDERED at Hartford, Connecticut, this *22* nd day of July, 2002.

D.Conn.,2002.
Kimbro v. I.C. System, Inc.
Not Reported in F.Supp.2d, 2002 WL 1816820 (D.Conn.)

Briefs and Other Related Documents (Back to top)

• 3:01CV01676 (Docket) (Aug. 29, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.