Westlaw.

Slip Copy

Slip Copy, 2005 WL 1366450 (D.Conn.)
**(Cite as: Slip Copy)**

Slip Copy, 2005 WL 1366450 (D.Conn.)
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
In re: PRICELINE.COM INC. SECURITIES
LITIGATION
**No. 3:00CV01884(DJS).**

June 7, 2005.

David A. Slossberg , J. Daniel Sagarin , Margaret E. Haering , Hurwitz Sagarin & Slossberg , Milford, CT, Dennis J. Johnson , Jacob B. Perkinson , Peter J. McDougall , Johnson & Perkinson , South Burlington, VT, Elias A. Alexiades , New Haven, CT, Andrew M. Schatz , Jeffrey S. Nobel , Justin Scott Kudler , Schatz & Nobel , Eliot B. Gersten , Gersten & Clifford , Hartford, CT, David Randell Scott , Erin Green Comite , Scott & Scott , Colchester, CT, James E. Miller , Patrick A. Klingman , Sheperd Finkelman Miller & Shah , Chester, CT, Geoffrey M. Johnson , Scott & Scott, LLC , Chagrin Falls, OH, Joseph H. Weiss , Weiss & Yourman , Aaron Brody , Jules Brody , Stull, Stull, & Brody , Harvey Greenfield , Law Firm of Harvey Greenfield , New York, NY, Deborah R. Gross , Law Offices of Bernard M. Gross, PC , Michael D. Donovan , Donovan Searles, Philadelphia, PA, for Plaintiffs/Movants.

Bradford S. Babbitt , Frank F. Coulom, Jr. , Robinson & Cole , Eric Watt Wiechmann , Peter W. Hull , Thomas J. Finn , McCarter & English , William H. Narwold , Motley Rice , Hartford, CT, Christine L. Arena , Daniel Slifkin , Evan R. Chesler , James G. Hein, Jr. , Kevin J. Kehoe, Jr. , Cravath, Swaine & Moore , Dana C. MacGrath , Martin Glenn , O'Melveny & Myers , Carla A. Kerr , David L. Sorgen , William R. Maguire , Hughes, Hubbard & Reed , New York, NY, John F.X. Peloso, Jr. , Joseph L. Clasen , Melissa Sullivan , William J. Kelleher, III , Robinson & Cole , Douglas C. Conroy , Paul R. Dehmel , Paul, Hastings, Janofsky & Walker , Stamford, CT, Albert M. Myers, III , Carl W. Mullis, III , J. Allen Maines , Laura M. Berg , Michael B. Arnold , Robert D. Zebro , Summer B. Joseph , Paul, Hastings, Janofsky & Walker, Atlanta, GA, for Defendants.

MEMORANDUM OF DECISION AND ORDER

SQUATRITO, J.
*1 This document relates to: ALL ACTIONS

Now pending in the above-captioned matter is defendants' motion to compel (dkt.# 141). For the reasons set forth herein, defendants' motion is GRANTED in part and DENIED in part.

I. BACKGROUND

Lead plaintiffs bring this action on behalf of members of a putative class of persons who purchased or otherwise acquired securities of priceline.com Inc. ("Priceline") between January 27, 2000 and October 2, 2000, pursuant to Sections 10(b), 15 U.S.C. § 78j(b) , and 20(a) , 15 U.S.C. § 78t , of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA" ), 15 U.S.C. §§ 78a -78mm , and Rule 10b-5 , 17 C.F.R. § 240.10b-5, promulgated thereunder, against Priceline, Jay S. Walker, N.J. Nicholas, Daniel H. Schulman, and Richard S. Braddock. Plaintiffs allege that defendants' false and misleading statements inflated the value of Priceline's stock to the benefit of the defendants and other company insiders and to the detriment of the plaintiffs. Specifically, plaintiffs allege that during the period from mid-July 2000 to September 26, 2000, defendants sold, in the aggregate, millions of shares of Priceline stock, allowing them to profit substantially prior to disclosing various deficiencies in Priceline's short term economic outlook.

The gravamen of plaintiffs' allegations is that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 2

Slip Copy, 2005 WL 1366450 (D.Conn.)
**(Cite as: Slip Copy)**

defendants grossly overstated the utility of Priceline's business model, and that defendants, outside the view of the investing public, spent exorbitant amounts of Priceline's cash to keep the doomed venture called WebHouse afloat primarily to bolster their statements about the utility of the business model.

