IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------x
                                                  :

H. JONATHAN FRANK ET AL     :     3:03 CV 1014 (JBA)

V.

ARTHUR LoVETERE ET AL      :     DATE: OCTOBER 6, 2005

-----------------------------------------------x

RULING ON PLAINTIFFS' MOTION TO COMPEL

      The factual and procedural history behind this litigation is set forth in U.S. District Judge Janet Bond Arterton's Ruling on Defendants' Motions to Dismiss, filed March 31, 2005 (Dkt. #98), addressed to plaintiffs' Amended Complaint, filed November 7, 2003 (Dkt. #38). See Frank v. LoVetere, 363 F. Supp.2d 327 (D. Conn. 2005).  In this ruling, Judge Arterton dismissed plaintiffs' claims for breach of fiduciary duty to defendant Reflexite Corporation ["Reflexite"] by the individual defendants, breach of a 1979 contract and a 1986 Stockholder Agreement by defendant William Rowland, promissory estoppel against defendant Rowland, tortious interference with contractual relations between plaintiff H. Jonathan Frank and defendant Rowland by all the other individual defendants, and demand for an accounting against all defendants (Counts One, Three, Four, Five and Six). 363 F. Supp.2d at 329-38, 342-45.  Thus, all that remains in the litigation is plaintiffs' claim for breach of fiduciary duty to plaintiffs by the individual defendants – Arthur LoVetere, Cecil Ursprung, Louis Baccei, Worth Loomis, Theodore Patlovich, Stephen Raffay, Rowland, and Peter Eio (Count Two). 363 F. Supp.2d at 329-32, 338-42, 345.

      On June 24, 2005, plaintiffs filed their Second Amended Complaint (Dkt. #119), with one count for breach of fiduciary duties against the eight individual defendants.  On July 14, 2005, the defendants filed their Answers, with multiple affirmative defenses. (Dkts. ##122-23). Under the latest Scheduling Order, filed July 25, 2005, all discovery is to be completed by

February 1, 2006 and all dispositive motions are to be filed by March 1, 2006. (Dkt. #125, ¶¶ 1 & 3(a)). Judge Arterton has referred this file to this Magistrate Judge for all discovery purposes. (Dkt. #125, ¶ 4; Dkt. #126).

On August 15, 2005, plaintiffs filed the pending Motion to Compel, and brief and affidavit in support. (Dkts. ##128-30).[1] On September 6, 2005, Reflexite filed its brief in opposition. (Dkts. ##131-32).[2] Nine days later, plaintiffs filed their reply brief. (Dkts. ##133-35).[3]

For the reasons stated below, plaintiffs' Motion to Compel (Dkt. #128) is granted in part and denied in part.

## I. DISCUSSION

Plaintiffs served a subpoena on Reflexite, which is no longer a defendant in this litigation, on or about May 4, 2005, attached to which was a document request for forty-one categories of documents. (Dkt. #130, Exh. A). Two weeks later, Reflexite's counsel sent a letter, in which he asserted a "blanket objection" to the subpoena; counsel were unable to resolve their differences. (Dkt. #130, ¶¶ 3-8 & Exhs. B-C; Dkt. #132, at 4 & Exhs. A-D).

In their brief, plaintiffs contend that Reflexite is still required to respond even though it is no longer a party in the litigation, that "the bulk of the discovery [p]laintiffs seek is in the possession of Reflexite," that information pertaining to the Special Litigation Committee ["SLC"] is "highly pertinent" to plaintiffs' claims, even if their claims regarding the SLC are no

---

[1] The following four exhibits were attached to counsel's affidavit (Dkt. #130): copy of subpoena, dated May 4, 2005, upon Reflexite Corporation, with Schedule A attached (Exh. A); copies of correspondence between counsel, dated May 18 and August 3, 2005 (Exhs. B & D); and copy of e-mail correspondence between counsel, dated August 3, 2005 (Exh. C).

[2] Attached to Dkt. #132 were copies of correspondence between counsel, dated May 18, June 2, August 12 and August 25, 2005 (Exhs. A-D).

[3] Attached to Dkts. ##134-35 were copies of unpublished decisions (Exhs. 1-7).

longer in the lawsuit, and that documents relating to the buyback programs are "highly relevant to . . . [plaintiffs'] claim that . . . [d]efendants acted in an unfair, discriminatory and oppressive manner." (Dkt. #129, at 3-4).

