# EXHIBIT A

**GOODWIN | PROCTER**

Richard M. Strassberg
212.813.8859

Jeffrey A. Simes
212.813.8879
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
599 Lexington Avenue
New York, NY 10022
T: 212.813.8800
F: 212.355.3333

February 10, 2003

By Federal Express

The Board of Directors
Reflexite Corporation
120 Darling Drive
Avon, Connecticut 06001

Re:   **Frank Family Trust and H. Jonathan Frank**

Dear Sirs:

We represent the Frank Family 1996 Trust and H. Jonathan Frank (the "Franks"). As you know, the Frank Family Trust owns more than 250,000 shares of Reflexite Corporation ("Reflexite" or the "Corporation"). It has come to our attention that certain directors and other insiders of the Corporation appear to have engaged in self-interested transactions while acting in an oppressive manner toward the Franks with the intent to injure the liquidity of the Franks' investment in Reflexite, and reduce the value of their shareholdings in the Corporation. The Corporation has also acted in manner intended to deny the Franks access to corporate information. These wrongful acts appear to have been undertaken by the Corporation as part of a plan to benefit certain members of the Corporation's Board of Directors and other insiders at the expense of the Franks. The purpose of this letter is to alert you to the wrongful acts of the Corporation and its Directors, and to make a formal demand, pursuant to Connecticut General Statutes § 33-722, that the Board of Directors or Reflexite immediately investigate and remediate this wrongful conduct. This will also constitute a demand pursuant to Connecticut General Statutes § 33-946 to inspect and copy the records of the Corporation, including all records identified in Connecticut General Statutes § 33-945.

*The Franks' Request for Information*

We understand that the Corporation has rejected the Franks' prior request for information and records concerning Reflexite's business. For example, Morgan Frank, on behalf of the Frank Family Trust, previously demanded access to the Corporation's records in his letter to Mr. Cecil Ursprung of September 16, 2002 – a letter that followed several communications between the Franks and executives and directors at Reflexite (including several requests to Arthur LoVetere, the Chairman of the Board). The requested records included, among other things, documentation

CL 00379

GOODWIN | PROCTER

The Board of Directors of
Reflexite Corporation
February 10, 2003
Page 2

concerning the Corporation's ESOP plan, records concerning the Strategic Minority Investor Program and records concerning the Corporation's repurchase of shares from its large shareholders, including Board members and insiders.

The Corporation wrongfully refused to provide the Frank Family Trust the information it has requested. By letter dated November 8, 2002, Reflexite's Chief Executive Officer, Cecil Ursprung, indicated that Reflexite would not provide the requested information, or, incredibly, that some of this information was not available to the Corporation. In oral communications with the Franks, Chairman Arthur LoVetere confirmed that the Corporation would provide no information to the Franks.

The Franks' requests were both reasonable and within their rights as shareholders of Reflexite. We reiterate these requests for records, and we request all minutes of the meetings of the Board of Directors and all accounting records of the Corporation concerning these issues, under Connecticut General Statutes § 33-946. The Corporation's continued refusal to provide the Franks access to the corporate records is detrimental to the rights of the Franks as shareholders, as well as a continuing violation of the Connecticut General Statutes, and by this letter we formally request that the Board immediately investigate and remediate this misconduct.

*Self-Dealing Transactions and Preferential Treatment of Insiders*

We also understand that the Corporation has repurchased the shares of Board members and other insiders at terms favorable to those insiders while refusing to accord comparable treatment to the Franks or other non-insider shareholders. On occasion, the Corporation has undertaken debt and financial risk in order to permit it to prefer its insiders and purchase their shares. For example, Reflexite's financial statements state that the Corporation spent more than $3,000,000 of its cash and borrowed $5,000,000 in October of 1997 in order to purchase 277,000 shares in Reflexite held by William Rowland, a founder and director of Reflexite, at a price of $30 per share. We believe that similar additional transactions have been conducted whereby the Corporation purchased insiders' equity stakes in the Corporation to the benefit of such insiders.

While engaging in self-dealing transactions redounding to the economic benefit of Reflexite's directors, executives and other insiders, Reflexite has denied similar opportunities to the Franks, and has wrongfully acted to limit the liquidity and value of the Franks' investment in Reflexite. We are informed that President Cecil Ursprung, when asked about the Franks' ability to sell shares, said that the Franks "will never get liquid as long as I am President of Reflexite." The Corporation has thus consistently acted in a manner to favor the pecuniary self-interest of its founders and directors, while denying comparable opportunities to its other shareholders. Such oppressive and self-interested conduct constitutes a violation of the fiduciary duties of the self-

# GOODWIN | PROCTER

The Board of Directors of
  Reflexite Corporation
February 10, 2003
Page 3

interested directors and officers of the Corporation, as well as a violation of the fiduciary duties of any Board members who endorsed or ratified such misconduct.

We hope that by bringing these wrongful acts to the attention of the Board of Directors, the disinterested members of the Board, if any, will cause the Corporation to take appropriate actions to remedy this misconduct. While it is likely that this demand is futile in light of the self-interested directors' control over the matters outlined herein, we nonetheless offer this demand letter in the hope that the Corporation and the Board can avoid incurring the expense and disruption of legal proceedings. Pursuant to Connecticut General Statutes § 33-946, the Corporation must provide access to the requested documents by February 19, 2003, five (5) business days from receipt of this letter, and we will plan on being at the Corporation at 10:00 a.m. on that day to inspect and copy the documents.

If you require any additional information concerning this matter, please contact us.

Very truly yours,

*(signature)*

Richard M. Strassberg, Esq.
Jeffrey A. Simes, Esq.

cc:   Jack Kennedy (counsel to Reflexite Corporation)
      Mr. H. Jonathan Frank
      Mr. Morgan Frank
      Frank Family 1996 Trust