UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

H. JONATHAN FRANK, and FRANK FAMILY 1996
TRUST,

                                                                    CIVIL NO.: 3:03cv1014 (JBA) (JGM)
                         Plaintiffs

V.

ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS
J. BACCEI, WORTH LOOMIS, THEODORE
PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P.
ROWLAND AND PETER EIO,

                         Defendants.
                                                                   NOVEMBER 18, 2005

**REFLEXITE CORPORATION'S
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR EXPENSES**

      The starting point for the analysis of Reflexite Corporation's ("Reflexite" or the "Corporation") Motion for Fees and Expenses ("Motion") is the indisputable fact that the Court already has found that there was "no basis for concluding that the SLC [Special Litigation Committee] acted unreasonably or in bad faith." Memorandum of Decision dated March 31, 2005 at pp. 20-21 (hereinafter "Decision" and attached as Exhibit E to the Motion). As a result of that finding, the Court dismissed the Plaintiffs', H Jonathan Frank and Frank Family 1996 Trust ("Franks" or the "Plaintiffs"), purported derivative securities claim against Reflexite, which was based on the Plaintiffs' contrary allegation that the SLC had acted unreasonably and in bad faith.

      From the starting point of the Court's finding, the inquiry now is focused on the simple issue of whether the Plaintiffs should have known before filing suit that "there was no basis for concluding that the SLC acted unreasonably or in bad faith." Based on the internally inconsistent allegations in the complaint and the Plaintiffs' own confusion at oral argument on Reflexite's motion to dismiss, Reflexite submits that the Plaintiffs' knew or should have known that their claims against Reflexite had no basis. Accordingly, because the Plaintiffs harmed all of the Reflexite shareholders by requiring the Corporation

to expend hundreds of thousands of dollars in legal fees, the Plaintiffs should be required to reimburse the Corporation and its shareholders for the expense of defending against the Plaintiffs' baseless claim.

I. **The Lack of Reasonable Basis For The Derivative Claim Was Evident From The Personal Nature Of The Plaintiffs' Claim.**

The Franks forced Reflexite to incur enormous expenses and fees by improperly styling their lawsuit as a derivative action when, on its face, it was nothing more than a direct claim driven by the Franks' personal goal of obtaining liquidity. Count I, the purported derivative count, was nearly identical to Count II, the direct count, and there can be no doubt that the direct count asserted claims that were personal to the Plaintiffs, i.e., a claimed breach of fiduciary duty premised on an allegation that the Franks were not treated the same as other shareholders. See Amended Complaint ("Am. Compl."); see also Decision. By styling their direct action as a derivative action and invoking the statutory scheme for derivative actions, the Franks involved Reflexite in their suit to improperly put pressure on the Corporation in aid of their personal gripe with certain Officers and Board members. As this Court found, however, the Franks' had no reasonable basis for bringing the "derivative" claim, and they should therefore reimburse Reflexite for its expenses in accordance with the fee provision of the derivative action statute.[1]

---

[1] It is possible that the Franks styled their claim as a derivative claim with the hope of recovering their attorneys' fees. See Conn. Gen. Stat. §§ 33-726, 52-572j. The Franks cannot have it both ways and they now should pay Reflexite and its shareholders for improperly invoking the derivative statute and forcing Reflexite to expend significant sums on legal fees and expenses in obtaining a dismissal of the Franks' improper derivative suit.

II.     **The Lack Of A Reasonable Basis For A Claim Against Reflexite Was Evident At Oral Argument.**

As set forth in Reflexite's opening brief, it was evident at oral argument on the Motions to Dismiss that the Plaintiffs did not have a reasonable basis for their claim against Reflexite. In response, the Plaintiffs now assert that it is perfectly clear that Reflexite was included in the lawsuit only as a nominal derivative defendant. (Plaintiffs' Opposition Brief at pp. 1, 4 and 10 (hereinafter "Opposition" or "Opp.")).

The Plaintiffs' claim in their Opposition is completely belied by the fact that the Franks' Amended Complaint specifically named Reflexite as a defendant in Count II, which was styled as a direct claim, but did not include Reflexite as a defendant in Count I, styled as a derivative count. See Am. Compl. Further, despite the Franks' assertion that Reflexite was clearly a nominal defendant (Opp. at p. 10), the Franks' Amended Complaint sought compensatory and punitive damages from Reflexite, which is directly at odds with the role of a "nominal" party.

