UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------x
                                 :
H. JONATHAN FRANK and FRANK      :   No. 3:03CV01014(JBA)
1996 TRUST,                      :
                                 :
     Plaintiffs,                 :
                                 :
v.                               :
                                 :
ARTHUR LOVETERE, CECIL URSPRUNG. :
LOUIS J. BACCEI, WORTH LOOMIS,   :
THEODORE PATLOVICH, STEPHEN J.   :
RAFFAY, WILLIAM P. ROWLAND, and  :
PETER EIO,                       :
                                 :
     Defendants.                 :   November 30, 2005
                                 :
---------------------------------x

**MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ARTHUR LOVETERE, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND and PETER EIO**

Defendants Arthur LoVetere, Louis J. Baccei, Worth Loomis, Theodore Patlovich, Stephen J. Raffay, William P. Rowland and Peter Eio (collectively, "answering defendants"), hereby move pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend their Answer and Affirmative Defenses dated July 13, 2005, to assert as a separate affirmative defense that their liability as directors of Reflexite Corporation is limited pursuant to the company's certificate of incorporation. The proposed Amended Answer and Affirmative Defenses is attached hereto at Tab A.

I.  **STANDARD FOR AMENDMENT OF PLEADINGS**

The Federal Rules of Civil Procedure provide that a party is permitted to amend its pleading by leave of the Court, and that

leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (2005); see also Foman v. Davis, 371 U.S. 178 (1962). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); see also, e.g., Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000); Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 284 (2d Cir. 2000); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 235 (2d Cir. 1995) (all affirming district court decisions granting motions to add special defenses).

The defendants bring this motion in good faith. While the proposed defense might arguably be included within the already-pleaded business judgment defense,[1] pleading the proposed defense separately provides more clarity and removes any ambiguity or uncertainty. Furthermore, there will be no prejudice to the plaintiffs by the addition of this affirmative defense. The discovery period in this action does not close until April 2006. Merits-related depositions have not yet been conducted or, indeed, even noticed.[2] Motions for summary judgment are not due

---

[1] See, e.g., Model Business Corporation Act § 8.31(a) (including charter provision limiting liability defense within business judgment defense).

[2] Certain depositions were conducted in 2004, but those depositions were limited in scope to the issue of the Special Litigation Committee. In addition, defendant William Rowland was

to be filed until May 2006.

## II. PROPOSED AMENDMENT

The answering defendants seek to add the following affirmative defense:

> 13. The claims of plaintiffs are barred in part by the provision in the articles of incorporation of Reflexite Corporation limiting the liability of members of the Board of Directors, in accordance with Conn. Gen. Stat. § 33-636(b)(4).

The reasons for the addition of this affirmative defense are as follows.

On July 9, 1990, the Reflexite Corporation amended its certificate of incorporation in accordance with the Connecticut Stock Corporation Act ("the Act"). Part of the Act is codified in Conn. Gen. Stat. § 33-636(b)(4), which provides that a corporation may include in its certificate of incorporation

> a provision limiting the personal liability of a director to the corporation or its shareholders for monetary damages for breach of duty as a director to an amount that is not less than the compensation received by the director for serving the corporation during the year of the violation, if such breach did not (A) involve a knowing and culpable violation of law by the director, (B) enable the director or an associate, as defined in section 33-840, to receive an improper personal economic gain, (C) show a lack of good faith and a conscious disregard for the duty of the director to the corporation under circumstances in which the director was aware that his conduct or omission created an unjustifiable risk of serious injury to the corporation, (D) constitute a sustained and unexcused pattern of inattention that amounted to an abdication of the director's duty to the corporation, or (E) create liability under section 33-757, provided no such provision shall limit or

---

deposed in 2004. All of these depositions took place before _any_ answer or affirmative defenses had been filed by the defendants.

> preclude the liability of a director for any act or omission occurring prior to the effective date of such provision[.]

Conn. Gen. Stat. § 33-636(b)(4) (2005).

In accordance with § 33-636(b)(4), the Reflexite Corporation amended its certificate of incorporation to include the following provision:

> A director of the Corporation shall not be liable to the Corporation or its shareholders for monetary damages for breach of duty as a director in an amount in excess of the compensation received by such director for serving the Corporation during the year of such breach (or such lesser amount as may hereafter be permitted by the Connecticut Stock Corporation Act), except to the extent such exemption from liability [or] limitation thereof is not permitted under the Connecticut Stock Corporation Act as currently in effect or as the same may hereafter be amended. No amendment, modification or repeal of this provision shall adversely affect any right or protection of a director that exists at the time of such amendment, modification or repeal.

See Amendment to Certificate of Incorporation, attached hereto at Tab B.

This provision of the Certificate of Incorporation of Reflexite Corporation limits the liability of the answering defendants to a shareholder such as the Frank Family 1996 Trust. By amending their affirmative defenses to include an express reference to this provision, the answering defendants seek to provide explicit notice to the plaintiffs and to the Court that they expect to rely on it as a defense to the plaintiffs' claims in this action.

For the reasons set forth herein, the answering defendants request that their motion be granted and their proposed Amended Answer and Affirmative Defenses be accepted for filing.

Respectfully submitted,

DEFENDANTS

ARTHUR LOVETERE, LOUIS J. BACCEI,
WORTH LOOMIS, THEODORE PATLOVICH,
STEPHEN J. RAFFAY, WILLIAM ROWLAND
and PETER EIO

By: _____
James T. Cowdery, Esq. (ct05103)
Sarah A. L. Merriam, Esq. (ct25379)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT   06103
Tele.: (860) 278-5555
Fax.:  (860) 249-0012
E-mail: jcowdery@cemlaw.com

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing Motion To Amend Answer and Affirmative Defenses was sent on November 30, 2005, via U.S. Mail, first-class, postage pre-paid to all counsel of record as follows:

Michael Considine, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter, LLP
599 Lexington Avenue
New York, NY 10022

Edward F. Spinella, Esq.
Todd S. Federico, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT   06601-7006

_____
James T. Cowdery