UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JONATHAN FRANK, MORGAN FRANK, AND FRANK FAMILY 1996 TRUST<br>          Plaintiffs<br><br>vs.<br><br>ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND, PETER EIO (individually and in their capacity as members of the Board of Directors Of Reflexite Corporation) and REFLEXITE CORPORATION<br>         Defendants | DOCKET NO.<br>3:03 CV 1014 (JBA)<br><br><br><br><br><br><br><br><br><br>December 19, 2005 |

MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT CECIL URSPRUNG

Defendant Cecil Ursprung hereby moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend his Answer and Affirmative Defenses dated July 14, 2005, to assert as a separate affirmative defense that his liability as director of Reflexite Corporation is limited pursuant to the Reflexite Corporation's certificate of incorporation. The proposed Amended Answer and Affirmative Defenses is attached hereto at Tab A. Counsel for the Plaintiffs does not object to the amendment but reserves the right to challenge the validity or applicability of the defense.

12418.001/400472.1

I.      STANDARD FOR AMENDMENT OF PLEADINGS

The Federal Rules of Civil Procedure provide that a party is permitted to amend its pleadings by leave of the Court, and that leave to amend a pleading "shall be freely given when justice so requires." Fed. R.Civ. P. 15(a) (2005); see also Foman v. Davis, 371 U.S. 178 (1962). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.) 1993); see also, e.g., Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 235 (2d Cir. 1995) (all affirming district court decisions granting motions to add special defenses).

The defendant brings this motion in good faith. While the proposed defense may be included within the already pleaded business judgment defense, pleading the proposed defense separately provides more clarity and removes any ambiguity or uncertainty. There will be no prejudice to the plaintiffs by the addition of this affirmative defense. The discovery period in this action does not close until April 2006. Merits-related depositions have not occurred. Motions for summary judgment are not due until May 2006.

II.      **PROPOSED AMENDMENT**

The answering defendant seeks to add the following affirmative defense:

> 13. The claims of plaintiffs are barred, in part, by the provision in the articles of incorporation of Reflexite Corporation limiting the liability of members of the Board of Directors, in accordance with Conn. Gen. Stat. § 33-636(b)(4).

The reasons for the addition of this affirmative defense are as follows.

On July 9, 1990, the Reflexite Corporation amended its certificate of incorporation in accordance with the Connecticut Stock Corporation Act ("the Act"). Part of the Act is codified in Conn. Gen. State. § 33-636(b)(4), which provides that a corporation may include in its certificate of incorporation

> a provision limiting the personal liability of a director to the corporation or its shareholders for monetary damages for breach of duty as a director to an amount that is not less than the compensation received by the director for serving the corporation during the year of the violation, if such breach did not (A) involve a knowing and culpable violation of law by the director, (B) enable the director or an associate, as defined in section 33-840, to receive an improper personal economic gain, (C) show a lack of good faith and a conscious disregard for the duty of the director to the corporation under circumstances in which the director was aware that his conduct or omission created an unjustifiable risk of serious injury to the corporation, (D) constitute a sustained and unexcused pattern of inattention that amounted to an abdication of the director's duty to the corporation, or (E) create liability under section 33-757, provided no such provision shall limit or preclude the liability of a director for any act or omission occurring prior to the effective date of such provision[.]

Conn. Gen. Stat. § 33-636(b)(4) (2005).

In accordance with Section 33-636(b)(4), the Reflexite Corporation amended its certificate of incorporation to include the following provision:

> A director of the Corporation shall not be liable to the Corporation or its shareholders for monetary damages for breach of duty as a director in an amount in excess of the compensation received by such director for serving the Corporation during the year of such breach (or such lesser amount as may hereafter be permitted by the Connecticut Stock Corporation Act), except to the extent such exemption from liability [or] limitation thereof is not permitted under the Connecticut Stock Corporation Act as currently in effect or as the same may hereafter be amended. No amendment, modification or repeal of this provision shall adversely affect any right or protection of a director that exists at the time of such amendment, modification or repeal.

3

See Amendment to Certificate of Incorporation, attached hereto at Tab B.

This provision of the Certificate of Incorporation of Reflexite Corporation limits the liability of the defendant to a shareholder. By amending his affirmative defenses to include an express reference to this provision, defendant Ursprung seeks to provide explicit notice to the plaintiffs and to the Court that he expects to rely on it as a defense to the plaintiffs' claims in this action.

DEFENDANT
CECIL URSPRUNG

By_____
Edward F. Spinella
Fed. Ct. No. ct25163
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103
Tel.  860-278-1150
Fax:  860-240-1002

## CERTIFICATION

I hereby certify that on the 19 day of December, 2005 the foregoing Motion to Amend Answer and Affirmative Defenses of Defendant Cecil Ursprung were sent by first class mail, postage prepaid, to:

Michael Considine, Esq.
Terence J. Gallagher, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
Tel. # (203) 977-7300
*Attorneys for Plaintiffs*

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
Tel. # (212) 813-8800
   *Attorneys for Plaintiffs*

James T. Cowdery, Esquire
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103-2703
Tel. # (860) 278-5555
*Attorneys for Defendants
Lovetere, Baccei, Loomis,
Patlovich, Raffay, Eio and Rowland*

_____
Edward F. Spinella

12418.001/400472.1