UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| H. JONATHAN FRANK, MORGAN FRANK, AND FRANK FAMILY 1996 TRUST<br>　　　　　　　　　　　Plaintiffs<br><br>vs.<br><br>ARTHUR LOVETERE, CECIL URSPRUNG, LOUIS J. BACCEI, WORTH LOOMIS, THEODORE PATLOVICH, STEPHEN J. RAFFAY, WILLIAM P. ROWLAND, PETER EIO (individually and in their capacity as members of the Board of Directors Of Reflexite Corporation) and REFLEXITE CORPORATION<br>　　　　　　　　　　　Defendants | DOCKET NO.<br>3:03 CV 1014 (JBA)<br><br><br><br><br><br><br><br><br><br><br>December 19, 2005 |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT CECIL URSPRUNG
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1.　Defendant Cecil Ursprung ("Defendant Ursprung") admits the action is against current and former members of Reflexite Corporation's Board. Defendant Ursprung lacks knowledge about the shareholdings of the Trust. The remainder of Paragraph 1 is denied.

2.　Paragraph 2 is denied.

3.　Paragraph 3 is denied.

4.　As to Paragraph 4, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

12418.001/401082.1

5.  As to Paragraph 5, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

6.  As to Paragraph 6, Defendant Ursprung admits Defendant Arthur LoVetere is Chairman of the Board of Directors of Reflexite. As to the remainder of Paragraph 6, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

7.  Defendant Ursprung admits Paragraph 7 except denies that portion which states that he is President of Reflexite.

8.  Defendant Ursprung admits that portion of Paragraph 8 which states that Defendant Louis J. Baccei is a member of the Board of Directors of Reflexite. As to the remainder of Paragraph 8, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

9.  Defendant Ursprung denies that portion of Paragraph 9 which states that Defendant Worth Loomis is a member of the Board of Directors of Reflexite. As to the remainder of Paragraph 9, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

10. Defendant Ursprung denies that Defendant Theodore Patlovich is a member of the Board of Directors of Reflexite, and admits that portion of Paragraph 10 which states that Defendant Patlovich was a member of the Board of Directors of Reflexite. As to the remainder of Paragraph 10, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

12418.001/401082.1

11. Defendant Ursprung denies that portion of Paragraph 11 which states that Defendant Stephen J. Raffay is a member of the Board of Directors of Reflexite, and admits that Defendant Raffay was a member of the Board of Directors of Reflexite. As to the remainder of Paragraph 11, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

12. Defendant Ursprung admits that portion of Paragraph 12 which states that Defendant William P. Rowland is a member of the Board of Directors of Reflexite. As to the remainder of Paragraph 12, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

13. Defendant Ursprung admits that portion of Paragraph 13 which states that Defendant Peter Eio is a member of the Board of Directors of Reflexite. As to the remainder of Paragraph 13, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

14. Paragraph 14 is admitted.

15. Defendant Ursprung admits that portion of Paragraph 15 which states that at all relevant times he was and continues to be a citizen of the State of Connecticut. As to the remainder of Paragraph 15, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

16. As to Paragraph 16, Defendant Ursprung admits he is a Board member of Reflexite and that each Defendant was or is a Board member. The remainder of Paragraph 16 is denied.

12418.001/401082.1

17. Paragraph 17 is a legal conclusion that does not require a response.

18. Paragraph 18 is a legal conclusion that does not require a response.

19. Paragraph 19 is admitted.

20. As to Paragraph 20, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

21. Defendant Ursprung admits Reflexite purchased shares from time to time. The remainder of Paragraph 21 is denied.

22. Defendant Ursprung admits that he and each of the other Defendants were at some time Board members. The remainder of Paragraph 22 is denied.

23. As to Paragraph 23, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

24. As to Paragraph 24, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

25. As to Paragraph 25, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

26. As to Paragraph 26, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

27. Defendant Ursprung admits H. Jonathan ("Jon") Frank has been a shareholder for many years. As to the remainder of Paragraph 27, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

12418.001/401082.1

28. Defendant Ursprung admits Jon Frank purchased stock in Reflexite. As to the remainder of Paragraph 28, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

29. Defendant Ursprung admits the Frank Family 1996 Trust owns a significant number of shares.

30. Defendant Ursprung admits he became President in 1983. As to the remainder of Paragraph 30, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

31. Defendant Ursprung admits Reflexite terminated Mr. Frank. As to the remainder of Paragraph 31, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

32. Defendant Ursprung admits Mr. Frank "expressed concerns" about the "dilution" of the value of stock. The June 14, 1985 letter speaks for itself. As to the remainder of Paragraph 32, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

33. As to Paragraph 33, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

34. Paragraph 34 is denied.

35. Defendant Ursprung admits he sold stock in Reflexite. The remainder of Paragraph 35 is denied.

12418.001/401082.1

36. Defendant Ursprung admits that some Board members reduced their shareholdings. As to the remainder of Paragraph 36, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof. Defendant Ursprung denies any "improper actions."

37. Paragraph 37 is denied.

38. Paragraph 38 is denied. However, Defendant Ursprung admits Defendant Loomis purchased some stock below the ESOP value.

39. Defendant Ursprung admits that certain options are accompanied by a "put." As to the remainder of Paragraph 39, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

40. Defendant Ursprung admits that Reflexite redeemed the stock of certain terminated employees. Defendant denies "the Board was not concerned …."