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. Specifically, " [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Fed.R.Civ.P. 26(b)(1). As a general proposition, the Federal Rules of Civil Procedure concerning discovery are to be construed broadly. *See generally* 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed.1997) (citing *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979)). A valid discovery request need only " encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenhiemer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *see Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ; *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 756 F.2d 230, 236 (2d Cir.1985).

"A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D.Ind.2002) (citing Fed.R.Civ.P. 26(b)(2)). The party resisting discovery bears the burden of demonstrating that its objections should be sustained, and
  *2 pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. *Obiajulu v. City of Rochester,* 166 F.R.D. 293, 295 (W.D.N.Y.1996). The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (internal citations and quotation marks omitted).

On November 15, 2004, defendants served the Combined First Sets of Requests for Production of Documents and Interrogatories upon plaintiffs, and on January 19, 2005, defendants served the Second Sets of Requests for the Production of Documents and Interrogatories upon plaintiffs. Defendants challenge the sufficiency of certain responses offered by plaintiffs. Each specific challenge is discussed in turn.

### 1. First Requests for Production 1 & 2

Request number 1 seeks "[a]ll documents collected, obtained or otherwise received in connection with any investigation by Plaintiffs or counsel for Plaintiffs concerning any allegation" made in a complaint lodged in this consolidated action. Request number 2 seeks "[a]ll documents concerning or reflecting communications with any person in connection with any investigation by Plaintiffs or counsel for plaintiffs concerning any allegation" made in a complaint lodged in this consolidated action. In response, plaintiffs state that no responsive documents exist that are not protected from disclosure by the attorney-client privilege or work product immunity.

Without a privilege log, the court cannot judge the sufficiency of plaintiffs' objections. Plaintiffs shall serve a privilege log in the form prescribed by Rule

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 3

Slip Copy, 2005 WL 1366450 (D.Conn.)
**(Cite as: Slip Copy)**

37(a) 1 of the Local Rules of Civil Procedure for the District of Connecticut upon defendants on or before July 11, 2005. Defendants may file a motion to compel discovery of documents identified in the privilege log on or before August 1, 2005.

### 2. First Request for Production 5 & Second Request for Production 7

Request number 5 seeks "[a]ll documents concerning the investment policies or practices of any Plaintiffs including, but not limited to, all statements of investment policy prepared by or for any Plaintiff," and request number 7 seeks " [d]ocuments sufficient to show the composition of the investment portfolio(s) of each of the Proposed Class Representatives." Plaintiffs object to these requests and claim that the documents requested are irrelevant.

*3 Plaintiffs' objections are overruled. The requests at issue seek documents that could assist defendants in rebutting the presumption of reliance arising in the "fraud on the market" context.

### 3. First Request for Production 11

Because plaintiffs have agreed to provide a supplemental response, defendants' motion is denied as moot with respect to request for production number 11.

### 4. First Interrogatories 7, 8 & 9

First interrogatory number 7 seeks the identity of " each person with whom Plaintiffs or counsel for Plaintiffs communicated in connection with any investigation concerning any allegation in the Amended Complaint" including "those that Plaintiffs purport to have interviewed in connection with this Action...." First interrogatory number 8 asks for the names of individuals referred to in the Amended Complaint. First interrogatory number 9 requests that plaintiffs "[i]dentify and describe ... each and every document reviewed by Plaintiffs relating to" certain allegations set forth in the

Amended Complaint. Plaintiffs claim that their answers are protected by the doctrine of work product immunity.

"The work product rule operates as a privilege against discovery cloaking all documents prepared by a party, his representative or an attorney 'in anticipation of litigation." ' *EDO Corp. v. Newark Ins. Co.,* 145 F.R.D. 18, 23 (D.Conn.1992) . (quoting *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). This doctrine is " intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation free from unnecessary intrusion by his adversaries." *U.S. v. Adlman,* 134 F.3d 1194, 1196 (2d Cir.1998) (internal quotation marks omitted).