In its brief in opposition, Reflexite argues that the discovery request is contrary to a prior discovery ruling by Judge Arterton and to her Ruling on Defendants' Motion to Dismiss, that Document Requests Nos. 1-5, 7, 20-24 and 30 are duplicative because plaintiffs already have received the entire SLC file and this claim is no longer part of the lawsuit, Document Requests Nos. 6, 8-19, 25-29 and 31-37 seek information that is unrelated to plaintiffs' remaining claim, and Document Requests Nos. 38-41[4] are inappropriate because Reflexite is no longer a party to this litigation. (Dkt. #132, at 3, 5-7).

In their reply brief, plaintiffs reiterate that Reflexite cannot dodge its discovery obligations simply because it is a non-party, and that the discovery requests are relevant to plaintiffs' remaining claims. (Dkt. #133, at 2-6).

Early in this litigation, plaintiffs served five notices of deposition and a Rule 30(b)(6) notice upon Reflexite, as well as extensive interrogatories and requests for production (Dkt. #28, at 6; Dkt. #132, at 3). On October 1-2, 2003, all the defendants filed Motions for Protective Order Staying Interim Discovery Pending Determination of Plaintiffs' Standing (Dkts. ##27-31); on November 26, 2003 and May 28, 2004, defendants filed their various Motions to Dismiss (Dkts. ##40-45, 48-49, 68-69). Judge Arterton granted defendants' Motions for Protective Order in part, staying all discovery but discovery relating to SLC, and ordering that SLC discovery be completed by April 30, 2004 (Dkts. ##60, 65 & 87. See also Dkt. #132, at 3). Plaintiffs were provided with the entire SLC file and conducted full

---

[4]Counsel agree that plaintiffs have withdrawn Document Requests Nos. 38-40. (Dkt. #132, at 4 & 7; Dkt. #133, at 6 n.3).

3

discovery with regard to the SLC. (Dkt. #63; Dkt. #132, at 3).

According to Reflexite's counsel, the Document Requests attached to the May 4, 2005 subpoena are identical to those served on then-defendant Reflexite prior to October 1, 2003. (Dkt. #132, at 3 n.1 & at 5).

While plaintiffs are correct that Reflexite's status as a non-party does not excuse it from complying with a subpoena, Reflexite is correct that many of the thirty-eight items in dispute[5] go far beyond the sole claims at issue in the Second Amended Complaint. Reflexite appropriately argues that Document Requests Nos. 1-5, 20-24 and 30 are directly related to the SLC, which is no longer part of this lawsuit and on which plaintiffs already have conducted extensive discovery. See 363 F. Supp.2d at 332-38. Similarly, Document Requests No. 7 is related to former Count Three, that was dismissed by Judge Arterton. See 363 F. Supp.2d at 342-43. Document Request No. 32 also appears to be irrelevant.

However, most of the remaining items, namely Document Requests Nos. 6, 8, 9 (limited to purchase of Reflexite shares or bias), 10-18, 25-29, 31, 33 (limited to purchase of Reflexite shares or bias), and 34-37 do pertain to plaintiffs' direct claim for breach of fiduciary duty, by defendants treating him unfairly compared to the other Reflexite shareholders. See 363 F. Supp.2d at 338-42. Document Request No. 19 is relevant insofar as it may shed light on the other documents, and Document Request No. 31 (excluding both privileged communications with counsel and work-product) is relevant insofar as it may shed light on bias.[6]

---

[5] See note 4 supra.

[6] Counsel can, and should, do better in their future attempts to resolve discovery matters amicably, without causing further expenses to their clients and burdening the Court.

4

II. CONCLUSION

For the reasons stated above, plaintiffs' Motion to Compel (Dkt. #128) is <u>granted with respect to Document Requests Nos. 6, 8, 9 (limited to purchase of Reflexite shares or bias), 10-18, 19, 25-29, 31, 33 (limited to purchase of Reflexite shares or bias), 34-37, and 41 (excluding privileged communications with counsel and work-product) and is denied with respect to Document Requests Nos. 1-5, 7, 20-24, 30 & 32</u>. Reflexite shall respond **on or before October 28, 2005**.[7]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 6th day of October, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

---

[7] If either side believes that a continued settlement conference before this Magistrate Judge would be productive (<u>see</u> Dkts. ##99 & 102), counsel should contact Chambers accordingly.