Surprisingly, in an attempt to support their claim of clarity, the Plaintiffs refer the Court to the transcript from the oral argument on the Motions to Dismiss. The Franks specifically cite to pages 53-54 of the transcript of the hearing, in support of their assertion that it was clear that Reflexite was a nominal party to Count I only. Id. The entire exchange between the Franks' counsel and the Court does not refute, but rather highlights, that as late as oral argument the Plaintiffs were still trying to figure out what their lawsuit was all about.

> Mr. Strassberg: You're right, I should probably sit down.
>
> The Court: But you do - - your willingness to withdraw the tortious interference claim against the corporation if you have standing for both counts one and two, does that mean that in the derivative claim the corporation doesn't have to be a nominal defendant?
>
> Mr. Strassberg: I think, your Honor, that in terms of the nominal sense of the word, they are. You know you asked me, your Honor, are they a defendant. **They are in a nominal sense involved in count one, they are not involved in count two at all.**

> The Court: **But now you've got me very confused because count one says, I thought, only the individual defendants.**
>
> Mr. Strassberg: **That's right. I didn't mean to suggest that they are a nominal defendant**, but they are nominally the party in interest. Frankly, the plaintiff will be - - the plaintiff, the Franks, will be standing in their shoes to sue on their behalf.
>
> The Court: Under a derivative action the corporation is not routinely named as a nominal defendant.
>
> Mr. Strassberg: Well, you know, I think, again, on the pleading standards it can be or it doesn't - - it might not need to be. The claim as being asserted is not a claim against the corporation. There is no recovery sought against the corporation. The corporation can only benefit in the derivative claim if successful as prosecuted by the Franks. So there is no aspect of being a defendant that it encompasses, goes along with the derivative claim, your honor.

(Transcript of hearing on Motions To Dismiss ("Trans.") at 53-54 attached as Exhibit D to Motion (emphasis added)).

The only thing that is clear from the exchange at oral argument, nearly one year and nine months into the case, is that the Franks were uncertain, as late as the date of the hearing on the Motions to Dismiss, as to the purported basis for including Reflexite in the lawsuit. The height of inconsistency, confusion and the lack of a reasonable basis for the claim against Reflexite was reached when the Plaintiffs announced for the first time at oral argument that "[t]here is no recovery sought against the corporation," id., which was entirely at odds with the Franks' specific claim in their Amended Complaint for compensatory and punitive damages against Reflexite. See Am. Compl. Despite the fact that Reflexite was named as a defendant in Count II, counsel for the Franks seemed to suggest, for the first time at oral argument on the motion to dismiss, that Reflexite was not a defendant at all or perhaps only a nominal defendant. Trans. at pp. 11-12, 53-54.

In a futile attempt to find cover in the confused oral argument transcript and to avoid its obligation to reimburse Reflexite and its shareholders, the Franks try to assert that counsel for Reflexite "acknowledged that he understood the Franks had not withdrawn their claim against Reflexite in count one as a nominal defendant." (Opp. at p. 4, citing Trans. at p. 135). In support of this assertion in their Opposition, the Franks selectively extract the following quote of Reflexite's counsel: "I thought I heard them backing up to say no, perhaps the company is a defendant under count one." Id.

The Plaintiffs' tactic in extracting this quote and suggesting to the Court that Reflexite thereby "acknowledged" that the Plaintiffs had not withdrawn their claim is indicative of the weakness of the Plaintiffs' position. When placed in context with the sentence before and after the extracted quote, the dubious nature of the Plaintiffs' selective quotation could not be clearer:

> Mr. Raabe: Your Honor, I think the only point on behalf of the company is **I'm, still not sure where the plaintiffs lie with respect to the company with regard to count one.** I thought I heard them backing up to say no, perhaps the company is a defendant under count one. **I would just suggest to your Honor that count one itself cannot be read to have such a meaning.**

(Trans. at p. 135 (emphasis added)). Contrary to the Plaintiffs' assertion that Reflexite "acknowledged" that the Plaintiffs' had not withdrawn their claim against Reflexite, Reflexite's counsel made clear that Count One could not be read to assert a claim against the Company - because in stark contrast to Count Two, Count One did not specifically name the Company.