41. Defendant Ursprung admits Reflexite purchased about $8 million of shares from Mr. Rowland at $30 per share. The remainder of Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Defendant Ursprung has no knowledge about the transfer of shares to the Frank Family 1996 Trust. The remainder of Paragraph 43 is denied.

44. Defendant admits that in 1998, Reflexite made no offer to purchase shares from any shareholder, except Mr. Rowland.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

12418.001/401082.1

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied except Defendant Ursprung admits that from time to time the Plaintiffs expressed interest in selling their stock.

51. Paragraph 51 is denied. Defendant Ursprung does not respond to the statement, "Upon information and belief, good corporate …" since the statement is not a factual allegation, but instead, a legal statement.

52. Defendant Ursprung admits a letter was sent to Mr. LoVetere. As to the remainder of Paragraph 52, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

53. As to Paragraph 53, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied. Defendant Ursprung admits that he stated, among other things, that Jon Frank has not been a friend of Reflexite.

57. Paragraph 57 is denied.

58. As to Paragraph 58, Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

59. Paragraph 59 is denied.

12418.001/401082.1

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

63. Defendant Ursprung denies the Franks were denied important information to which they had a right. The letters speak for themselves. As to the remainder of Paragraph 63 Defendant Ursprung does not have sufficient knowledge or information upon which to base a belief and leaves the Plaintiffs to their proof.

64. Paragraph 64 is denied.

65. Defendant Ursprung admits a February 10, 2003 letter was sent. The letter speaks for itself.

66. Defendant Ursprung admits Reflexite formed a Special Litigation Committee. The remainder of Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Defendant Ursprung admits the Board preliminarily approved a 2004 Option Plan. The Preliminary Option Plan speaks for itself.

71. Paragraph 71 is denied.

72. Defendant Ursprung admits the 2004 Option Plan was not implemented. The remainder of Paragraph 72 is denied.

12418.001/401082.1

73. Defendant Ursprung admits Reflexite made a $10 million tender offer. The remainder of Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. As to Paragraph 75, Defendant Ursprung incorporates all responses to Paragraph 1-74 as if more fully set forth herein.

76. Defendant Ursprung admits board members of a corporation generally owe fiduciary duties to shareholders as set forth in applicable statutes.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Paragraph 79 a is denied;

   Paragraph 79 b is denied;

   Paragraph 79 c is denied;

   Paragraph 79 d is denied;

   Paragraph 79 e is denied;

   Paragraph 79 f is denied;

   Paragraph 79 g is denied;

   Paragraph 79 h is denied;

   Paragraph 79 i is denied;

   Paragraph 79 j is denied.

80. Paragraph 80 is denied.

81. Paragraph 81 is denied.

12418.001/401082.1

82. Paragraph 82 is denied.

83. Paragraph 83 is denied.

84. Paragraph 84 is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The claims of Plaintiffs are barred in part by the prior rulings of the Court in this matter and by Conn. Gen. Stat. § 33-724.

### Third Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by the applicable statute of limitations.

### Fourth Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by the doctrine of laches.

### Fifth Affirmative Defense

The equitable claims of Plaintiffs are barred in whole or in part by the doctrine of unclean hands.

12418.001/401082.1

### Sixth Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by the doctrines of waiver and estoppel.

### Seventh Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by the defense of good faith.

### Eighth Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by Conn. Gen. Stat. § 33-756(e).

### Ninth Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by the business judgment rule.

### Tenth Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by their failure to mitigate damages.

### Eleventh Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by Conn. Gen. Stat. § 33-84.

### Twelfth Affirmative Defense

The claims of Plaintiffs are barred in whole or in part by Conn. Gen. Stat. § 33-675.

### Thirteenth Affirmative Defense

The claims of plaintiffs are barred in part by the provision in the articles of incorporation of Reflexite Corporation limiting the liability of members of the Board of Directors, in accordance with Conn. Gen. Stat. § 33-636(b) (4).

12418.001/401082.1

          Respectfully submitted,

          DEFENDANT
          CECIL URSPRUNG

By_____
          Edward F. Spinella
          Fed. Ct. No. ct25163
          Reid and Riege, P.C.
          One Financial Plaza
          Hartford, CT 06103
          Tel. 860-278-1150
          Fax: 860-240-1002

## CERTIFICATION

I hereby certify that on the 19 day of December, 2005 the foregoing Motion to Amend Answer and Affirmative Defenses of Defendant Cecil Ursprung were sent by first class mail, postage prepaid, to:

| | |
|---|---|
| Michael Considine, Esq. | James T. Cowdery, Esquire |
| Terence J. Gallagher, Esq. | Cowdery, Ecker & Murphy, LLC |
| Day, Berry & Howard LLP | 750 Main Street |
| One Canterbury Green | Hartford, CT 06103-2703 |
| Stamford, CT 06901 | Tel. # (860) 278-5555 |
| Tel. # (203) 977-7300 | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | *Lovetere, Baccei, Loomis,* |
| | *Patlovich, Raffay, Eio and Rowland* |

Richard M. Strassberg, Esq.
Jeffrey Alan Simes, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
Tel. # (212) 813-8800
 *Attorneys for Plaintiffs*

          _____
          Edward F. Spinella

12

12418.001/401082.1