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which states that

a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that party is unable without due hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. Pro. 26(b)(3). Thus, as set forth in Rule 26(b)(3), "[t]he degree of protection afforded under the work product doctrine is dependent upon whether the work product is ordinary or opinion work product." *Loftis,* 175 F.R.D. at 11. When a party seeks ordinary work product, it must demonstrate substantial need and the inability to acquire the information through other means. *See In re Grand Jury Proceedings,* 219 F.3d 175, 190 (2d Cir.2000) ; *Loftis v. Amica Mutual Ins. Co.,* 175 F.R.D. 5, 11 (D.Conn.1997). By contrast, when a party seeks "work product that shows mental

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                             Page 4

Slip Copy, 2005 WL 1366450 (D.Conn.)
**(Cite as: Slip Copy)**

impressions, conclusions, opinions, or legal theories of an attorney" the material shall be protected " unless a highly persuasive showing of need is made. " *In re Grand Jury Proceedings,* 219 F.3d at 190 (internal quotation marks omitted).

**\*4** The parties cite several cases in which courts have applied the work product doctrine to discovery requests similar to those at issue here. *See, e.g., Miller v. Ventro Corp.,* No. C 01-01287SBA(EDL), 2004 U.S. Dist. LEXIS 6913 , at \*6 (N.D.Cal. Apr. 21, 2004) (holding that the identity of individuals referenced in the complaint was not protected from disclosure); *In re Ashworth Sec. Lit.,* 213 F.R.D. 385, 389 (S.D.Cal.2002) (holding that the names of individuals who provided information to plaintiffs' counsel that was used in the complaint was immune from discovery as work product); *In re Thermogenics Corp. Sec. Lit.,* 205 F.R.D. 631, 636 (N.D.Ga.2002) (holding that the names of witnesses interviewed by counsel who had knowledge of the facts alleged in the complaint were not protected from disclosure); *In re MTI Technology Corp Sec. Lit.,* No. SACV 00-745 DOC(ANX), 2002 U.S. Dist. LEXIS 13015, at \*18-\*19 (C.D.Cal. Jun. 13, 2002) (holding that the identity of six individuals referenced in the complaint was immune from discovery as work product); *In re Aetna Sec. Lit.,* No. MDL 1219, 1999 U.S. Dist. LEXIS 8038, at \*12 (E. D.Pa. May 26, 1999) (holding that the identity of individuals referenced in the complaint were not protected from disclosure). The results the courts have reached in these cases are varied.

The court holds that the identity of witnesses with whom plaintiffs or their counsel have had contact and individuals referenced in the complaint is attorney work product but that this information is not immune from discovery. Because this information was accumulated during the course of plaintiffs' attorney's investigation, it is attorney work product. Discovery of this information would reveal aspects of plaintiffs' counsel's investigation, and, through this information, defendants could possibly gain insight into counsel's thought process. Although this information is attorney work product, however, it is subject to disclosure under Rule 26 if "the party seeking discovery has substantial need of the materials in the preparation of the party's case

and that party is unable without due hardship to obtain the substantial equivalent of the materials by other means...." Fed.R.Civ.P. 26(b)(3). In this case, forcing defendants to ferret through the substantial list of individuals who have information relevant to plaintiffs' claims in order to discover those individuals upon whose knowledge plaintiffs have framed their allegations would be an undue hardship. Rule 26 provides unqualified protection for the "mental impressions, conclusions, opinions, or legal theories of an attorney"; in this case the information sought does not impinge upon the zone of unqualified protection. The courts in the cases cited herein have taken different views on this position according to the particular facts of each case, and this court finds that the defendants' need for the information substantially outweighs the potential for an intrusion into plaintiffs' counsel's case preparation. Therefore, plaintiffs's objections are overruled and they must respond to first interrogatories 7 and 8. Plaintiffs must also respond to number 9, but, because number 9 seeks a documents that could reveal more than simply names, they may prepare and serve a privilege log, on or before July 11, 2005, if they deem any document opinion work product.

### III. CONCLUSION

**\*5** For the reasons set forth herein, defendants' motion to compel (dkt. # 141) is GRANTED in part and DENIED in part. Plaintiffs shall supplement their responses as directed herein on or before July 11, 2005.

So Ordered.

D.Conn.,2005.
In re Priceline.Com Inc. Securities Litigation
Slip Copy, 2005 WL 1366450 (D.Conn.)

Briefs and Other Related Documents (Back to top)

• 3:00cv01884 (Docket) (Oct. 02, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.