Again, the only thing that is clear from the oral argument transcript is that even at that late hour, the Franks had no reasonable basis for their claim and, therefore, could not articulate their claim against Reflexite. Nothing made this more clear than a simple colloquy between the Court and the Plaintiffs' counsel:

> The Court: So, that's my question. **Is the corporation a defendant in either count one or count two?**
>
> Mr. Strassberg: **I think the answer to that is no, your Honor, they are not.**

(Trans. at pp. 11 – 12 (emphasis added)). On the basis of this concession alone, the Court should award Reflexite and its shareholders the fees and expenses that it was forced to incur in defending this baseless lawsuit.

### III. Despite Dismissal, The Franks Are Still Arguing That Their Claim Against Reflexite Has Merit.

As stated at the outset of this Reply Memorandum, the starting point for the analysis of Reflexite's fee Motion is the undisputed fact that the Court specifically found that there was "no basis for concluding that the SLC acted unreasonably or in bad faith, and Count One must be dismissed pursuant to Conn. Gen. Stat. § 33-724."

Decision at pp. 20-21. The Court further concluded that "plaintiff has not met his burden of offering a factual predicate for his 'on information and belief' allegations [...].'" Id. at p. 20. Even under the favorable standard of a motion to dismiss, which accepts as true the factual allegations in the Complaint, see Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998), the Franks could not sustain their claims. In their Opposition, the Franks refuse to accept that undisputed fact and, instead, attempt to reargue the merits. (See Opp. at p. 4).

The Franks also claim, incorrectly, that they were not allowed to conduct discovery on the derivative claim. (Opp. at pp. 2, 9). The Franks' claim is without merit. First, the Franks were permitted, by Order of the Court, to conduct full discovery on the Special Litigation Committee (SLC) that investigated the Demand and recommended its rejection to the Board of Directors. Even after the discovery, they were unable to avoid dismissal of the derivative claim. Second, it is irrelevant to this Motion whether the Franks were able to conduct discovery after they filed the lawsuit. The determination of whether the suit was brought without reasonable cause, permitting recovery of fees and expenses, is to be made at the time the suit was filed. See Bass v. Walker, 99 S.W. 3d 877, 886 (Tex. App. 2003). Therefore, any post filing discovery would not save the Franks from the fact that their suit was baseless when it was commenced.

### IV.     The Caselaw Supports Reflexite's Claim for Fees and Expenses.

The Connecticut derivative action statute clearly provides for fee recovery in this case where the proceeding was commenced or maintained without reasonable cause or for an improper purpose. See Conn. Gen. Stat. § 33-726. Courts are apt to award expenses in cases where an action was commenced and maintained without sufficient basis. See Brady v. Calcote, No. M2003-01690-COA-R3-CV, 2005 WL 65535 (Tenn. Ct. App. Jan. 11, 2005) (copy attached s Exhibit F to the Motion); see also Bass, 99 S.W. 3d at 885-888; see also Sletteland v. Roberts, 314 Mont. 76, 80-81, 64 P.3d 979, 981-982 (2003); see also Blumenthal v. Teets, 155 Ariz. 123, 131, 745 P.2d 181, 189 (1987). The Franks' attempts to distinguish these cases are consistent with their overall handling of the derivative action.

The Franks weakly try to distinguish both Brady and Bass by arguing that the alleged improper conduct in those cases never occurred whereas, in this case, it was undisputed that the challenged transactions occurred in this case. (Opp. at p. 13). The argument misses the mark because the Brady decision was not based on the absence of particular conduct, but was based on the fact that the SLC appointed in that case did not find sufficient facts to support the allegations of improper conduct. 2005 WL 65535 at *8. Similarly, the SLC in this case did not find any support for the Franks' contentions and as a result, did not recommend pursuing litigation. See SLC Report attached as Exhibit B to the Motion. The Franks ignored the SLC's determination and filed the unsupported action. The Court dismissed the claims because, just as in Brady, they were unsupported.

Similarly, in Bass, the Court determined that the alleged dumping on the property occurred, but that the plaintiffs had not conducted a reasonable pre-filing inquiry to support their initial claims that the materials dumped were contaminated. 99 S.W. 3d at 886-888. Likewise, the Franks alleged that there were transactions that occurred between the Corporation and its Board members and other insiders, and that those transactions were improper. As in Bass, the issue here is not whether the alleged transactions occurred, but whether there was evidence to support the allegations that they were improper. The Franks were fully aware of the SLC investigation and its decision to reject their Demand and not pursue litigation. Despite that fact, the Franks commenced the derivative lawsuit with bald and unsupported allegations, which the Court properly dismissed.

The Franks also assert that Sletteland does not apply as the plaintiff was found to have acted unreasonably because he brought the suit to disrupt the company's financing efforts. (Opp. at pp. 13-14). Despite the Franks' assertion, the Sletteland case is instructive because the Franks brought and maintained their purported derivative action for their own self-interested purposes. Despite the knowledge that the SLC rejected their Demand, the Franks filed the derivative lawsuit solely in aid of their goal of obtaining liquidity for themselves without consideration for other shareholders. See e.g. Motion at 3-4. The lawsuit was brought to put pressure on Reflexite's Board and its officers and directors. The Franks' PJR is also evidence of their attempts to disrupt the finances of Reflexite for

personal gain. The withdrawal of their derivative claims at the hearing and the Decision on the Motions to Dismiss demonstrate, just as in Sletteland, that the derivative suit did not have a proper purpose other than harassment and personal gain.

Finally, the Franks claim that Blumenthal is inapplicable because it involved a failure to make a pre-suit demand. (Opp. at p. 14). However, the Blumenthal court first determined that the plaintiff acted without good cause in simply relying upon publications that set forth the possibility of negligence on the part of the officers and directors. 745 P.2d 181 at 189. The court went on further to conclude that the trial court was "also" entitled to consider the failure to make a proper pre-suit demand in determining reasonableness. Id. As in Blumenthal, the Franks did not have a reasonable basis to bring and maintain their suit, and thus, an award of attorneys' fees is appropriate.

The Franks brought and maintained the derivative action for their own self-serving goal of liquidity. Their action was dismissed and Reflexite should be awarded its expenses in responding to and defending the baseless claims.

## V.      The Franks Pursued the PJR Improperly and to the Detriment of Reflexite.

The Franks assert that Reflexite is not entitled to recover its expenses associated with the baseless Application for Prejudgment Remedy ("PJR") because it was not a target of the PJR. (Opp. at pp. 1, 6 and 11). However, the PJR was a direct attack on the Corporation's Tender Offer and through the PJR the Plaintiffs sought to impose fear upon the Corporation and its Board of Directors and Officers and to scuttle the Tender Offer. The Franks' contention that the Corporation was detached from the PJR is undermined by their own arguments that they were attempting to discuss the issues with the Corporation in order to avoid filing the PJR. (Opp. at pp. 6-8).

In fact, the Franks try to avoid the fact that the PJR was without merit by casting blame for its filing upon counsel for Reflexite. Id. What the Franks fail to mention is that they were repeatedly advised to simply read the Tender Offer because it refuted their assertions that the Franks were being

unfairly omitted and that the Franks would see and increase in their percentage of ownership. The Franks further claim that they withdrew the PJR only after there were necessary discussions with Reflexite's counsel. (Opp. at p. 8). However, the Franks offer no indication of what information they learned after the PJR and Oppositions to the PJR were filed that was not already available to, and shared with, the Franks. As Reflexite points out in its Motion, the true motivation for the Franks was liquidity, which was their purpose in filing the PJR. Accordingly, the sums that Reflexite expended in relation to the PJR are properly compensable.

**VI.     Reflexite's Affidavit Will Be Sufficiently Supported.**

Reflexite is entitled to its expenses as detailed in the revised affidavit attached hereto as Exhibit A. The Franks claim that the original affidavit is insufficient to support a claim for attorneys' fees and expenses. (Opp. at p. 14). However, Reflexite has requested argument and testimony on its Motion for the purpose of offering full evidentiary support for its claim.[2] In the event that the Court does not permit testimony, Reflexite is prepared to offer complete time records to detail its expenses.

**VII.    Conclusion**

For the foregoing reasons, and those set forth in Reflexite's Motion, Reflexite is entitled to recover all of its expenses, including attorneys' fees, in connection with the Franks' baseless derivative claim.

FORMER DEFENDANT
REFLEXITE CORPORATION

By _____
Craig A. Raabe – ct04116
Jason M. Kuselias – ct20293
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Email: craabe@rc.com
Email: jkuselias@rc.com

---

[2]     Reflexite claims recovery for its expenses associated with this Motion and will provide an updated affidavit in support of its claim after the conclusion of the hearing.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on the 18th day of November, 2005, to:

Michael Considine, Esq.
Patricia M. Canavan, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

Richard M. Stassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Edward F. Spinella, Esq.
Todd S. Federico, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

James T. Cowdery, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703

_____
Jason M. Kuselias